**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CarePoint Health Systems, Inc. d/b/a Just Health Foundation<br><br>Debtor.<br><br>Tax I.D. No. 87-3706996 | Chapter 11<br>Case No. 24-12534 |
| In re:<br><br>HUMC Opco LLC d/b/a CarePoint Health-Hoboken University Medical Center,<br><br>Debtor.<br><br>Tax I.D. No. 45-2147328 | Chapter 11<br>Case No. 24-12548 |
| In re:<br><br>IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center,<br><br>Debtor.<br><br>Tax I.D. No. 26-1442063 | Chapter 11<br>Case No. 24-12551 |
| In re:<br><br>Hudson Hospital Opco LLC d/b/a CarePoint Health-Christ Hospital,<br><br>Debtor.<br><br>Tax I.D. No. 38-3870608 | Chapter 11<br>Case No. 24-12546 |
| In re:<br><br>Christ Intermediate Holdco, LLC, | Chapter 11<br>Case No. 24-12541 |

#124640578v2

Debtor.

Tax I.D. No. 47-1243376

---

In re:

Hudson Hospital Holdco, LLC,

Debtor.

Tax I.D. No. 38-3870608

Chapter 11
Case No. 24-12545

---

In re:

CH Hudson Holdco, LLC,

Debtor.

Tax I.D. No. 46-3700559

Chapter 11
Case No. 24-12540

---

In re:

Hoboken Intermediate Holdco, LLC,

Debtor.

Tax I.D. No. 47-1232105

Chapter 11
Case No. 24-12544

---

In re:

Bayonne Intermediate Holdco, LLC,

Debtor.

Tax I.D. No. 47-1227716

Chapter 11
Case No. 24-12533

---

Sequoia BMC Holdco, LLC,

Chapter 11
Case No. 24-12554

#124640578v2

Debtor.

Tax I.D. No. 32-0439812

---

In re:

IJKG, LLC,

Debtor.

Tax I.D. No. 26-1247430

Chapter 11
Case No. 24-12549

---

In re:

CarePoint Health Management Associates, LLC d/b/a CarePoint Health,

Debtor.

Tax I.D. No. 30-0803478

Chapter 11
Case No. 24-12538

---

In re:

Quality Care Associates, LLC,

Debtor.

Tax I.D. No. 47-4464710

Chapter 11
Case No. 24-12553

---

HUMC Holdco, LLC,

Debtor.

Tax I.D. No. 27-4593488

Chapter 11
Case No. 24-12547

---

In re:

CarePoint Health Management Associates Intermediate Holdco, LLC,

Chapter 11
Case No. 24-12537

| | |
|---|---|
| Debtor. | : |
| Tax I.D. No. None | : |
| In re: | : Chapter 11 |
| Briar Hill CarePoint LLC, | : Case No. 24-12536 |
| Debtor. | : |
| Tax I.D. No. 88-1641726 | x |
| In re: | : Chapter 11 |
| Evergreen Community Assets, | : Case No. 24-12542 |
| Debtor. | : |
| Tax I.D. No. 88-1641726 | x |
| In re: | : Chapter 11 |
| Benego CarePoint LLC, | : Case No. 24-12535 |
| Debtor. | : |
| Tax I.D. No. 88-1662199 | x |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF**
**CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion[1]") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) directing procedural consolidation and joint administration of the Debtors' chapter 11 cases and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 24-12534.

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CarePoint Health Systems Inc., d/b/a Just Health Foundation, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12534<br><br>(Jointly Administered) |

#124640578v2

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than CarePoint Health Systems Inc. d/b/a Just Health Foundation to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, directing joint administration for procedural purposes only of the chapter 11 cases of: CarePoint Health Systems Inc. d/b/a Just Health Foundation, Case No. 24-12534; HUMC Opco LLC d/b/a CarePoint Health-Hoboken University Medical Center, Case No. 24-12548; IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center, Case No. 24-12551; Hudson Hospital Opco LLC d/b/a CarePoint Health-Christ Hospital, Case No. 24-12546; Christ Intermediate Holdco, LLC, Case No. 24-12541; Hudson Hospital Holdco, LLC, Case No. 24-12545; CH Hudson Holdco, LLC, Case No. 24-12540; Hoboken Intermediate Holdco, LLC, Case No. 24-12544; Bayonne Intermediate Holdco, LLC, Case No. 24-12533; Sequoia BMC Holdco, LLC, Case No. 24-12554; IJKG, LLC, Case No. 24-12549; CarePoint Health Management Associates, LLC d/b/a CarePoint Health, Case No. 24-12538; Quality Care Associates, LLC, Case No. 24-12553; HUMC Holdco, LLC, Case No. 24-12547; CarePoint Health Management Associates Intermediate Holdco, LLC, Case No. 24-12537; Briar Hill CarePoint LLC, Case No. 24-12536; Evergreen Community Assets, Case No. 24-12542; and Benego CarePoint LLC, Case No. 24-12535. The docket in Case No. 24-12534 should be consulted for all matters affecting this case.

6.  The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.  Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and such notice satisfies the requirements of the Bankruptcy Rules and Local Rules.

9.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.