## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re: | Chapter 11 |
| CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1] | Case No. 24-12534 (JKS) |
|  | (Joint Administration Requested) |
| Debtors. |  |

- - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF
THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS AND (II)
ESTABLISHING PATIENT NOTICE PROCEDURES**

CarePoint Health Systems Inc., d/b/a Just Health Foundation ("CarePoint") and certain of

its affiliates as debtors and debtors in possession (collectively, the "Debtors"), by and through their

proposed counsel, Dilworth Paxson LLP, hereby submit this motion (the "Motion") for entry of

interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**,

respectively, authorizing the Debtors to file a single, consolidated list of the Debtors' thirty largest

unsecured creditors that are not insiders (the "Top 30 List") and establishing patient notice

procedures.  In support of the Motion, the Debtors rely upon the *Declaration of Shamiq Syed in*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

*Support of First Day Pleadings* (the "Second Day Declaration"), filed contemporaneously with this

Motion, and respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over these Chapter 11 Cases, the Debtors, property of the Debtors' estates and this

matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the

United States District Court for the District of Delaware, dated as of February 29, 2012. This is a

core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Rule 9013-1(f) of

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment

or order with respect to this Motion if it is determined that the Court, absent consent of the parties,

cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue of these Chapter 11 Cases in this District is proper under 28 U.S.C. §§ 1408

and 1409.

3.      The statutory bases for the relief requested in the Motion are section 521 of title 11

of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Local Rules 1007-1 and 1007-2.

## BACKGROUND

4.      On November 3, 2024 (the "Petition Date"), all Debtors except IJKG Opco, LLC

("IJKG Opco") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5.      On the Petition Date, three creditors of IJKG Opco, 29 E 29 Street Holdings, LLC,

Bayonne Medical Center Opco, LLC, and Peter Wong, MD, filed an involuntary petition against

#124658696v2

IJKG Opco under Chapter 11 of the Bankruptcy Code.  On the Petition Date, IJKG Opco filed an answer consenting to the relief requested in the involuntary petition.

6.      On the Petition Date, the Debtors filed a motion seeking joint administration of all of the Debtors' Chapter 11 Cases, including IJKG Opco.

7.      The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, subject to that certain Collateral Surrender and Operations Transfer Agreement.  No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases.

8.      Additional factual background regarding the Debtors, including their business operations, capital structure and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the First Day Declaration, which is fully incorporated into this Motion by reference.

## RELIEF REQUESTED

9.      By this Motion, pursuant to section 521 of the Bankruptcy Code, Bankruptcy Rule 1007, and Local Rules 1007-1 and 1007-2, the Debtors request entry of interim and final orders, (a) authorizing the Debtors to file a single, consolidated Top 30 List in lieu of a list of the largest twenty unsecured creditors for each individual Debtor, and (b) establishing patient notice procedures.

## BASIS FOR RELIEF

**I.      Ample Cause Exists to Authorize the Debtors to File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors.**

10.      Local Rule 1007-2(a) allows the Debtors to file a consolidated list of creditors, as the Debtors are required to retain a claims and noticing agent under Local Ruel 2001-(f).  The

3

Debtors have identified over 2000 entities and individuals to which notice of certain matters in these Chapter 11 Cases must be provided.

11.     Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the twenty largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).  This list primarily is used by the U.S. Trustee to evaluate the types and amounts of unsecured claims against a debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case under section 1102 of the Bankruptcy Code. *See, e.g., In re Dandy Doughboy Donuts, Inc*., 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by this provision in the rules is to enable the [U. S. Trustee] to identify members and ... to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(l)."); 9 *Collier on Bankruptcy* ¶ 1007.04 (16th ed. 2018) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

12.     The Debtors request authority to file a consolidated Top 30 List of creditors holding the thirty largest unsecured claims. Because the Debtors which are operating entities each operate hospitals in the same region, many creditors are shared among certain of the Debtors, and the individual lists for certain Debtors would overlap.  As separate lists for each Debtor would overlap, and certain of the Debtors may have fewer than thirty separate identifiable unsecured creditors, the Debtors submit that filing separate lists would be of limited utility. In addition, given that the Debtors comprise multiple individual entities, the exercise of compiling separate lists for each individual Debtor would consume an excessive amount of the Debtors' and their advisors' limited

time and resources. Further, the Debtors believe a single, consolidated Top 30 List of unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.

13.     Accordingly, the Debtors submit that filing the Top 30 List is necessary for the efficient and orderly administration of these Chapter 11 Cases, appropriate under the facts and circumstances present here, consistent with the applicable provisions of the Local Rules, and in the best interests of the Debtors' estates.

**II.     Ample Cause Exists to Establish Patient Notice Procedures.**

14.     Pursuant to sections 102 and 105(a) of the Bankruptcy Code and the applicable Bankruptcy Rules, the Debtors request that the Court adopt specific notice procedures related to the notification of current and former patients of the Debtors. In particular, the Debtors request authority to serve a Notice of Commencement of Case, substantially in the form of Official Form 309F, via regular mail, on all current patients and all patients of the Debtors who received medical treatment on or after November 1, 2022, as soon as practicable following the entry of an order granting this Motion.  Such notice to patients will indicate that they are receiving the notice as patients, and that they can obtain further information regarding the bankruptcy cases, including claims bar date information, on the Court's PACER system or the website maintained by the claims agent regarding these cases.

15.     No other filings shall be served on current and former patients, except that patients that (i) are listed in the Schedules of the Debtors, (ii) file a proof of claim, or (iii) file a notice of appearance shall be served in accordance with the Bankruptcy Code and Bankruptcy Rules or as otherwise ordered by this Court.

16.     Although it is possible for the Debtors to identify which creditors have asserted claims against the Debtors, it is impracticable for them to identify former patients that may have unknown claims that have not yet manifested. Providing individual notice to every current and

former patient of the Debtors from the past two years as a creditor or party in interest would be impractical and unnecessarily expensive given that the Debtors have seen tens of thousands of patients in that period.

17.     The Debtors therefore believe that it is in the best interests of the Debtors' estates and all creditors and other interested parties to adopt the foregoing patient notice procedures.

## NOTICE

18.     This Motion has been served upon (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service; (c) the thirty (30) largest unsecured creditors on a consolidated basis; (d) the New Jersey Department of Health; (e) Capitala, Maple, and Bayonne Medical Center Opco, LLC; and (f) other parties as set forth in the accompanying Certificate of Service. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

#124658696v2

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter the interim order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion, (ii) schedule a final hearing on the Motion and thereafter enter the final order substantially in the form attached hereto as **Exhibit B**, and (iii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: November 3, 2024              **DILWORTH PAXSON LLP**

/s/ Peter C. Hughes
Peter C. Hughes (DE 4180)
800 N. King Street, Suite 202
Wilmington, DE 19801
Telephone:      302-571-9800
Facsimile:      302-571-8875
Email:          phughes@dilworthlaw.com

                 and
/s/ Jack Small
Lawrence G. McMichael (*pro hac vice* pending)
Peter C. Hughes (DE 4180)
Anne M. Aaronson (*pro hac* vice pending)
Jack Small (*pro hac vice* pending)
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:      (215) 575-7000
Facsimile:      (215) 754-4603
Email:          lmcmichael@dilworthlaw.com
Email:          phughes@dilworthlaw.com
Email:          aaaronson@dilworthlaw.com
Email:          jsmall@dilworthlaw.com

*Proposed Counsel for the Debtors*

#124658696v2