## Exhibit A

**(Proposed Interim Order)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                           : Chapter 11
                                                 :
CarePoint Health Systems Inc. d/b/a Just Health  : Case No. 24-12534 (JKS)
Foundation, et al.,[1]                           :
                                                 : (Joint Administration Requested)
                                                 :
                    Debtors.                     : **Re: D.I. _____**
- - - - - - - - - - - - - - - - - - - - - - - - - x


**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS AND (II) ESTABLISHING PATIENT NOTICE PROCEDURES**

This matter coming before this Court upon the motion (the "<u>Motion</u>"),[2] filed by the above-captioned debtors (collectively, the "<u>Debtors</u>") for entry of an interim order (this "<u>Interim Order</u>") (a) authorizing the Debtors to file a single, consolidated Top 30 List and (b) establish patient notice procedures, all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, (ii) this Court may enter a final

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Capitalized terms not otherwise defined in this Interim Order shall have the meanings set forth in the Motion.

order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Interim Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED, on an interim basis, as set forth in this Interim Order.

2.      The Debtors are authorized to file a single, consolidated Top 30 List in lieu of each Debtor filing a list of its twenty largest unsecured creditors.

3.      The Debtors shall serve a Notice of Commencement of Case, substantially in the form of Official Form 309F, via regular mail, on all current patients of the Debtors and all patients of the Debtors who received medical treatment at a facility operated by any of the Debtors on or after November 1, 2022 as soon as practicable following the entry of an order granting this Motion.

4.      No other filings shall be served on current or former patients, except that patients that (i) are listed in the Schedules of the Debtors, (ii) file a proof of claim, or (iii) file a notice of

#124658696v2

appearance in these cases shall be served in accordance with the Bankruptcy Code and Bankruptcy Rules or as otherwise ordered by this Court.

5.      The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on **_____, 2024 at ___:___ __.m. (prevailing Eastern Time).** Any objections or responses to entry of a final order on the Motion (each, an "<u>Objection</u>") shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on _____, 2024**, and served on the following parties: (a) proposed counsel for the Debtors, Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, PA 19102 (Attn: Lawrence G. Michael, Esq. [lmcmichael@dilworthlaw.com]; Peter C. Hughes, Esq. [phughes@dilworthlaw.com]; Anne M. Aaronson, Esq. [aaaronson@dilworthlaw.com]; Jack Small, Esq. [jsmall@dilworthlaw.com]); (b) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 (<u>Attn</u>.: Jane M. Leamy, Esq. [jane.m.leamy@usdoj.gov]); (c) counsel to the Bayonne Medical Center Opco, LLC; and (d) counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases. In the event no Objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

6.      Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Interim Order shall be immediately effective and enforceable upon its entry.

7.      The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Interim Order.

#124658696v2