**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12534 (JKS)<br><br>(Joint Administration Requested)<br><br>**Objection Deadline: TBD**<br><br>**Hearing: TBD** |

**APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY DILWORTH PAXSON LLP AS COUNSEL, EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit E** (the "Proposed Order") (i) authorizing the Debtors to retain and employ Dilworth Paxson LLP ("Dilworth") as counsel to the Debtors, effective as of the Petition Date (defined below) and (ii) granting related relief. In support of this Application, the Debtors submit (a) the *Declaration of Peter C. Hughes* (the "Hughes Declaration"), a copy of which is

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

attached to this Application as **Exhibit A** and incorporated in this Application by reference, (b) Dilworth's Disclosure of Compensation (the "Disclosure of Compensation"), a copy of which is attached to this Application as **Exhibit B** and incorporated by reference, (c) the *Declaration of Shamiq Syed* (the "Syed Declaration"), a copy of which is attached to this Application as **Exhibit C**, and (d) the *Declaration of Shamiq Syed in Support of First Day Pleadings* (the "First Day Declaration"),[2] filed on the Petition Date (as defined below). In further support of this Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Chapter 11 Cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested by this Application are sections 327(a), 328(a), and 329(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a),

---

[2] Capitalized terms used but not otherwise defined in this Application shall have the meanings ascribed to them in the First Day Declaration.

2

2016(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4. On November 3, 2024 (the "Petition Date"), all Debtors except IJKG Opco, LLC ("IJKG Opco") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. On the Petition Date, three creditors of IJKG Opco, 29 E 29 Street Holdings, LLC, Bayonne Medical Center Opco, LLC, and Peter Wong, MD, filed an involuntary petition against IJKG Opco under Chapter 11 of the Bankruptcy Code. On the Petition Date, IJKG Opco filed an answer consenting to the relief requested in the involuntary petition.

6. On the Petition Date, the Debtors filed a motion seeking joint administration of all of the Debtors' Chapter 11 Cases, including IJKG Opco.

7. The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, subject to that certain Collateral Surrender and Operations Transfer Agreement. No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases.

8. Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the First Day Declaration, which is fully incorporated in this Motion by reference.

## RELIEF REQUESTED

9. By this Application, the Debtors seek the entry of an order authorizing them to retain and employ Dilworth as counsel in these Chapter 11 Cases to represent the Debtors in all aspects of these Chapter 11 Cases, effective as of the Petition Date. Because of the time required

3

to file multiple first day motions, the Application has been filed one day after the Petition Date and approval as of the Petition Date is therefore appropriate.

## DILWORTH'S QUALIFICATIONS

10. Dilworth is well qualified to serve as Debtors' counsel in these Chapter 11 Cases. Dilworth has substantial experience in bankruptcy and restructuring, insolvency, corporate, mergers and acquisitions, corporate governance, litigation and other issues likely to arise in connection with these bankruptcy cases.

11. Dilworth's bankruptcy and insolvency group is one of the largest bankruptcy debtor and creditor rights and insolvency groups in the Philadelphia region and provides an array of services to assist financially distressed businesses and their creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances. Dilworth's lawyers have played significant roles in many substantial cases under the Bankruptcy Code, including, among others, the Chapter 11 Cases of the following entities and certain of their affiliates: The National Museum of American Jewish History, the Philadelphia Orchestra, the Please Touch Museum, Wordsworth Academy, the publisher of the Philadelphia Inquirer and Philadelphia Daily News, and Prestige Industries, LLC.

12. Dilworth is familiar with the Debtors' business through Dilworth's prepetition representation of the Debtors. Dilworth has assisted the Debtors prepetition with respect to litigation matters and in the preparation of pleadings related to this bankruptcy case. As a result, Dilworth has become familiar with the Debtors' business since its engagement to provide legal services. Indeed, through Dilworth's engagement, Dilworth has developed substantial knowledge regarding the Debtors that will result in effective and efficient services in these Chapter 11 Cases.

13. Dilworth's engagement letter with respect to restructuring issues, dated as of October 10, 2024 (the "Engagement Letter") is attached to this Application as **Exhibit D**.

## SERVICES TO BE PROVIDED

14. The Debtors anticipate that Dilworth will render general legal services to the Debtors as needed throughout the course of these Chapter 11 Cases, including without limitation, advice relating to bankruptcy, corporate, employee benefits, labor and employment, litigation, real estate, and tax issues, certain of which will be provided in coordination with any special counsel. In particular, the Debtors anticipate that Dilworth will perform, among others, the following legal services:

(a) advise the Debtors of their rights, powers and duties as debtors and debtors in possession, while operating and managing their respective businesses and properties under chapter 11 of the Bankruptcy Code;

(b) prepare on behalf of the Debtors all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules and other documents, and reviewing all financial and other reports to be filed in these Chapter 11 Cases;

(c) advise the Debtors concerning and prepare responses to, applications, motions, other pleadings, notices and other papers that may be filed by other parties in these Chapter 11 Cases;

(d) advise the Debtors with respect to, and assist in the negotiation and documentation relating to the negotiation and consummation of transactions contemplated under a Chapter 11 Plan;

(e) advise the Debtors regarding actions to collect and recover property for the benefit of their estates;

(f) advise the Debtors concerning executory contract and unexpired lease assumptions and assignments and rejections;

(g) assist the Debtors in reviewing, estimating and resolving claims asserted against the Debtors' estates;

(h) assist the Debtors in complying with applicable laws and governmental regulations;

(i) commence and conduct litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates or otherwise further the goals of the Debtors in these Chapter 11 Cases; and

  (j)  provide non-bankruptcy services for the Debtors to the extent requested by the Debtors.

