**EXHIBIT B**

Compensation Disclosure

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12534 (JKS)<br><br>(Joint Administration Requested) |

**DISCLOSURE OF COMPENSATION OF DILWORTH PAXSON LLP**

Pursuant to section 329(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Peter C. Hughes certifies as follows:

1.  I, Peter C. Hughes, am a partner in the law firm Dilworth Paxson LLP ("Dilworth" or the "Firm"), located at, among other locations, 1500 Market Street, Suite 3500E, Philadelphia, PA 19102, and 800 King Street, Suite 202, Wilmington, DE 19801, and am duly authorized to make this Disclosure of Compensation on behalf of Dilworth in connection with the *Application*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

3

*of the Debtors for Entry of an Order (I) Authorizing the Debtors to Retain and Employ Dilworth Paxson LLP as Counsel, Effective as of the Petition Date and (II) Granting Related Relief* ("Application").[2] The facts set forth in this Disclosure are personally known to me and, if called as a witness, I could and would testify thereto.

2. Dilworth has represented the Debtors with respect to litigation matters and with respect to restructuring issues.

3. On October 10, 2024, Dilworth and the Debtors entered into an engagement letter (the "Engagement Letter") with respect to restructuring issues.

4. In the 90 days prior to the Petition Date, Dilworth received aggregate payments including retainer amounts in the sum of $1,505,570.00 for its prepetition services and expenses incurred for or on behalf of the Debtors in connection with the preparation and commencement of these Chapter 11 Cases and other matters. The source of all payments was the Debtors. A list of all payments received by Dilworth in the 90-day period for services rendered is set forth on **Schedule 1** to this Disclosure.

5. On October 18, 2024, in anticipation of a possible filing of the bankruptcy cases on October 20, 2024, the Debtors attempted to wire $250,000 to Ankura Consulting Services but encountered technical difficulties and were unable to wire the funds. To facilitate the transfer of funds before the expected filing date, the Debtors wired the funds to Dilworth so that Dilworth could wire the funds to Ankura. Dilworth initiated a wire of the funds to Ankura on October 21, 2024. For the same reason, Dilworth received a payment on October 25, 2024 in the amount of $75,000 which was then wired to Ankura, and Dilworth received a payment on November 1, 2024 in the amount of $125,000 and Dilworth initiated a wire to Ankura in that amount on November

---

[2] Capitalized terms not otherwise defined in this Disclosure have the meanings given to them in the Application.

1, 2024. Such funds were transferred by the Debtors to Dilworth solely that it could help complete the transfers to Ankura, so these payments are not included in the list of payments set forth on Schedule 1.

6. Dilworth has applied the payments received to pay the accrued fees for services performed and expenses incurred through the Petition Date (the "Prepetition Services Payments"). The Prepetition Services Payments included actual fees and expenses that had been incurred and recorded on Dilworth's billing system as well as an estimate of fees and expenses to be incurred through the Petition Date, but not yet recorded on Dilworth's billing system. As a result of the Prepetition Services Payments, including for the estimated fees and expenses through the Petition Date, and waiver of any additional fees and expenses incurred prior to the Petition Date, all fees and expenses due to Dilworth for the period prior to the Petition Date were paid in full or otherwise waived and Dilworth holds no prepetition claims against the Debtors.

7. After application of the Prepetition Services Payments, Dilworth will not have any excess funds remaining. Details regarding a final reconciliation will be included in Dilworth's first application for interim compensation or final application, as applicable.

8. Dilworth acknowledges that all amounts paid to Dilworth during the pendency of these cases are subject to final allowance by the Court.

9. In the 90 days prior to the Petition Date, Dilworth did not receive any other payments from the Debtors other than those described in this Disclosure. Additionally, as discussed above, Dilworth has agreed to waive any claim for any amounts outstanding due and owing to Dilworth by the Debtors incurred prior to the Petition Date. Accordingly, as of the Petition Date, there are no outstanding amounts owed by the Debtors to Dilworth.

#124672231v2

10. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Dilworth, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' Chapter 11 Cases, other than as permitted by the Bankruptcy Code.

11. Dilworth has not agreed to share compensation received in connection with these Chapter 11 Cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Dilworth's partners.

Executed on November 4, 2024

By: */s/ Peter C. Hughes*
Peter C. Hughes
Partner, Dilworth Paxson LLP

## SCHEDULE 1

| Date | Check # | Amount | Nature | Applied to Invoice Dated |
|---|---|---|---|---|
| 8/30/2024 | Wire | $150,000.00 | Payment | 7/26/24 |
| 9/6/2024 | Wire | $50,000.00 | Payment | 8/16/24 |
| 9/13/2024 | Wire | $120,000.00 | Payment | 8/16/24 |
| 9/13/2024 | Wire | $30,000.00 | Retainer | 9/17/24 |
| 10/7/2024 | Wire | $250,000.00 | Payment | 9/17/24 |
| 10/11/2024 | Wire | $150,000.00 | Payment | 10/9/24 and 10/11/24 |
| 10/17/2024 | Wire | $250,000.00 | Payment | 10/11/24 and 10/17/24 |
| 10/18/2024 | Wire | $257,000.00 | Payment ($177,000) | 10/17/24 |
| | | | Retainer ($80,000) | 10/21/24 |
| 10/18/2024 | Wire | $34,000.00 | Retainer | To be applied to final prepetition invoice |
| 10/25/2024 | Wire | $85,000.00 | Retainer | 10/28/24 |
| 10/25/2024 | Wire | $4,570.00 | Payment | 10/24/24 |
| 11/1/2024 | Wire | $68,170.09 | Payment | 10/28/24 |
| 11/1/2024 | Wire | $56,829.91 | Retainer | To be applied to final prepetition invoice |