3

**EXHIBIT E**

**Proposed Order**

#124672231v2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12534 (JKS)<br><br>(Joint Administration Requested)<br><br>Re D.I.: ___ |

**ORDER GRANTING APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY DILWORTH PAXSON LLP AS COUNSEL, EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

This matter coming before this Court on the application (the "Application"),[2] filed by the above-captioned debtors (the "Debtors") for entry of an order (this "Order"), (i) authorizing the Debtors to retain and employ Dilworth Paxson LLP ("Dilworth") as counsel, effective as of the Petition Date and (ii) granting related relief; all as further described in the Application; and upon consideration of the First Day Declaration, the Hughes Declaration and the Disclosure of Compensation, and the Syed Declaration; the Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Application and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Capitalized terms not otherwise defined in this Order have the meanings given to them in the Application.

#124672231v2

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this is a core proceeding under 28 U.S.C. § 157(b), (iii) venue of this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409, and (iv) notice of this Application and any hearing on the Application was appropriate under the circumstances and (v) no further or other notice of the Application is required under the circumstances; and this Court having reviewed the Application and having heard the statements in support of the relief requested in the Application at any hearing before this Court; and (vi) Dilworth is a "disinterested person," as defined in Section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code in that (A) Dilworth has no connection with the Debtors, their creditors, the United States Trustee for the District of Delaware, any person employed by the Office of the United States Trustee for the District of Delaware or any party with an actual or potential interest in these Chapter 11 Cases or their respective attorneys or accountants, except as set forth in the Hughes Declaration, (B) Dilworth is not a creditor, equity security holder or insider of the Debtors, (C) Dilworth is not and was not, within two years of the Petition Date, a director, officer or employee of the Debtors, and (D) Dilworth neither has nor represents an interest adverse to the interests of the estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and the Court having determined that the legal and factual bases set forth in the Application, the First Day Declaration, the Hughes Declaration, the Syed Declaration, and any hearing on the Application, establish just cause for the relief granted in this Order, and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

2

3

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED, as set forth in this Order.

2. The Debtors are authorized to retain and employ Dilworth Paxson LLP ("<u>Dilworth</u>") as their counsel in these Chapter 11 Cases, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, on the terms and conditions set forth in the Application, effective as of the Petition Date.

3. Dilworth shall apply for and may be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders or procedures of this Court.

4. To the extent that this Order is inconsistent with the Application or the Engagement Letter, the terms of this Order shall govern.

5. Notwithstanding anything in the Application, Hughes Declaration or the Syed Declaration to the contrary, Dilworth shall, to the extent that Dilworth uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, (a) pass through the cost of such Contractors to the Debtors at the same rate that Dilworth pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflicts checks as required for Dilworth; and (d) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

6. Notwithstanding anything in the Application, the Hughes Declaration or the Engagement Letter to the contrary, Local Rule 2016-2(e)(iii) governs the cost of photocopying in connection with Dilworth's services pursuant to the Application and this Order.

7. Notwithstanding anything in the Application, the Hughes Declaration or the Engagement Letter to the contrary, the portions of the Engagement Letter and its attached terms

4

and conditions relating to Conflicts of Interest and Arbitration of Disputes have no force or effect for Dilworth's services pursuant to the Application and this Order.

8. To the extent that this Order is inconsistent with the Application or the Engagement Letter, the terms of this Order shall govern.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.