# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CarePoint Health Systems, Inc., d/b/a Just Health Foundation, et al., | Case No. 24-12534 (JKS) |
| | Joint Administration Requested |
| Debtors[1]. | **Re D.I. 10, 11** |

## INTERIM ORDER AUTHORIZING DEBTORS TO POSTPETITION FINANCING

Upon the following motions dated November 3, 2024:

1. Motion of CarePoint Health Systems, Inc. for Entry of Interim and Final Orders: (I) Authorizing Debtors to Obtain Temporary and Permanent Post-Petition Financing from Bayonne Medical Center Opco, LLC Pursuant to Sections 363 and 364 of the Bankruptcy Code; (II) Granting Administrative Priority Claims to DIP Lender Pursuant to Section 364 of the Bankruptcy Code; (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay to Implement the Terms of the DIP Order; and (V) Authorizing Debtors to Use Cash Collateral [Dkt 10] ("**HUMC DIP Motion**"); and

2. Motion of IJKG Opco, LLC and IJKG, LLC for Entry of Interim and Final Orders; (I) Authorizing IJKG Opco, LLC and IJKG, LLC to Obtain Temporary and Permanent Post-Petition Financing from Bayonne Medical Center Opco, LLC Pursuant to Sections 363 and 364 of the Bankruptcy Code; (II) Granting Administrative Priority Claims to DIP Lender Pursuant to Section 364 of the Bankruptcy Code; (III) Modifying the Automatic Stay to Implement the Terms of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

the DIP Order; and (IV) Authorizing the Use of Cash Collateral [Dkt. 11] ("**Bayonne DIP Motion**" and collectively with the HUMC DIP Motion the "**DIP Motions**");

the initial hearing on the DIP Motions having been held by this Court on November 6, 2024 (the "**Interim Hearing**"); it appearing that due and appropriate notice of the Motion, the relief requested therein, and the Interim Hearing (the "**Notice**") being appropriate, upon the record made by the Debtors at the Interim Hearing, and the filings and pleadings in the Cases, and good and sufficient cause appearing therefor, and the Debtors requiring immediate DIP financing to fund payroll, and it appearing Debtors have an immediate need to obtain the post-petition financing in order to avoid irreparable harm, and sufficient cause exists for immediate entry of this Order pursuant to Bankruptcy Rule 4001(c)(2), and objections to the DIP Motions being reserved and can be presented at the hearing scheduled for **November 8, 2024** at **10:00 a.m.** (E.T.) (the "**Adjourned Interim Hearing**"), and after due consideration and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

Section I.    Authorization and Conditions to Financing.

1. Limited Relief Granted. The DIP Motions are granted to the limited extent set forth herein.

2. Authorization to Borrow and Use Loan Proceeds On Limited Basis. The Debtors are hereby authorized and empowered to immediately borrow and obtain DIP Loans from Bayonne Medical Opco, LLC ("**DIP Lender**") referenced in the DIP Motions during the period commencing on the date of this Interim Order through and including the date of the Adjourned Interim Hearing in the following amounts: $2 million for payroll for HUMC Opco, LLC and $1 million for payroll for IJKG Opco LLC (collectively, the "**Interim DIP Loans**").

3.  Post-Petition Lien.

a.  Post-Petition Lien Granting. Except as otherwise set forth in this Order, and in consideration of the DIP Lender's making of Interim DIP Loans, and to the extent of the Interim DIP Loans, pursuant to sections 361, 362, 364(c)(2), 364(c)(3) and 364(d)(1) of the Bankruptcy Code, effective immediately upon the entry of this Interim Order, the DIP Lender is hereby granted first priority senior liens on: (i) the Collateral as that term is defined in the DIP Credit Agreement as defined in the HUMC DIP Motion, and only as to the obligors under that DIP Credit Agreement provided that such liens shall be pari passu and attach only to such Collateral as further set forth in the DIP Intercreditor Agreement as defined in the HUMC DIP Motion, and (ii) the Collateral as that term is defined in the Bayonne DIP Agreement as defined in the Bayonne DIP Motion, and only as to those obligors under that Bayonne DIP Agreement (and collectively with the DIP Credit Agreement, the "**Debtors' DIP Credit Agreements**") (collectively, "**DIP Liens**"), which liens are subject to permitted liens as referenced in the Debtors' DIP Credit Agreements and for avoidance of doubt, subject to existing equipment liens, and the cash collateral liens of IDB Bank or its affiliates including without limitation their liens on any of the Debtors' accounts identified in the Debtors' cash management motion [Dlt 7] (collectively, "**Permitted Liens**"), which DIP Liens constitute priming, first priority, continuing, valid, binding, enforceable, non-avoidable, and automatically perfected post-petition security interests and liens senior and superior in priority to all other secured and unsecured creditors of the Debtors' estates, subject to further order of the Court, and subject to the Permitted Liens.   Nothing contained in this Order including, but not limited to, the DIP Liens granted to the DIP Lender herein, shall in any way attach to, impact,

impair, encumber, prime, or otherwise affect (i) any equipment or other property leased by Med One Capital Funding, LLC ("**Med One**") or Mazuma Capital Corp. ("**Mazuma**") to the Debtors, or any of them, or (ii) any equipment or other property of the Debtors, or any of them, in which Med One or Mazuma has a valid and properly perfected security interest in and/or lien on such property. Except as otherwise expressly set forth herein, Med One and Mazuma reserve all their respective rights under 11 U.S.C. §§ 361, 362, 363, and 364 including, but not limited to, any objections presented by counsel for Med One and Mazuma at or in connection with the Interim Hearing.

    b. <u>Post-Petition Lien Perfection</u>. This Interim Order shall be sufficient and conclusive evidence of the priority, perfection and validity of the post-petition liens and security interests granted herein to the DIP Lender, effective as of the Petition Date, without any further act and without regard to any other federal, state or local requirements or law requiring notice, filing, registration, recording or possession of the DIP Collateral, or other act to validate or perfect such security interest or lien (a "**<u>Perfection Act</u>**").

  4. <u>Adequate Protection.</u>

    i. <u>Adequate Protection</u>. As adequate protection for the aggregate diminution in the value of the interests of existing secured creditors, existing secured creditors shall have replacement security interests in and liens on all DIP Collateral in the same priority as those parties enjoyed prior to the Petition Date, which security interests and liens shall be junior to the DIP Liens on such DIP Collateral (other than as contemplated in the DIP Intercreditor Agreement as defined in the HUMC DIP Motion (collectively, the "<u>Adequate Protection Liens</u>").

  Section VI. <u>Adjourned Interim Hearing.</u>

5. Further relief sought pursuant to the DIP Motions shall be heard on the Adjourned Interim Hearing.

6. This Order is without prejudice to any interested parties' rights, objections, or opposition to the DIP Motions, and all rights and arguments in opposition to such motions are reserved and preserved pending the Adjourned Interim Hearing.

**Dated: November 7th, 2024**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

#12467454v2
4858-3061-0678, v. 2