## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re:

CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]

        Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

x : : : : : : : : : : : x

Chapter 11

Case No. 24-12534

(Jointly Administered)

**Objection Deadline: December 3, 2024 at 4:00 p.m. (EST)**
**Hearing: December 10, 2024 at 10:30 a.m.**

---

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS; AND (II) GRANTING RELATED RELIEF

The above-captioned debtors (collectively, the "Debtors") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure, and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (i)

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center.  The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

establishing procedures for interim compensation and reimbursement of expenses of professionals in these Chapter 11 Cases, and (ii) granting related relief.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Chapter 11 Cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested by this Application are sections 327(a), 328(a), and 329(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On November 3, 2024 (the "Petition Date"), all Debtors except IJKG Opco, LLC ("IJKG Opco") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5.      On the Petition Date, three creditors of IJKG Opco, 29 E 29 Street Holdings, LLC, Bayonne Medical Center Opco, LLC, and Peter Wong, MD, filed an involuntary petition against

IJKG Opco under Chapter 11 of the Bankruptcy Code.  On the Petition Date, IJKG Opco filed an answer consenting to the relief requested in the involuntary petition.

6.      On November 6, 2024, the Court entered an order authorizing the joint administration of the Chapter 11 Cases of each Debtor.  [D.I. 80].

7.      A description of the Debtors' reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Declaration. [D.I. 23].

8.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, subject to that certain Collateral Surrender and Operations Transfer Agreement. As of the date hereof, an official committee of unsecured creditors has been appointed in the Debtors' Chapter 11 Cases.

9.      The Debtors have filed applications to retain and employ: (a) Dilworth Paxson LLP ("Dilworth Paxson") as bankruptcy counsel; (b) Ankura Consulting Group, LLC ("Ankura") as financial advisor; and (c) Epiq Corporate Restructuring, LLC ("Epiq") as administrative advisor. The Debtors may seek to retain other professionals in the Chapter 11 Cases under Section 327 of the Bankruptcy Code, and such professionals would likewise be subject to the Compensation Procedures set forth in this Motion.  In addition, the Unsecured Creditors' Committee may file applications to retain counsel or other professionals in connection with the Chapter 11 Cases (collectively, with Dilworth Paxson, Ankura, Epiq and any other professionals retained in connection with the Chapter 11 Cases, the "Retained Professionals"),

**RELIEF REQUESTED**

10.     By this Motion, pursuant to Sections 105(a) and 331 of the Bankruptcy Code, the Debtors request entry of the Proposed Order establishing procedures for the allowance and payment of compensation and reimbursement of expenses for the Retained Professionals.  The

Debtors submit that entry of the Proposed Order would enable the Court, the Office of the United States Trustee (the "U.S. Trustee"), and all other interested parties to effectively monitor the fees and expenses incurred by the Retained Professionals in the Chapter 11 Cases.

## THE PROPOSED COMPENSATION PROCEDURES

11.     The Debtors propose that, except as otherwise provided in any order of the Court authorizing the retention of a particular Retained Professional, the Retained Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following proposed Compensation Procedures:

a)  On or after the fourteenth (14th) day of each calendar month following the month for which compensation is sought, each Retained Professional seeking allowance of its monthly fees and expenses may file an application (including the relevant time entry, description, and expense detail) with the Court pursuant to Section 331 of the Bankruptcy Code for allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Monthly Fee Application"), and serve a copy of such Monthly Fee Application by first class mail or email on the following parties (collectively, the "Notice Parties"): (i) proposed counsel to the Debtors, Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, Pennsylvania 19102 (Attn: Lawrence G. McMichael, Peter C. Hughes, Anne M. Aaronson, and Jack Small  (emails: lmcmichael@dilworthlaw.com,  phughes@dilworthlaw.com, aaaronson@dilworthlaw.com, and jsmall@dilworthlaw.com)); (ii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801;  (iii) counsel to Bayonne Medical Center Opco, LLC, Mandelbaum Barrett PC, 3 Becker Farm Road, Roseland, NJ 07068 (Attn: Mohamed Nablusi, Vincent Roldan, and Mason Allen [emails: mnablusi@mblawfirm.com, vroldan@mblawfirm.com, mallen@mblawfirm.com]);   and (iv) counsel to any statutory committee appointed in the Chapter 11 Cases.  Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently file a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months.  Any party in interest that desires to receive copies of the Monthly Fee Applications by electronic delivery may submit a written request to the Debtors' counsel.

b)  All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.  The first Monthly Fee Application submitted by each Retained Professional shall cover the period from the Petition Date through and

including November 30, 2024, unless later submitted as a consolidated Monthly Fee Application.

c)   Each Notice Party will have twenty-one days (21) days after service of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (d) below.   Upon the expiration of the Objection Deadline, each Retained Professional may file with the Court a Certificate of No Objection ("CNO"), as appropriate, with respect to the unopposed portion of its fees and expenses requested in its Monthly Fee Application.   After a CNO is filed, the Debtors are authorized to pay the applicable Retained Professional an amount (the "Actual Amount") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") or (ii) 80% of the fees and 100% of the expenses not subject to an unresolved objection pursuant to subsection (d) below.

d)   If any Notice Party objects to a Retained Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Retained Professional and each other Notice Party a written objection (the "Objection") so as to be received on or before the day of the Objection Deadline.   An Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection.   Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis.   If the parties are unable to reach a resolution within fourteen days (14) after service of the Objection, the affected Retained Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Retained Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

e)   With respect to the first three-month period after the Petition Date and each subsequent three-month period thereafter, each Retained Professional shall file with the Court and serve on the Notice Parties an application (the "Interim Fee Application") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such three-month period (the "Interim Fee Period") pursuant to Section 331 of the Bankruptcy Code.   The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by the Court or required by the applicable Local Rules.   Interim Fee Applications shall be filed with the Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period.   Each Retained Professional may file its first Interim Fee Application, if any, on or after

