

Reed Smith LLP
1201 North Market Street
Suite 1500
Wilmington, DE 19801-1163
+1 302 778 7500
Fax +1 302 778 7575
reedsmith.com

**Jason D. Angelo**
Direct Phone: +1 302 778 7570
Email: jangelo@reedsmith.com

November 20, 2024

**VIA CM/ECF & HAND-DELIVERY**

The Honorable J. Kate Stickles
United States Bankruptcy Court
  for the District of Delaware
824 Market Street, 5th Floor
Wilmington, DE 19801

**Re:** *In re CarePoint Health Systems, Inc., et al.*, **Case No. 24-12534(JKS) (Bankr. D. Del.)**

Dear Judge Stickles:

    Pursuant to Your Honor's *Chambers Procedures*, I write on behalf of Strategic Ventures, LLC ("Strategic Ventures"), a creditor in these chapter 11 cases, to seek the Court's assistance in resolving the Debtors' refusal to produce documents responsive to Strategic Ventures' requests for production (the "Requests")[1] served in connection with its objection to the use of cash collateral (the "Objection"). *See* D.I. 133. By way of background, Strategic Ventures is owed approximately $9.5 million pursuant to a *Promissory Note* executed by debtor Garden State Healthcare Associates, LLC ("Garden State") in favor of Strategic Ventures dated December 27, 2022. Garden State's obligations under the Promissory Note are secured by a properly perfected lien on substantially all of Garden State's assets granted pursuant to a *Security Agreement* dated December 27, 2022.

    The Requests seek information directly relevant to the Objection and are necessary for Strategic Ventures to prepare for a deposition of the Debtors' corporate designee(s) and the final hearing on the Debtors' DIP financing and cash management motions scheduled for December 10, 2024. Strategic Ventures requested responses by November 27, 2024—*i.e.*, 14 days after service. The Debtors have refused to commit to meeting this deadline, vaguely asserting they would make a "good faith effort" while citing the purported breadth of the Requests and internal resource constraints. *See* Nov. 15, 2024 email from P. Hughes, Esq. to J. Angelo, Esq., a true and correct copy of which is attached as **Exhibit B**.

    Most importantly, despite repeated requests to "meet and confer," Debtors' counsel refuses to engage on what requests it finds too burdensome or overbroad and why it finds them to be too burdensome or overbroad.[2] Instead, the Debtors offer only curt generalities. *See* Nov. 18, 2024 email from P. Hughes,

---

[1] In accordance with Rule 7026-1(c) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), a true and correct copy of the Requests are annexed hereto as **Exhibit A**.

[2] Pursuant to Local Rule 7026-1(d), undersigned counsel certifies that Strategic Ventures has made a reasonable effort to reach an agreement with counsel to the Debtors regarding the disputes discussed herein, but no agreement has been reached at this time.

The Honorable J. Kate Stickles  
November 20, 2024  
Page 2  

ReedSmith

Esq. to J. Angelo, Esq., a true and correct copy of which is attached as **Exhibit C**. They have also failed to identify any specific objections to the Requests, leaving Strategic Ventures without clarity on the scope or timing of their production. It is standard practice for debtors to cooperate in responding to discovery prior to a final hearing. Debtors have simply refused to do so here.

Under Federal Rule of Civil Procedure 26, applicable here through Federal Rule of Bankruptcy Procedure 7026, discovery encompasses any nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. The information sought in the Requests meets this standard and is critical to Strategic Ventures' ability to prepare for both the Rule 30(b)(6) deposition and the final hearing. The Debtors, having initiated these chapter 11 cases and sought approval of their financing and cash management proposals, bear the responsibility to timely comply with discovery obligations. Their refusal to do so prejudices Strategic Ventures and leaves no alternative but to seek the Court's intervention. Strategic Ventures seeks the Court's intervention to avoid a last-minute motion to continue the final hearing on the DIP financing and cash management motions and the potential disruption that doing so may have on these cases.

We respectfully request a teleconference at the Court's earliest convenience to resolve this dispute and ensure the timely production of documents. Absent the timely resolution of Debtors' objections (whatever they are) to specific document requests and a fulsome production of the requested documents, the final hearings should be continued to allow Strategic Ventures sufficient time to depose the Debtors' corporate designee(s) and properly prepare for the final hearings.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

*/s/ Jason D. Angelo*

Jason D. Angelo (No. 6009)

cc: Peter C. Hughes, Esq. (via CM/ECF)  
     Anne M. Aaronson, Esq. (via CM/ECF)  
     Lawrence G. McMichael, Esq. (via CM/ECF)  
     Jack Small, Esq. (via CM/ECF)  
     Christie C. Comerford, Esq. (via CM/ECF)  
     Matthew H. Davis, Esq. (via CM/ECF)  
     Kurt F. Gwynne, Esq. (via Email)  
     Cameron C. Capp, Esq. (via Email)