# EXHIBIT A

First Set of Request for Production of Documents Propounded on the Debtors

(Attached)

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | x | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CarePoint Health Systems, Inc., d/b/a Just Health Foundation, *et al.*, | : | Case No. 24-12534 (JKS) |
| | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |
| | x | |

## STRATEGIC VENTURES, LLC'S FIRST SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON THE DEBTORS

Strategic Ventures, LLC, by and through its attorneys, Reed Smith LLP, hereby serves its *First Set of Requests for Production of Documents* (these "Requests") on the debtors in the above-captioned chapter 11 cases (collectively, the "Debtors") and in accordance with Rule 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), as incorporated by reference in Rules 9014(c) and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Debtors shall (i) respond to the Requests in conformity with the Definitions and Instructions set forth below and (ii) produce copies of the responsive Documents to the undersigned as required by Federal Rule 34(b)(2) **no later than November 27, 2024.**

Your attention is directed to Federal Rule 34(b), which provides, in pertinent part, that any party that produces Documents for inspection shall "produce them as they are kept in the usual

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC; (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

course of business or shall organize and label them to correspond with the categories in the request." Accordingly, it is requested that all Documents be produced in the file folders in which they have been maintained and stored in the same form and manner as they were found. If You produce the requested Documents corresponding with the categories in the Requests, Identify the file folders in which the Documents originally were maintained.

You are required to supplement Your response to these Requests in accordance with Federal Rule 26, as incorporated by reference by Bankruptcy Rule 7026.

## DEFINITIONS

The following definitions shall apply to these Requests:

1. "Any" means "each and every" as well as "any one."

2. "Chapter 11 Cases" shall mean the cases pending before the United States Bankruptcy Court for the District of Delaware and jointly administered under the case captioned *In re CarePoint Health Systems, Inc., d/b/a Just Health Foundation, et al.*, Case No. 24-12534 (JKS).

3. "Charity Care" means the provision of medical services to uninsured or underinsured patients.

4. "Collateral" means "collateral" as defined in section 1 of the *Security Agreement* dated December 27, 2022, by and between Strategic Ventures LLC and Garden State Healthcare Associates, LLC.

5. "Communication" means the transmittal of facts, ideas, thoughts, opinions, data, inquiries, or otherwise and includes correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages,

negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, and postings of any type.

6. "Concerning" or "related to" means constituting, evidencing, reflecting, referring to, incorporating, effecting, including or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the Requests. Requests seeking information relating to "Documents Concerning" or "Documents related to" any subject matter include Documents and communications regarding that subject matter.

7. "Debtors" shall mean, collectively, each of Bayonne Intermediate Holdco, LLC; Benego CarePoint, LLC; Briar Hill CarePoint, LLC; CarePoint Health Management Associates Intermediate Holdco, LLC; CarePoint Health Management Associates, LLC d/b/a CarePoint Health; CarePoint Health Systems, Inc. d/b/a Just Health Foundation; CH Hudson Holdco, LLC; Christ Intermediate Holdco, LLC; Evergreen Community Assets; Garden State Healthcare Associates, LLC; Hoboken Intermediate Holdco, LLC; Hudson Hospital Holdco, LLC; Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital; HUMC Holdco, LLC; HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center; IJKG, LLC; Just Health MSO, LLC; New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group; Quality Care Associates, LLC; Sequoia BMC Holdco, LLC; and IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center, and any agent, attorney, employee, or other representative thereof.

8. "Date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

9. "<u>Describe</u>" means to state with particularity, including, but not limited to, each date, fact, event, occurrence, to Identify each Document and each Person who can testify as to such stated dates, facts, events, occurrences, and Documents.

