**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
In re:                                                     :  Chapter 11
                                                           :
CarePoint Health Systems Inc. d/b/a Just Health            :  Case No. 24-12534 (JKS)
Foundation, et al.,[1]                                     :
                                                           :  (Jointly Administered)
                                                           :
                                                           :
                           Debtors.                        :
---------------------------------------------------------- x

**DEBTORS' MOTION TO PAY CERTAIN PREPETITION PHYSICIAN**
**COMPENSATION AND EXPENSES**

The above-captioned Debtors (collectively, the "Debtors"), by and through their

undersigned proposed counsel, hereby move (the "Motion to Pay") for entry of an order (the

"Order") to permit the payment of certain prepetition compensation and expenses owed to the

Debtors' physician employees above the statutory cap of section 507(a)(4), with the portion owed

for the November 8, 2024 pay period that was impacted by the filing of these cases authorized on

shortened notice.  In support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063).  The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

**JURISDICTION AND VENUE**

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012*.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

2.    Venue of these cases is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

3.    Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that this Court would lack constitutional authority to enter such final order or judgment absent the consent of the parties.

**BACKGROUND**

4.    On November 3, 2024 (the "Petition Date"), all Debtors except IJKG Opco, LLC ("IJKG Opco") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5.    On the Petition Date, three creditors of IJKG Opco, 29 E 29 Street Holdings, LLC, Bayonne Medical Center Opco, LLC, and Peter Wong, MD, filed an involuntary petition against IJKG Opco under Chapter 11 of the Bankruptcy Code.  On the Petition Date, IJKG Opco filed an answer consenting to the relief requested in the involuntary petition.

6.    On November 6, 2024, the Court entered an order authorizing the joint administration of the Chapter 11 Cases of each Debtor.  [D.I. 80] and an Order for Relief with respect to IJKG Opco LLC.

7.     A description of the Debtors' reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Motion are set forth in the First Day Declaration.  [D.I. 23].

8.     On the Petition Date, the Debtors filed various motions seeking relief on an expedited basis to allow their operations to continue post-petition, uninterrupted (the "First Day Motions").  Among the First Day Motions was a *Motion for Entry of Interim and Final Orders (I) Authorizing, but not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses, and (B) Continue Employee Benefits Programs; and (II) Granting Related Relief* (the "Wages Motion") and a *Motion of the Debtors for Entry of Interim and Final Orders (i) Authorizing the Debtors to Pay Certain Prepetition Claims of Patient Care Vendors and (ii) Granting Related Relief* (the "Patient Safety Motion").

9.     The Debtors proposed to pay their employees, including their physician employees, compensation up to the statutory cap of $15,150 per employee pursuant to section 507(a)(4) via the Wages Motion and, because their physicians are critical to their ability to provide uninterrupted and safe care to their patients had budgeted payment of certain additional amounts owed to their physicians (many of whom are owed amounts exceeding the statutory cap due to having taken extra shifts and performing per diem work to fill shortages shortly before the Petition Date) in the operating expenses of their DIP budget and under the Patient Safety Motion.  That critical portion is owed for the November 8, 2024 pay period at is in the aggregate amount of approximately $650,000.

10.     While the Debtors' physicians are employed by one or more of the Debtors and received compensation up to the section 507(a)(4) statutory cap pursuant to the Wages Motion,

3

they are also critical service providers that are needed for the Debtors to maintain patient safety; therefore, the Debtors included certain additional compensation in the amounts set aside for payment under the Patient Safety Motion, which was similarly the process employed recently in the *Pipeline Health System LLC et al*. bankruptcy cases in the Southern District of Texas, Case No. 22-90291 (MI), D.I. 10.

11. On November 6, 2024, the Court entered an Interim Order approving the relief sought in the Wages Motion [D.I. 82] and, on November 8, 2024, entered an Interim Order approving the relief sought in the Patient Safety Motion [D.I. 126].

