## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:

CarePoint Health Systems Inc. d/b/a Just Health
Foundation, et al.,[1]

Debtors.
------------------------------------------------------- x

: Chapter 11
:
: Case No. 24-12534 (JKS)
:
: (Jointly Administered)
:
:

## MOTION TO SHORTEN NOTICE
## AND SCHEDULE EXPEDITED HEARING WITH RESPECT TO
## DEBTORS' MOTION TO PAY CERTAIN PREPETITION PHYSICIAN
## COMPENSATION AND EXPENSE REIMBURSEMENT

The above-captioned Debtors (collectively, the "Debtors"), by and through undersigned

proposed counsel, hereby move (the "Motion to Shorten") for entry of an order pursuant to

Bankruptcy Rule 9006 and Local Rule 9006-1(e) (each as defined herein), substantially in the form

attached hereto as **Exhibit A**, shortening the notice period and scheduling an expedited hearing

with respect to the interim relief sought in the Debtors' *Motion to Pay Prepetition Physician*

*Compensation and Expense Reimbursement* (the "Motion to Pay").[2] In support of the Motion to

Shorten, the Debtors respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063).  The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Pay.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012*.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

2.      Venue of these cases is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

3.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that this Court would lack constitutional authority to enter such final order or judgment absent the consent of the parties.

4.      The bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-1(e).

## BACKGROUND

5.      By this Motion to Shorten, the Debtors request, pursuant to section 105(a) of the Bankruptcy Code and Local Rule 9006-1(e), that the Court shorten the notice required for a hearing on the Motion to Pay so that the Motion to Pay, with respect to the interim relief sought therein, may be heard as soon as the Court's calendar will permit, at a time convenient for the Court (the "Hearing"), with responses, if any, to the Motion to be (a) presented orally at the hearing, if the Court is able to accommodate the Debtors' request to have the Hearing; or (b) filed on or before noon (Eastern Time) one business day before the Hearing (the "Objection Deadline").  The Debtors propose that a final hearing on the Motion to Pay will occur along with various other motions filed

by the Debtors that are scheduled to be heard on regular notice at the hearing scheduled for December 10, 2024.

6.　　Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."  Pursuant to Bankruptcy Rule 9006, the Court may, for cause shown, shorten the otherwise applicable notice period for motion papers. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."). Similarly, Local Rule 9006-1(e) provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

7.　　By the Motion to Pay, the Debtors seek a Court Order authorizing them to pay their critical physicians certain amounts for prepetition services rendered and expenses incurred shortly before the Petition Date that were payable with the November 8, 2024 pay period, in excess of the statutory cap of section 507(a)(4) applicable to priority status for prepetition employee wages. The Debtors did not originally seek to pay compensation above the statutory cap under their *Motion for Entry of Interim and Final Orders (I) Authorizing, but not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses, and (B) Continue Employee Benefits Programs; and (II) Granting Related Relief* (the "Wages Motion") [D.I. 12] because they had allocated funds in their DIP Budget to pay the balance of the November 8, 2024 pay period as part of their *Motion of the Debtors for Entry of Interim and Final Orders (i) Authorizing the Debtors to Pay Certain Prepetition Claims of Patient Care*

#124682931v2

*Vendors and (ii) Granting Related Relief.* [D.I. 14].  The amounts at issue were largely incurred by physicians who worked extra shifts and provided additional per diem services to cover staffing shortages just before the Petition Date.  The remainder of the outstanding prepetition compensation owed to their physician employees, is being sought on regular notice and payment is intended to be made as soon as funding becomes available to pay such obligations.

8.      For the reasons set forth in the Motion to Pay, the Debtors are now seeking authority on shortened notice to pay their critical physicians certain amounts that were owed for the November 8, 2024 pay period in excess of the statutory cap for their prepetition services pursuant to this Motion, up to $650,000.

