**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 24-12534<br>(Jointly Administered)<br><br>**Objection Deadline: November __, 2024 at 4:00 p.m. (EST)**<br>**Hearing: December __, 2024 at ___ a.m.** |

**MOTION OF FOR ENTRY OF AN ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY**

Carter Kitchens through his parents ("Infant Claimant"), an infant creditor in the above captioned bankruptcy case, respectfully moves for relief from the automatic stay as follows (this "Motion"):

**Relief Requested**

1. With the consent of the debtors in this case (the "Debtors", and with Infant Claimant the "Parties"), Infant Claimant seeks relief from the automatic to finalize and effectuate a settlement (the "Settlement") which was finalized pre-petition, with funding established through third-party non-debtor insurance companies. The parties must appear for a Friendly Hearing to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMC Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center.  The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

1

effectuate the settlement because the settlement involves a minor. Given the urgent needs of the Infant Claimant, the Parties wish to proceed with the Friendly Hearing now scheduled for December 2, 2024. Accordingly, Infant Claimant seeks stay relief in order that the Friendly Hearing can go forward and the Settlement can be finalized.

## Jurisdiction and Venue

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013–1(f), Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a), 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## Background

5. On November 3, 2024 (the "Petition Date"), all Debtors except IJKG Opco, LLC ("IJKG Opco") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6. On the Petition Date, three creditors of IJKG Opco, 29 E 29 Street Holdings, LLC, Bayonne Medical Center Opco, LLC, and Peter Wong, MD, filed an involuntary petition against IJKG Opco under Chapter 11 of the Bankruptcy Code. On the Petition Date, IJKG Opco filed an answer consenting to the relief requested in the involuntary petition.

7. On November 6, 2024, the Court entered an order authorizing the joint administration of the Chapter 11 Cases of each Debtor. [D.I. 80] and an Order for Relief with respect to IJKG Opco LLC.

8. Prior to the Petition Date, debtors CarePoint Health Systems, Inc., CarePoint Health Management Associates, LLC, HUMC Holdco, LLC, and HUMC Opco, LLC were defendants in a New Jersey state court action in Hudson County captioned at *Kitchens v. Gressock, et al.*, Docket No. HUD-L-1197-23 (the "State Court Action").

9. The State Court Action involves a medical malpractice claim following an injury to Infant Claimant, an infant who was delivered at Hoboken University Medical Center.

10. Prior to the Petition Date, the Debtors, through third party insurance carriers, agreed to a settlement with Infant Claimant.

11. The settlement was the result of an arms-length negotiation.

12. Pursuant to New Jersey law, the Parties must have a Friendly Hearing to effectuate the settlement because the settlement involves a minor.

13. The Friendly Hearing is scheduled for December 2, 2024.

14. The Debtors and their estates are not impacted by the Friendly Hearing, which is being handled by the third party insurance carriers.

15. Thus, Infant Claimant files this Motion so that the automatic stay may be lifted in regard to the State Court Action. The relief requested is necessary to effectuate the settlement and provide necessary funds to a minor who has sustained significant injuries.

**Relief Requested**

16. By this Motion, Infant Claimant seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting relief from stay to effectuate the pre-petition settlement in the State Court Action.

**Basis for Relief**

17. Section 362(d) of the Bankruptcy Code provides that: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ... for cause..." 11 U.S.C. § 362(d)(1).

18. Courts determine whether sufficient "cause" exists based on the totality of the circumstances in each particular case. *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997). Cause to lift the automatic stay may be established by a single factor, such as a lack of any connection with or interference with the pending bankruptcy case. *In re Scalera*, 521 B.R. 513, 516 (Bankr. W.D. Pa. 2014) (quoting *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992)).

19. Here, sufficient cause exists to lift the automatic stay as it relates to the State Court Action because the effectuation of the pre-petition settlement funded by third party insurance carriers is not connected with nor interferes with the Debtors' bankruptcy cases.

20. Infant Claimant has been in contact with the Debtors, and the Debtors consent to the relief sought herein. In addition, counsel for Claimant has communicated with the United States Trustee's office, who takes no position on the Motion being heard on shortened time.

21. Infant Claimant believes this Motion will be unopposed. A stay of any order granting this motion would, in such instance, be inappropriate. Therefore, the Movant seeks relief from the stay provision of Bankruptcy Rule 4001(a)(3).

**Notice**

22. This Motion has been served upon (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service; (c) the members of the Unsecured Creditors Committee; (d) Debtors' counsel; (e) the Rule 2002 service list; and (f) other parties as set forth in the accompanying Certificate of Service. In light of the nature of the relief requested, the Movant respectfully submits that no further notice is necessary.

**Conclusion**

WHEREFORE, the Movant respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief as is just and proper.

Dated: November 21, 2024

Respectfully submitted,
**JOHN R. WEAVER, JR., PA**
By: */s/ John R. Weaver*
John R. Weaver, Esq.
2409 Lanside Drive
Wilmington, DE 19801
Telephone: 302-655-7371
Email: jrweaverlaw@verizon.net
   and
**STARK & STARK, P.C.**
By: */s/ Jospeh H. Lemkin*
Joseph H. Lemkin, Esq.
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone (Direct): 609-791-7022
Email: jlemkin@stark-stark.com