## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------
|  |  |
|---|---|
| In re: | x Chapter 11 |
| | : Case No. 24-12534 |
| CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al., | : |
| | : (Jointly Administered) |
| | : |
| Debtors. | : |
| | : |
| | : |
| | x |

-------------------------------------------------------------

## CARTER KITCHENS' MOTION FOR ORDER SHORTENING
## NOTICE OF HEARING ON MOTION FOR ORDER GRANTING
## RELEIF FROM THE AUTOMATIC STAY

Carter Kitchens ("Infant Claimant") respectfully moves (this "Motion to Shorten") as follows:

### RELIEF REQUESTED

1.      By this Motion to Shorten, Infant Claimant request's, pursuant to section 105(a) of title11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1(c) and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) shortening the notice period for the hearing on the motion filed contemporaneously herewith seeking relief from the automatic stay (the "Stay Relief Motion").  Capitalized terms not defined herein have the meanings ascribed to them in the Stay Relief Motion.

### JURISDICTION

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has

1

jurisdiction over these chapter 11 cases (the "Chapter 11 Cases"), the Debtors and their estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Pursuant to Local Rule 9013-1(f), Infant Claimant consents to the entry of a final order with respect to this Motion to Shorten if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      Venue of these Chapter 11 Cases and this Motion to Shorten in this District is proper under 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested in this Motion to Shorten are sections 102 and 105 of title 11 of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006, and Local Rules 6004-1 and 9006-1.

## Background

6.      On November 3, 2024 (the "Petition Date"), all Debtors except IJKG Opco, LLC ("IJKG Opco") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7.      On the Petition Date, three creditors of IJKG Opco, 29 E 29 Street Holdings, LLC, Bayonne Medical Center Opco, LLC, and Peter Wong, MD, filed an involuntary petition against IJKG Opco under Chapter 11 of the Bankruptcy Code. On the Petition Date, IJKG Opco filed an answer consenting to the relief requested in the involuntary petition.

8.      On November 6, 2024, the Court entered an order authorizing the joint administration of the Chapter 11 Cases of each Debtor. [D.I. 80] and an Order for Relief with respect to IJKG Opco LLC.

9.      Prior to the Petition Date, debtors CarePoint Health Systems, Inc., CarePoint Health

2

Management Associates, LLC, HUMC Holdco, LLC, and HUMC Opco, LLC were defendants in a New Jersey state court action in Hudson County captioned at *Kitchens v. Gressock, et al.*, Docket No. HUD-L-1197-23 (the "State Court Action").

10.     The State Court Action involves a medical malpractice claim following an injury to Infant Claimant, an infant who was delivered at Hoboken University Medical Center.

11.     Prior to the Petition Date, the Debtors, through third party insurance carriers, agreed to a settlement with Infant Claimant.

12.     The settlement was the result of an arms-length negotiation.

13.     Pursuant to New Jersey law, the Parties must have a Friendly Hearing to effectuate the settlement because the settlement involves a minor.

14.     The Friendly Hearing is scheduled for December 2, 2024.

15.     The Debtors and their estates are not impacted by the Friendly Hearing, which is being handled by the third-party insurance carriers.

16.     Thus, Infant Claimant files this Motion so that the automatic stay may be lifted in regard to the State Court Action.  The relief requested is necessary to effectuate the Settlement and provide urgent necessary funds to a minor who has sustained significant injuries.

## BASIS FOR RELIEF REQUESTED

17.     Pursuant to section 102(1) of the Bankruptcy Code, the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1) (2018).  Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* § 105(a).

18.     Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bank. P. 9006(c)(1).  In exercising

such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 171–72 (3d Cir. 2012) (noting the commonality of such motions "[g]iven the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

19.     Specifically with respect to the Stay Relief Motion, the underlying Settlement was substantially consummated subject to a Friendly Hearing being conducted by the State Court. The Parties are all prepared to proceed with the Friendly hearing.  Infant Claim urgently needs the Settlement proceeds for his care.

20.     Infant Claimant respectfully submits that shortening notice of the Motion as requested herein is reasonable under the circumstances.  Further, granting the requested relief will not unfairly prejudice the Debtors' creditors or other parties in interest.

21.     The undersigned counsel has conferred with Debtor's counsel who consents to the relief requested in the Stay Relief Motion.  Also, the undersigned counsel has discussed this Motion with the United States Trustee's office, who takes no position regarding same.  As of the filing of this Motion, an official committee of unsecured creditors (the "Committee") has been appointed, but counsel for the Committee has not filed an appearance.

22.     Accordingly, shortening notice of the Motion to allow it to be heard on shortened notice is necessary and appropriate under the circumstances, so that the Friendly hearing can proceed on December 2nd.

23.     For these reasons, the Debtors respectfully submit that allowing the Motion to be considered on shortened notice at a hearing during the week of November 25th is reasonable and appropriate under the circumstances.

## <u>CERTIFICATION PURSUANT TO RULE 9006-1(e)</u>

24.     As set forth above, pursuant to Local Rule 9006-1(e), counsel to Infant Claimant have notified the U.S. Trustee of the relief requested in this Motion, to which the U.S. Trustee takes no position.  Debtor's counsel consents to the relief sought herein.

## <u>NOTICE</u>

25.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee (Attn: Jane Leamy, Esq.); (b) the Internal Revenue Service; (c) the members of the unsecured creditors committee; (d) Debtors' counsel; (e) the Rule 2002 service list; and (f) other parties as set forth in the accompanying Certificate of Service.  Infant Claimant respectfully submits that, in light of the nature of the relief requested, no further notice of this Motion is required.

**WHEREFORE**, the Carter Kitchens respectfully request entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: November 21, 2024

Respectfully submitted,
**JOHN R. WEAVER, JR., PA**
By: */s/ John R. Weaver*
John R. Weaver, Esq.
2409 Lanside Drive
Wilmington, DE 19801
Telephone: 302-655-7371
Email: jrweaverlaw@verizon.net
     and
**STARK & STARK, P.C.**
By: */s/ Jospeh H. Lemkin*
Joseph H. Lemkin, Esq.
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone (Direct): 609-791-7022
Email: jlemkin@stark-stark.com