IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CarePoint Health Systems Inc., d/b/a, | : | Case No. 24-12534 (JKS) |
| Just Health Foundation, *et al.*,[1] | : | |
| | : | Obj. Deadline: December 5, 2024 at 4:00 p.m.[2] |
| Debtors. | : | Hearing Date: December 10, 2024 at 10:30 a.m. |

**OBJECTION OF U.S. TRUSTEE TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

In support of his objection to the *Debtor's Motion for Entry of an Order (I) Authorizing the Debtors to Retain, Employ and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [D.I. 160] (the "Motion"), Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee"), by and through his undersigned counsel, states:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] The objection deadline was extended by agreement of the parties.

**PRELIMINARY STATEMENT**

1. The U.S. Trustee objects to the Motion to the extent that the Debtors seek approval of BDO USA as an "ordinary course professional," rather than by submitting a separate retention application for BDO USA under section 327(a) of the Bankruptcy Code. The exhibit to the Motion indicates that BDO USA provides audit services for the Debtors.

2. Counsel for the U.S. Trustee has informally requested information regarding the nature of services to be provided by the other professionals listed on Schedule 1 to the proposed order, as well as the proposed monthly cap applicable to such professionals (currently listed at "$TBD"). The U.S. Trustee reserves the right to raise additional objections upon review of such information. In addition, the proposed form of order should be revised to provide for an overall monthly dollar cap and to require the filing of quarterly statements of payments made to ordinary course professionals. The form declaration attached as Exhibit 1 to the proposed order should be revised to include (a) a description of the process undertaken to determine connections with parties in interest and (b) a statement that non-attorney professionals agree to waive any claims against the Debtors relating to any outstanding prepetition balance as a condition of their ordinary course retention.

**JURISDICTION AND STANDING**

3. This Court has jurisdiction to hear this objection.

4. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990)

(describing the U.S. Trustee as a "watchdog").

5. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## BACKGROUND

6. On November 3, 2024 (the "Petition Date"), all Debtors except IJKG Opco, LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. On the Petition Date, three creditors of IJKG Opco, 29 E 29 Street Holdings, LLC, Bayonne Medical Center Opco, LLC, and Peter Wong, MD, filed an involuntary petition against IJKG Opco under Chapter 11 of the Bankruptcy Code. On the Petition Date, IJKG Opco filed an answer consenting to the relief requested in the involuntary petition. On November 6, 2024, the Court entered an order for relief with respect to Debtor IJKG Opco LLC.

8. On November 19, 2024, the Court entered an amended order authorizing joint administration of the chapter 11 cases of all Debtors including IJKG Opco LLC. [D.I. 147].

9. On November 19, 2024, the U.S. Trustee appointed a statutory committee of unsecured creditors (the "Committee") in this case.

10. On November 19, 2024, the Debtors filed the Motion, seeking to retain certain professionals in the ordinary course of business. The Motion proposes a monthly cap of $75,000 for BDO USA and $TBD for the other professionals listed. The Debtors seek to retain BDO USA as one of the OCP professionals.

## ARGUMENT

11. Section 327 of the Bankruptcy Code (the "Code") governs the employment of professional persons. Section 327(a) of the Code provides that a trustee, or debtor in possession,

3

"with the court's approval, may employ one or more attorneys, *accountants,* appraisers, auctioneers, *or other professional persons*, that do not hold or represent an interest adverse to the estate, and that are *disinterested persons*, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a) (emphasis added).

12. Subsection 327(e) of the Code provides that a trustee, or debtor in possession, "with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, *an attorney that has represented the debtor*, if in the best interest of the estate, and if such *attorney* does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such *attorney* is to be employed."  11 U.S.C. § 327(e) (emphasis added).

