UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12534 (JKS)<br><br>Jointly Administered<br><br>Related Docket No. 223 |

## ORDER (I) APPOINTING MEDIATOR, (II) REFERRING CERTAIN MATTERS TO MEDIATION, AND (III) GRANTING RELATED RELIEF

Upon the request of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors (the "Committee"), Bayonne Medical Center Opco, LLC (and together with Hudson Regional Hospitals, LLC and certain of their affiliates, "HRH"), Insight Management and Consulting Services, Inc. ("Insight") and BMC Hospital, LLC ("BMC") seeking the entry of this Order; and the Court having held an emergency status conference on December 3, 2024 to consider the relief set forth herein; and the relief set forth herein being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that good cause exists for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

1.  The Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge for the United States Bankruptcy Court for the District of New Jersey, is appointed as mediator (the "Mediator") for the purpose of mediating (the "Mediation"), pursuant to Local Rule 9019-3, the comprehensive resolution of the following matters (i) the *Motion of CarePoint Health Systems, Inc. for Entry of Interim and Final Orders: (I) Authorizing Debtors to Obtain Temporary and Permanent Post-Petition Financing from Bayonne Medical Center Opco, LLC Pursuant to Sections 363 and 364 of the Bankruptcy Code; (II) Granting Administrative Priority Claims to DIP Lender Pursuant to Section 364 of the Bankruptcy Code; (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay to Implement the Terms of the DIP Order; and (V) Authorizing Debtors to Use Cash Collateral* [Filed 11/03/2024, D.I. 10]; *(ii) the Motion of IJKG Opco, LLC and IJKG, LLC for Entry of Interim and Final Orders: (I) Authorizing IJKG Opco, LLC and IJKG, LLC to Obtain Temporary and Permanent Post-Petition Financing from Bayonne Medical Center Opco, LLC Pursuant to Sections 363 and 364 of the Bankruptcy Code; (II) Granting Administrative Priority Claims to DIP Lender Pursuant to Section 364 of the Bankruptcy Code; (III) Modifying the Automatic Stay to Implement the Terms of the DIP Order; and (IV) Authorizing the Use of Cash Collateral* [Filed 11/03/2024, D.I. 11], as amended by [D.I. 68, Filed: 11/06/2024]; (iii) the *Motion of Debtors IJKG Opco, LLC and IKJG, LLC for Entry of (A) an Interim Order Approving Collateral Surrender and Operations Transfer Agreement to Allow Inter Alia, Interim Hospital Operations, (B) A Final Order Approving A Private Sale of All Or Substantially All Assets of IJKG Opco, LLC and IJKG, LLC and (C) Granting Related Relief* [Filed: 11/04/2024, D.I. 18]; (iv) the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Assumption of Management Services Agreement, (II) Scheduling a Final Hearing, and (III) Granting Related Relief [Filed: 11/04/2024, D.I. 19]*; and (v) *Motion of*

*the Debtors for an Order (I) Authorizing the Entry Into the Hospital Facilities Management Services Agreement, and (II) Granting Related Relief* [Filed: 12/01/2024, D.I. 212] (collectively, the "Mediation Issues").

2. Except as otherwise provided herein, the following parties (collectively, the "Mediation Parties") are referred to the Mediation: (a) the Debtors; (b) Committee (c) HRH; (d) Insight; and (e) BMC. Any additional party or parties who wish to participate in the Mediation, including, without limitation, Strategic Ventures, LLC, shall be included in the Mediation only if (i) all of the Mediation Parties agree to include such additional party or parties in the Mediation and (ii) the Mediator agrees that the participation of such additional party or parties is necessary or would be beneficial to the Mediation. The Mediation Parties who elect to participate in the Mediation and the additional parties who participate in the Mediation in accordance with the immediately preceding sentence are collectively referred to herein as the "Parties."

3. At any time following entry of this Order, one or more of the Parties may, individually or jointly, propose in writing that the Mediator address one or more additional particular issues (each such proposal, a "Mediation Proposal") so long as such Party or Parties submits the Mediation Proposal by email to the Mediator and all of the Parties and describes, with specificity, the issue(s) that are the subject of the Mediation Proposal. Upon receipt of a Mediation Proposal, the Mediator shall determine, in his discretion, whether to include the Mediation Proposal in the Mediation. [handwritten: If the Mediator determines to accept the Mediation Proposal the Debtor must file a notice on the docket.]

4. The Mediator will consult with and direct the Parties on the matters concerning the Mediation, including, without limitation: (a) the structure and timing of Mediation procedures, including, without limitation, the attendance of specific Parties at any particular

3

Mediation sessions; and (b) the timing, general content, and manner of any submissions to the Mediator.

5. The provisions of Local Rule 9019-5(d) pertaining to "Confidentiality of Mediation Proceedings" shall govern the Mediation.

6. Notwithstanding the foregoing, this Order (a) does not require any Party to submit a dispute as to any matter or make a Mediation Proposal to a Mediator before filing a pleading with the Court or any other court of competent jurisdiction, and (b) is without prejudice to any Party's rights as to the Mediation Issues.

7. All rights of the Parties are preserved and shall not be prejudiced by participation in the Mediation, including, without limitation, any rights to: (i) have final orders in non-core matters entered only after a *de novo* review by a District Court Judge; (ii) seek withdrawal of the reference of any matter subject to mandatory or discretionary withdrawal; (iii) seek remand of any removed matter; (iv) seek or oppose venue transfer; (v) demand arbitration or a jury trial in any proceeding; and (vi) contest the jurisdiction of this Court to enter any order concerning the subject of the Mediation.

8. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

10. This appointment shall be in effect until January 31, 2025, subject to an extension upon request.

December 5, 2024

*[Signature]*
USBJ