**<u>Exhibit 1</u>**

**Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CarePoint Health Systems, Inc. d/b/a Just Health Foundation, et al., [1]<br><br>Debtors. | Chapter 11<br>Case No. 24-12534<br><br>(Joint Administration Requested) |

**DECLARATION OF [ENTITY] PURSUANT TO THE ORDER AUTHORIZING THE
RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN
THE ORDINARY COURSE OF BUSINESS**

I, _____, declare under penalty of perjury:

1. I am a [Position] of [Company], located at [Street, City, State, Zip Code] (the "Company").

2. On _____, 2024, the United States Bankruptcy for the District of Delaware (the "Court") entered the Order (I) Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief [D.I. \_\_] (the "OCP Order"), authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain the services of certain professionals to represent them in matters that do not directly relate to the Debtors' administration of these chapter 11 cases.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

3.     The Debtors have requested that the Company provide [specific description] services to the Debtors, namely [specific Debtor(s) for which services are being provided], and the Company has consented to provide such services.

4.     The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

5.     As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties in interest in these chapter 11 cases.

6.     Neither I nor any principal, partner, director or officer of, or professional employed by, the Company, insofar as I have been able to ascertain, is a relative of the United States Bankruptcy Judge assigned to the chapter 11 cases, and the Company does not have a connection with the United States Bankruptcy Judge that would render the Firm's retention in the chapter 11 cases improper. Further, the Company does not have any connection with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") or any persons employed by the U.S. Trustee.

7.     Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

8. Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

9. The Company has rendered services to the Debtors that have not yet been billed or that have been billed but for which payment has not been received. The value of such services does not exceed $ [Insert Amount]. [FOR NON-ATTORNEY ORDINARY COURSE PROFESSIONALS ONLY: The Firm has agreed to waive any and all claims against the Debtors relating to this outstanding prepetition balance as a condition of its ordinary course retention.]

10. Except as set forth herein, no promises have been received by the Company as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.

11. As of November 3, 2024, which was the date on which the Debtors commenced these chapter 11 cases, the Company [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

12. [*If there is an indemnification agreement*: Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of the Debtors' chapter 11 cases:

    a. The Company shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP Agreement, unless such services and indemnification therefor are approved by the Bankruptcy Court.

    b. Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the Company, or provide contribution or reimbursement to the Company, for any claim or expense

    related to such OCP Agreement that is either: (i) Judicially determined (the determination have become final) to have arisen from the Company's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of the Company's contractual obligations under the OCP Agreement; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which the Company should not receive indemnity, contribution or reimbursement under the terms of the OCP Agreement as modified by this Order.

  c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, the Company believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by the Court's Order), including without limitation the advancement of defense costs, the Company will file a Motion with this Court before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Company for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Company. All parties in interest in these chapter 11 cases shall retain the right to object to any demand by the Company for indemnification, contribution or reimbursement.]

13. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

14. I understand that an Individual Cap of [$_____] has been established with respect to [Company] and that payment of fees and expenses to [Company] is subject to the terms and conditions of the OCP Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2024   _____
                       [Declarant]

#124719180v1