15. The Debtors may also retain one or more law firms as special counsel under section 327(e) of the Bankruptcy Code to assist in other matters. The Debtors will take special care to ensure that Dilworth's services will complement, and not duplicate, the services of any such firms. Dilworth will use reasonable efforts to coordinate with the Debtors and other professionals retained in these Chapter 11 Cases to avoid unnecessary duplication.

16. The Debtors require knowledgeable counsel to render these essential professional services. As noted above, Dilworth has substantial expertise in all of these areas. Moreover, as also indicated above, Dilworth has obtained valuable institutional knowledge of the Debtors' business and financial affairs through its representation of the Debtors prior to the Petition Date, in connection with the Debtors' restructuring efforts.

17. Accordingly, the Debtors respectfully submit that Dilworth is well qualified to perform these services and represent the Debtors' interests in these Chapter 11 Cases.

## DILWORTH'S COMPENSATION

18. Subject to the Court's approval of this Application, Dilworth intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date the services are rendered, and (b) seek reimbursement of actual and necessary out-of-pocket expenses. The names, positions, and current hourly rates of the Dilworth lawyers and paraprofessionals currently expected to have primary responsibility for providing services to the Debtors are set forth in the Hughes Declaration. Dilworth's hourly rates may change from time to time (typically effective as of January 1st of each year) in accordance with Dilworth's established billing practices and procedures. Compensating Dilworth on an hourly basis is

consistent with section 328(a) of the Bankruptcy Code. The Debtors believe that Dilworth's hourly rates and terms of engagement are appropriate, fair, and reasonable.

19.     Dilworth will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above. Dilworth intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any additional procedures that have been or may be established by the Court in these Chapter 11 Cases. Dilworth will use reasonable efforts to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, issued by the Executive Office of the United States Trustee (the "U.S. Trustee Guidelines"). Dilworth has agreed to accept as compensation such sums as may be allowed by the Court. Dilworth understands that interim and final fee awards are subject to approval by the Court.

## DISCLOSURE CONCERNING CONFLICTS OF INTEREST

20.     In reliance on the Hughes Declaration, the Debtors believe that, except as set forth in the Hughes Declaration: (a) Dilworth has no connection with the Debtors, their creditors, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants; (b) Dilworth is not a creditor, equity security holder, or insider of the Debtors; (c) Dilworth is not and was not, within two years of the Petition Date, a director, officer, or employee of the Debtors; and (d) Dilworth does not have an interest materially adverse to the Debtors, their respective estates, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason. Accordingly, the Debtors believe that Dilworth is

7

a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

21.     Dilworth intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Dilworth also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and any interim and final fee applications to be filed by Dilworth in these Chapter 11 Cases.[3]

22.     The following information is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Guidelines:

| | |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Response:** | No. The hourly rates set forth in the Disclosure of Compensation are Dilworth's standard hourly rates. |
| **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Response:** | No. |
| **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, |

---

[3] Among other things, the U.S. Trustee Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 327 and compensation under section 330 of the Bankruptcy Code. As the U.S. Trustee Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority." While the Debtors and Dilworth intend to work cooperatively with the U.S. Trustee, the Debtors and Dilworth reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for employment or compensation in these Chapter 11 Cases.

#124672231v2

|  |  |
|---|---|
|  | including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| **Response:** | Prior to the Petition Date, Dilworth provided services to the Debtors unrelated to these Chapter 11 Cases as well as services related to preparation for the Chapter 11 filing. For work performed pursuant to Dilworth's engagement, Dilworth charged its standard hourly rates, which are substantially similar to the billing rates and financial terms that Dilworth intends to charge for postpetition work, provided that Dilworth's rates were adjusted effective January 1, 2024. Such annual adjustment of rates as of January 1 of each year is Dilworth's custom. Dilworth has not agreed to cap its fees for postpetition services. |
| **Question:** | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |
| **Response:** | The Debtors have provided an estimated budget pursuant to their DIP Financing budget, recognizing that in the course of large chapter 11 cases, unforeseeable issues resulting in unanticipated fees and expenses may arise that will need to be addressed by the Debtors and Dilworth. Dilworth intends to provide an appropriate staffing plan to the Debtors. |

## NOTICE

23.     This Motion has been served upon (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service; (c) the thirty (30) largest unsecured creditors on a consolidated basis; (d) the New Jersey Department of Health; (e) Capitala, Maple, and Bayonne Medical Center Opco, LLC; and (f) other parties as set forth in the accompanying Certificate of Service. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter an order, substantially in the form attached to this Application as **Exhibit E**, granting the relief requested in this Application and (ii) grant such other and further relief as the Court may deem proper.

Dated: November 3, 2024                              **CarePoint Health Systems, Inc.**

                                                By:   */s/ Shamiq Syed*

                                                                                                                           _____

Name: Shamiq Syed
Title: Chief Financial Officer
On behalf of each of the Debtors

#124672231v2