February 3, 2025.  Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Retained Professionals and the Notice Parties so as to be received on or before the twenty-first (21st) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

f)  If any Interim Fee Applications are filed, the Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as the Court deems appropriate.  Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

g)  The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

h)  Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensations and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an objection to any Monthly Fee Application or Interim Fee Application shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of Retained Professionals.  All fees and expenses paid to Professionals in accordance with the Compensation Procedures shall be subject to disgorgement until final allowance by the Court.

i)  Service of the Monthly Fee Applications, Interim Fee Application Requests, final fee applications, and notices of any hearing thereon (the "Hearing Notices") shall be as follows: (i) the Notice Parties will receive the Monthly Fee Applications, Interim Fee Application Requests, final fee applications, and Hearing Notices; and (ii) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall receive only the Interim Fee Applications, final fee applications, and the Hearing Notices.  Providing notice in this manner will permit the parties most active in this Chapter 11 Case to monitor the fees and expenses incurred by Professionals, while avoiding unnecessary duplication and mailing expenses.

j)  Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application covering the prior period is filed and served by the Professional.  There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

k) Professionals shall file final applications for compensation and reimbursement (collectively, the "Final Fee Applications") by such deadline as may be established in a confirmed Chapter 11 plan or in an order of the Court.  All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

l) Any statutorily appointed committee in the Chapter 11 Cases is permitted to submit statements of expenses (excluding the fees and expenses of third-party counsel to the individual committee members) and supporting vouchers to the committee's counsel, which counsel shall collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures as if such committee members were Retained Professionals; *provided*, *however*, that the approval of the Compensation Procedures does not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or other applicable law.

12.    The proposed Compensation Procedures are comparable to the procedures established in other Chapter 11 cases and will streamline the professional compensation process. Based on the foregoing, the Debtors respectfully submit that the proposed Compensation Procedures would enable the Debtors, the Court, and other parties in interest to closely monitor the costs of administering the Chapter 11 Cases.

## **BASIS FOR RELIEF REQUESTED**

13.    Section 331 of the Bankruptcy Code provides as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of . . . [the Bankruptcy Code] may apply to the court no more than once every 120 days after an order for relief in a case under . . . [the Bankruptcy Code], or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement of expenses incurred before such date as is provided under section 330 of . . . [the Bankruptcy Code].  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

14.    Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy courts may rely on their discretionary powers under Section 105(a) to permit fee applications to be filed more often than once every 120 days. *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000). Accordingly, the Court has ample authority to enter an order establishing procedures for awarding interim compensation and reimbursement of expenses.

15.    The Debtors submit that the Compensation Procedures are appropriate and consistent with interim compensation procedures established in other Chapter 11 cases in this District. *See, e.g.*, *In re AmeriFirst Financial, Inc.*, Case No. 23-11240 (TMH) [D.I. 164] (Bankr. D. Del. Sept. 27, 2023); *In re Knotel, Inc.*, Case No. 21-10146 (MFW) [D.I. 278] (Bankr. D. Del. Feb. 25, 2021); *In re PBS Brand Co., LLC*, Case No. 20-13157 (JTD) [D.I. 302] (Bankr. D. Del. Feb. 17, 2021); *In re Center City Healthcare, LLC*, Case No. 19-11466 (KG) [D.I. 341] (Bankr. D. Del. Aug. 2, 2019).[2]

16.    Approval of the Compensation Procedures will permit the Court and all other parties to effectively monitor the fees and expenses incurred by the professionals retained in this case. The Debtors submit that the efficient administration of the Chapter 11 Cases will be significantly aided by establishing the proposed Compensation Procedures. Accordingly, the relief sought is in the best interests of the Debtors, their estates, and their creditors.

---

[2] The referenced orders are voluminous in nature and, therefore, are not attached to this Motion; however, in accordance with Local Rule 7007-2, the Debtors' proposed counsel will make them available to this Court or to any party that requests them. Additionally, the orders are available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

## NOTICE

17.     This Motion has been served upon (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service; (c) the members of the Unsecured Creditors Committee; (e) Capitala, Maple, and Bayonne Medical Center Opco, LLC; (f) the Debtors and (g) other parties requesting service.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter an order, substantially in the form attached to this Application as **Exhibit A**, granting the relief requested in this Application and (ii) grant such other and further relief as the Court may deem proper.


Dated: November 19, 2024                    **DILWORTH PAXSON LLP**

/s/ Peter C. Hughes
Peter C. Hughes DE 4180
800 King Street, Suite 202
Wilmington, DE 19899
Telephone:      302-571-9800
Facsimile:       302-351-8735
Email:             phughes@dilworthlaw.com

                 and

Lawrence G. McMichael (Admitted *Pro Hac Vice*)
Peter C. Hughes DE 4180
Anne M. Aaronson (Admitted *Pro Hac Vice*)
Jack Small (Admitted *Pro Hac Vice*)
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:      (215) 575-7000
Facsimile:       (215) 754-4603
Email:             lmcmichael@dilworthlaw.com
Email:             phughes@dilworthlaw.com
Email:             aaaronson@dilworthlaw.com
Email:             jsmall@dilworthlaw.com
*Proposed Counsel for the Debtors*