10. "<u>Document</u>" shall have the broadest meaning accorded to it by Federal Rule of Civil Procedure 34(a), and includes, without limitation, all electronically stored information ("<u>ESI</u>"), any communication or record of any communication of any type and in any format, and all of the following: (a) writings of whatever type, nature, or description, whether typed, handwritten, printed, or otherwise, including all embedded Documents; (b) tape or other sound or video recordings, computer tapes, discs, and other electronic or mechanical recordings, however produced or reproduced; and (c) information stored in a computer, including emails, archive files and backup tapes, whether or not ever printed out or displayed. A draft is a separate Document from the final text and each non-identical copy is a separate Document.

11. "<u>Garden State</u>" means Garden State Healthcare Associates, LLC.

12. "<u>Identify</u>" when used to refer to a natural person, means to set forth that person's: (i) full name and title, if any; (ii) present or last known address; (iii) present or last known business and home telephone number(s); and (iv) present or last known employer. "<u>Identify</u>" when used to refer to a Document, means: (i) the date of each Document; (ii) the type of each such Document (*i.e.*, correspondence, memorandum, business record, etc.); (iii) the identity of the author(s) or preparer(s) of each such Document; and (iv) the present location of each such Document or copies thereof.

13. "<u>Including</u>" or "<u>includes</u>" means including without limitation or includes without limitation.

14. "Person" means natural persons as well as all other entities, Including, but not limited to, corporations, associations, partnerships, firms, organizations and governmental (municipal, state, or federal) agencies or bodies.

15. "Promissory Note" means that certain *Promissory Note* dated December 27, 2022, executed by Garden State Healthcare Associates, LLC in favor of Strategic Ventures, LLC.

16. "Purchase Option" means, as set forth in the Promissory Note, that purchase option for the real property set forth in that certain *Lease Agreement*, dated as of December 27, 2022, with CH 750 Park LLC and CH Castle LLC, collectively as lessor.

17. "Relevant Period" means from and Including December 27, 2022 through the last date upon which You produce Documents in response to these Requests.

18. "Security Agreement" means that certain *Security Agreement* dated December 27, 2022, by and between Strategic Ventures LLC and Garden State Healthcare Associates, LLC.

19. "You" and "Your" refers to the Debtors and their respective officers, directors, members, managers, agents, servants, employees and those acting on their behalf.

## INSTRUCTIONS

1. Unless instructed otherwise, the time period covered by these Requests is the Relevant Period and Includes any Documents, information, or materials that were created, transmitted, referred to, or used in the Relevant Period.

2. These Requests apply to all Documents in Your possession, custody, or control, regardless of their location and regardless of whether such Documents are held by You or any of Your employees, agents, representatives, attorneys, consultants, advisors Including financial advisors, persons, or entities acting on Your behalf.

3. If any portion of any Document is responsive to any of these Requests, the entire Document shall be produced, Including all attachments, appendices, and exhibits thereto. Documents that in their original condition were stapled, clipped, or otherwise fastened together, or were placed in a file together, shall be produced in such form.

4. If a Document is responsive to multiple Requests, it only needs to be produced once.

5. Documents produced from the records of individuals should be Identified (either by Document production number or otherwise) as coming from the records of such particular individuals.

6. To the extent the Documents are maintained as ESI or are otherwise available electronically, please produce them in native format and, if in .PDF, in searchable format.

7. If any Documents are withheld from production on the alleged grounds of privilege or immunity (whether under any common law, statute, or otherwise), You shall Identify each such Document on the due date of production, by stating: (a) the identity of each person who prepared and/or signed the Document; (b) the identity of each person designated as an addressee; (c) the identity of each person who received any copy of the Document; (d) the date of the Document; (e) the subject matter of the Document (Described sufficiently to enable a determination regarding the propriety of the asserted privilege or immunity); (f) the type of Document; and (g) the basis for withholding the Document.  Notwithstanding the assertion of any privilege or other protection, any requested Document that contains responsive, non-privileged, or protected information should be produced, but that portion of the Document for which privilege or other protection is asserted may be redacted, provided that the redacted portion is Identified and Described consistently according to the requirements listed herein.

8. These Requests are continuing in nature and require further and supplemental production if additional Documents are acquired or located following the time of initial production, to the fullest extent required by the Federal Rules of Civil Procedure, as made applicable by the Federal Rule of Bankruptcy Procedure.