12. On November 9, 2024, the Debtors circulated to the main parties in these cases, including the Office of the United States Trustee, counsel to MedOne and Mazuma, counsel to the New Jersey Department of Health, counsel to the County of Hudson, counsel to BMC Hospital LLC, counsel to Insight Management and Consulting Services, Inc., counsel to Capitala Private Advisors and Capitala Specialty Lending Corp., counsel to Maple Healthcare LLC and counsel to Hudson Regional Hospitals, a preliminary list of the physicians most urgently needed to maintain patient safety as the Debtors transitioned into Chapter 11 and the amounts owed to each for services provided shortly before the Petition Date and asked whether any party had an objection to the amounts owed to each being paid under the Patient Safety Motion. It is important to note that certain of the physicians are owed additional amounts for work performed prior to the Petition Date and these amounts were not included in the preliminary list sent to these interested parties.

13. While the main parties agreed and none opposed paying the physicians the amounts sought as critical providers necessary to maintain patient safety, the Office of the Untied States

#124682930v5

Trustee opposed making the payments under the Patient Safety Motion and proposed instead that the Debtors seek authority to pay the amounts as wages above the statutory cap.

14.     The Debtors presently have the funds set aside in the DIP budgets to pay the most critical compensation owed to the physician employees for the November 8, 2024 pay period and have been approached by many of them regarding immediate payment of the remainder of their compensation for that pay period, with at least two critical radiology doctors having removed themselves from the per diem schedule this week until they are paid for these prior services and expenses.

15.     Some of the critical physicians are owed additional compensation just before the Petition Date because they worked extra shifts and at enhanced per diem rates due to pre-existing severe shortages in a particular department, for example radiology. If the Debtors are not able to retain these vital physicians or have them available to fill shortages, the service lines that they serve will collapse.  This is particularly critical for radiology, OBGYN and psychiatry.

16.     Without radiology, the Debtors' emergency rooms will be forced to close until an external vendor can replace the physicians.  Without psychiatry, the Debtors will be forced to find space at other hospitals (which does not currently exist in the region) for 60 inpatient psychiatric patients.  Without OBGYN, near term pregnant women will be forced to unfamiliar hospitals and practices for delivery.  Accordingly, these physicians are essential providers.  These physicians are working for market rates.

17.     While the Debtors had intended to pay the most critical outstanding compensation under the Patient Safety Motion and had set aside funding of $650,000 for this purpose, the Debtors understand the position of the Office of the United States Trustee and, in an abundance of caution

to ensure that the physicians are able to retain payment of this compensation and avoid any issues that may arise if the payment is made instead under the Patient Safety Motion, the Debtors are filing the instant motion pursuant to which they are seeking authorization to pay all prepetition compensation owed to their employee physicians above the section 507(a)(4) statutory limit for payment of wages.  Relief is sought on an interim basis in the amount of up to $650,000.

18.    In addition, the Debtors seek authorization on a final basis to pay physician employees for prepetition wages, salaries, and reimbursement of expenses above the statutory cap in the aggregate amount of up to $1,500,000, inclusive of the $650,000 to be paid on an interim basis. The Debtors intend to pay the most critical amounts initially and pay the remaining amounts as quickly as feasible to best retain their physicians as revenues become available, in consultation with their DIP lenders and other relevant parties in interest.

19.    The Debtors will not have an exact amount calculated with respect to the aggregate amount to be paid in wages, salaries, and expenses for approximately sixty (60) days because employees have up to ninety (90) days to submit expenses for approval and reimbursement. The amount of certain expenses are not known at the time they are incurred, such as reimbursement for classroom time, which must be later determined and submitted for approval and payment.  The Debtors anticipate that additional prepetition expenses will be presented for reimbursement during the first ninety (90) days following the Petition Date as a result and have included an estimate of those expenses based on historic submission in the aggregate request for authority not to exceed $1,500,000.