9.      The Debtors contend that expedited consideration of the interim relief sought in the Motion to Pay is necessary to the Debtors' ability to provide for the treatment and safety of their patients as the Debtors transition into Chapter 11.  If the Court's consideration of the Motion to Pay were scheduled on regular notice for the December 10, 2024 Hearing Date, the Debtors' ability to maintain patient safety and uninterrupted service to their patients may be seriously compromised, particularly given that many of the doctors are owed amounts for the final prepetition pay period above the statutory cap applicable to prepetition wage payments because they covered additional shifts and per diem work where staffing shortages existed.  Indeed, because they haven't received their full prepetition compensation for this work, certain physicians in practice areas that are already struggling to maintain physician coverage are removing themselves from the per diem schedule and are not willing to cover weekend shifts until they receive payment of their prepetition pay and expenses for services performed just before the Petition Date, and other physicians in highly competitive practices will certainly consider alternate employment if receipt of payment for these prepetition services is further delayed.

4

10.     Moreover, the Debtors' estates will suffer no prejudice and will actually be protected if the Court were to grant the relief sought in the Motion to Pay on an expedited basis because the risk of physicians leaving the Debtors' hospitals or removing themselves from per diem or extended hours will be greatly reduced, enabling the Debtors to continue their treatment of patients and maintain their operations post-petition so that they can focus on negotiations with the key parties toward their reorganization.

11.     Moreover, the relief sought in the Motion to Pay is relief as to which the key parties in these cases have already expressed their support, albeit in the context of the Interim Order approving the Patient Safety Motion. Accordingly, the Debtors submit that expedited consideration of the interim relief sought in the Motion to Pay is appropriate under the facts and circumstances of these cases.

### Local Rule 9006-1(e) Averment

12.     Pursuant to Local Rule 9006-1(e), the Debtors have informed not only the Office of the United States Trustee, but counsel for MedOne and Mazuma, counsel for the New Jersey Department of Health, counsel for the County of Hudson, counsel for BMC Hospital LLC, counsel for Insight Management and Consulting Services Inc., counsel for Capitala Private Advising and Capitala Specialty Lending Corp., counsel for Hudson Regional Hospital and counsel for Maple Healthcare LLC of their intention to file the Motion to Pay and seek an expedited hearing on the same and all have expressed their consent or have not objected to the Debtors seeking expedited consideration of the Motion to Pay, with the Office of the United States Trustee taking no position.

### Notice

13.     Notice of this Motion shall be given by email or overnight mail to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for

#124682931v2

the District of Delaware; (b) counsel for MedOne and Mazuma; (c) counsel for the New Jersey

Department of Health; (d) counsel for the County of Hudson; (e) counsel for BMC Hospital LLC;

(f) counsel for Insight Management and Consulting Services Inc.; (g) counsel for Capitala Private

Advising and Capitala Specialty Lending Corp.; (h) counsel for Maple Healthcare LLC (i) counsel

for Hudson Regional Hospital; and (j) all parties who have filed a notice of appearance and request

for service of papers pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no

further notice is required.

       **WHEREFORE**, the Debtors respectfully request the entry of an order, substantially in the

form attached hereto as **Exhibit A**, and that the Court grant such other and further relief as may be

appropriate.

  Dated: November 21, 2024

**DILWORTH PAXSON LLP**

/s/ Peter C. Hughes
_____
Peter C. Hughes DE 4180
800 N. King Street, Suite 202
Wilmington, DE 19801
Telephone:    302-571-9800
Facsimile:    302-571-8875
Email:       phughes@dilworthlaw.com

     and
/s/ Anne M. Aaronson
_____
Lawrence G. McMichael (admitted *pro hac vice*)
Peter C. Hughes DE 4180
Anne M. Aaronson (admitted *pro hac* vice)
Jack Small (admitted *pro hac vice*)
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:   (215) 575-7000
Facsimile:   (215) 754-4603
Email:      lmcmichael@dilworthlaw.com
Email:      phughes@dilworthlaw.com
Email:      aaaronson@dilworthlaw.com
Email:      jsmall@dilworthlaw.com

*Proposed Counsel for the Debtors*