13. By the explicit terms of subsection 327(e), a professional can be retained under that section only if it is a law firm that has previously represented the debtor.  Accountants engaged to provide audit services, and any other professionals that are not law firms, must meet the requirements of 327(a) of the Code to be retained by the Debtors.  These requirements include that they be "disinterested."  The term "disinterested" is defined in section 101(14) of the Code to mean a person that, *inter alia*, "is not a creditor" of the estate.  Thus, to the extent an entity that is not a law firm that previously represented the Debtors seeks to be retained as an ordinary course professional and holds a pre-petition claim against the Debtors, that entity must waive such claim.

14. BDO USA, an accounting firm engaged to provide audit services to the Debtors, cannot meet the requirements of 327(e), and therefore must be retained under 327(a).  This is made clearer by the fact that 327(a) of the Code is the only subsection of 327 that expressly includes accountants.  Therefore, BDO USA must meet the requirements of 327(a), which

4

includes the requirement that it be "disinterested," and waive any pre-petition claim it has against the estate. To satisfy the disinterestedness requirement, this Court must satisfy itself that BDO USA did not receive preferential transfers which would render the firm "not disinterested." *See In re Pillowtex, Inc.*, 304 F.3d 246, 253 (3d Cir. 2002) (preferential transfers must be returned to the estate(s) by professional before it may be employed pursuant to section 327(a)). Additionally, absent waiver of any claim it holds, BDO USA is not qualified to be retained as a professional pursuant to 11 U.S.C. § 101(14)(A). *See United States Trustee v. Price Waterhouse*, 19 F.3d 138 (3d Cir. 1994).

15. The Motion does not provide sufficient information to support a conclusion that the services to be performed by BDO USA are completely unrelated to the bankruptcy case and would not be performed any differently than they would be performed in the absence of a bankruptcy. Indeed, it is unlikely that BDO USA's audit services will have no purpose in or effect on this bankruptcy case, or that they would be performed in exactly the same manner as they were performed outside the context of a chapter 11 case. Thus, the work to be done by BDO USA appears to be sufficiently broad in scope that it should be retained by separate application under section 327(a) of the Code.

16. While an auditor or accountant that provides some isolated service to the Debtors could be treated as an ordinary course professional, that is not the case with an external auditor. Accountants providing services of the kind that BDO USA will be providing to the Debtors "represent or assist" the trustee or debtor in possession in "carrying out the trustee's duties," and therefore must be the subject of a separate retention application under section 327(a) of the Code.

17. The services of BDO USA are germane to the estate. BDO USA must file an application to be retained pursuant to 11 U.S.C. § 327(a), which expressly refers to accountants.

In addition, absent the return of any preferential transfers the firm may have received and the waiver of any pre-petition claim that it may hold, BDO USA is not qualified to be retained as a professional pursuant to 11 U.S.C. § 101(14)(A).

18.     Counsel for the U.S. Trustee has informally requested information regarding the nature of services to be provided by the other professionals listed on Schedule 1 to the proposed order, as well as the proposed monthly cap applicable to such professionals (currently listed at $TBD).  The U.S. Trustee reserves the right to raise additional objections upon review of such information.  In addition, the proposed form of order should be revised to provide for an overall monthly dollar cap and to require the filing of quarterly statements of payments made to ordinary course professionals. The form declaration attached as Exhibit 1 to the proposed order should be revised to include (a) a description of the process undertaken to determine connections with parties in interest and (b) a statement that non=attorney professionals agree to waive any claims against the Debtors relating to any outstanding prepetition balance as a condition of its ordinary course retention.

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying the Motion as to BDO USA and/or granting such other relief as this Court deems appropriate, fair and just.

                                        Respectfully submitted,

                                        **ANDREW R. VARA**
                                        **UNITED STATES TRUSTEE**
                                        **REGIONS 3 AND 9**

                                        **By:**   */s/ Jane M. Leamy*
                                                    Jane M. Leamy (DE Bar #4113)
                                                    Trial Attorney
                                                    J. Caleb Boggs Federal Building
                                                    844 King Street, Suite 2207, Lockbox 35
                                                   Wilmington, DE 19801
                                                   (302) 573-6491
                                                   Jane.M.Leamy@usdoj.gov

Dated: December 4, 2024