9. If You have no Documents responsive to a Request, You must say so in Your response.

10. To bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, (a) the present tense shall be construed to include the past tense and vice versa, (b) the singular includes the plural and vice versa, and (c) the terms "and" and "or" are both conjunctive and disjunctive.

11. If any of the Documents requested were formerly in Your possession, custody, or control but no longer are in Your possession, custody, or control, state when and what disposition was made of the Document, and what efforts, if any, You made to obtain each such Document in response hereto.  Further, if any such Document is not in Your possession, custody, or control, but You know the identity of the Person currently in possession or control of such Document, state the identity of the Person who has the Document, Including the address and telephone number of the Person.

12. Copies of all Documents requested hereby must be produced to the undersigned. Your attention is directed to Federal Rule 34(b), which provides, in pertinent part, that any party that produces Documents for inspection shall "produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." In this connection, it is requested that all Documents be produced in the file folders and file cartons in which they have been maintained and stored, clipped, stapled, or otherwise arranged in the same

form and manner as they were found. If You choose to produce the requested Documents corresponding with the categories in the Requests, Identify the file folders, drawers, or cartons in which the Documents originally were maintained.

13. Any response to these Requests shall set forth the Request in full before each response. Separate responses shall be provided to each Request. If, after a good faith search, You conclude that there have never been Documents responsive to a particular Request, so state.

## **REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Please produce:

1. Documents sufficient to Identify the Person(s) that billed third-party payors for medical services provided by Garden State during the Relevant Period and the contracts with such Person(s) for those billing services.

2. Documents sufficient to Identify the Person(s) that billed the Debtors for Charity Care services provided by Garden State during the Relevant Period and the contracts with such Person(s) for those billing services.

3. Documents sufficient to show whether the Debtors (individually or collectively) have not been billed for Charity Care provided by Garden State during the Relevant Period in excess of the aggregate amount of at least $200,000.

4. Documents sufficient to show whether third-party payors (individually or collectively) have not been billed for medical services provided by Garden State during the Relevant Period in excess of the aggregate amount of at least $200,000.

5. Documents sufficient to show the accounts receivable for services provided by Garden State during the Relevant Period that were billed to third-party payors.

6. Documents sufficient to show the amount of proceeds of accounts receivable collected by any Person for medical services provided by Garden State during the Relevant Period that were billed to third-party payors.

7. Documents sufficient to show the amount of proceeds of accounts receivable collected or received by any Person (whether Garden State, another Debtor or some other entity) for medical services provided by Garden State during the Relevant Period that were billed to third-party payors.

8. Documents Concerning any decision by any of the Debtors to change the manner in which third-party payors were billed for medical services provided by Garden State during the Relevant Period.

9. Documents Concerning any efforts to maintain and preserve the Collateral during the Relevant Period.

10. Documents sufficient to show the disposition (whether collection, release, or otherwise) of all Collateral during the Relevant Period.

11. Contracts between any of the Debtors and Garden State concerning the provision of Charity Care services to such Debtor(s) and payment to Garden States therefor.

12. Documents sufficient to show the amount owed to Garden State by any of the other Debtors for Charity Care provided during the Relevant Period.

13. Documents sufficient to show the amount paid to Garden State by any of the other Debtors for Charity Care during the Relevant Period.

14. Documents sufficient to show the bases for all payments from any of the other Debtors to Garden State during the Relevant Period.

15. Documents sufficient to show the bases for all payments from Garden State to any of the other Debtors during the Relevant Period.

16. Documents sufficient to show the intercompany payables or receivables between Garden State and each of the Debtors during the Relevant Period.

17. All contracts (or subcontracts) between any Person, on the one hand, and Garden State or any of the other Debtors, on the other hand, Concerning billing for medical services provided by Garden State during the Relevant Period (whether for medical services billable to third-party payors or for Charity Care).