20.    The Debtors are seeking authority to pay the foregoing physician compensation in excess of the section 507(a)(4) statutory limit in order to best ensure adequate physician

availability to treat the Debtors' patients going forward, with authorization to pay up to $650,000 on shortened notice and the balance of the $1,500,000 total amount on regular notice.

**RELIEF REQUESTED**

21.     By this Motion, the Debtors request entry of an Order authorizing the Debtors to pay their physicians certain of their respective compensation owed for services provided prior to the Petition Date in excess of the statutory cap applicable to the payment of wages as set forth in section 507(a)(4) of the Bankruptcy Code.

22.     Debtors in other jurisdictions have utilized funding under a Patient Safety Motion to compensate their physicians for services performed prepetition for which compensation owed exceeds the statutory cap for payment of wages and benefits. *Pipeline Health System LLC et al*. bankruptcy cases in the Southern District of Texas, Case No. 22-90291 (MI), D.I. 10). In this jurisdiction, Debtors have been authorized to pay employees in excess of the statutory cap where facts and circumstances warrant such relief.  *See In re Penn Traffic Co.*, No. 09-14078-PJW, 2011 WL 6013755 at *1 (Bankr. D.Del. July 29, 2011) (authorizing interim payment of amounts up to the statutory cap and final payment of amounts exceeding the statutory cap if objections were not received prior to a court-imposed deadline); *In re Plumbing Holdings Corp.*, No. 09-14413-CSS, 2011 WL 4945115 at *1 (Bankr. D. Del. Oct. 7, 2011) (allowing payment up to the statutory cap for all employees, except the independent sales representatives who were entitled to the amounts represented to the court in excess of that cap); *In re Dots, LLC*, No. 14-11016, 2014 WL 337633 at *1 (Bankr. D. Del. Jan. 22, 2014) (subjecting payment of compensation to the statutory cap but authorizing the debtors to pay the accrued salary and other compensation to an executive, in full, notwithstanding the cap).

#124682930v5

23.     The Debtors submit that the facts and circumstances of these cases warrant authorization to pay additional prepetition compensation owed to their physicians in order to best ensure physician availability and services to maintain the treatment and safety of their patients.

24.     While the Debtors originally intended to pay their critical physicians certain of these amounts under the Interim Order approving the Patient Safety Motion, the Debtors hereby seek authority to pay the physicians the balance of their outstanding prepetition compensation under this Motion. The physicians have already been paid amounts owed to them under the Interim Order approving the Wages Motion.  All interested parties are aware of the need for the Debtors to pay this compensation to their physicians to avoid interruption in patient care or the need for the Debtors to transfer their patients to other facilities in the event that they are unable to adequately staff their hospitals.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an Order authorizing the Debtors to pay certain of the physicians' prepetition compensation and expenses, up to $650,000 on shortened notice and the balance, not to exceed $1,500,000 in the aggregate, inclusive of the amount paid on shortened notice, and granting such other and further relief as this Court may deem just and appropriate.

Dated: November 21, 2024                            **DILWORTH PAXSON LLP**

                                                    /s/ Peter C. Hughes
                                                    Peter C. Hughes DE 4180
                                                    800 N. King Street, Suite 202
                                                    Wilmington, DE 19801

8

#124682930v5

|  | |
|---|---|
| Telephone: | 302-571-9800 |
| Facsimile: | 302-571-8875 |
| Email: | phughes@dilworthlaw.com |

and

/s/ Anne M. Aaronson

Lawrence G. McMichael (*admitted pro hac vice*)
Anne M. Aaronson (*admitted pro hac vice*)
Jack Small (*admitted pro hac vice*)
1500 Market St., Suite 3500E
Philadelphia, PA 19102

| | |
|---|---|
| Telephone: | (215) 575-7000 |
| Facsimile: | (215) 754-4603 |
| Email: | lmcmichael@dilworthlaw.com |
| Email: | phughes@dilworthlaw.com |
| Email: | aaaronson@dilworthlaw.com |
| Email: | jsmall@dilworthlaw.com |

*Proposed Counsel for the Debtors*

9