18. Documents sufficient to show the termination of any contracts (or subcontracts) between any Person, on the one hand, and Garden State or any of the other Debtors, on the other hand, Concerning billing for medical services provided by Garden State during the Relevant Period (whether for medical services billable to third-party payors or for Charity Care).

19. Documents sufficient to show the accounts receivable for medical services provided by Garden State that were paid or released in the settlement of any claims against each of Aetna, Cigna, and United Healthcare.

20. Documents sufficient to show the number of physicians employed by Garden State during the Relevant Period.

21. Documents sufficient to show whether any medical services (such as, without limitation, emergency room and anesthesiology services) provided by Garden State as of December 27, 2022 were subcontracted or otherwise provided by Garden State through a third-party medical service provider (*i.e.,* outsourced).

22. Documents sufficient to show whether the physicians employed by Garden State provide medical services payable by third-party payors or Charity Care services payable by any of the Debtors.

23. All financial statements (whether audited or unaudited), Including balance sheets, income statements, and sources and uses of cash, of Garden State as of the end of each month or year (whether calendar or fiscal year) during the Relevant Period.

24. Documents constituting a Communication Concerning, or effectuating the termination of, the Purchase Option.

25. Documents sufficient to Identify the Debtor's officers, directors, employees, or agent most knowledgeable about each of these Requests.

| | |
|---|---|
| Dated: November 13, 2024<br>Wilmington, Delaware | **REED SMITH LLP**<br><br>By:  */s/ Kurt F. Gwynne*<br>Kurt F. Gwynne (No. 3951)<br>Jason D. Angelo (No. 6009)<br>1201 North Market Street, Suite 1500<br>Wilmington, DE  19801<br>Telephone:  (302) 778-7500<br>Facsimile:  (302) 778-7575<br>Email:  kgwynne@reedsmith.com<br>          jangelo@reedsmith.com<br><br>*Counsel for Strategic Ventures, LLC* |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | x | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CarePoint Health Systems, Inc., d/b/a Just Health Foundation, *et al.*, | : | Case No. 24-12534 (JKS) |
| | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |
| | x | |

## NOTICE OF SERVICE

**PLEASE TAKE NOTICE** that, on November 13, 2024, the undersigned counsel for Strategic Ventures, LLC caused (i) the *Objection of Strategic Ventures, LLC to Garden State Healthcare Associates, LLC's Use of Cash Collateral* [D.I. 133] (the "Objection") and (ii) *Strategic Ventures, LLC's Notice of Deposition Upon Oral Examination of Designated Representative of the Debtors Pursuant to Fed. R. Civ. P. 30(b)(6) as Incorporated by Fed. R. Bankr. P. 7030 and 9014* [D.I. 134] (the "Deposition Notice") to be electronically filed and served via the Court's CM/ECF system on all parties requesting electronic notification in this adversary proceeding in accordance with DEL. BANKR. L. R. 9036-1(b).

**PLEASE TAKE FURTHER NOTICE** that, on November 13, 2024, the undersigned counsel for Strategic Ventures, LLC caused to be served (i) the Objection, (ii) the Deposition

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC; (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

Notice, and (iii) *Strategic Ventures, LLC's First Set of Requests for Production of Documents Propounded on the Debtors* via electronic mail upon the following counsel of record for the Debtors:

**DILWORTH PAXSON LLP**
Anne M. Aaronson, Esq.
Peter C. Hughes, Esq.
Lawrence C. McMichael, Esq.
Jack Small, Esq.
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
aaaronson@dilworthlaw.com
phughes@dilworthlaw.com
lmcmichael@dilworthlaw.com
jsmall@dilworthlaw.com

Dated: November 13, 2024
Wilmington, Delaware

**REED SMITH LLP**

By: */s/ Jason D. Angelo*
Kurt F. Gwynne (No. 3951)
Jason D. Angelo (No. 6009)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Email: kgwynne@reedsmith.com
jangelo@reedsmith.com

*Counsel for Strategic Ventures, LLC*