## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:                           Chapter 1

CarePoint Health Systems Inc. d/b/a Just Health     Case No. 24-12534 (JKS)
Foundation, et al.,[1]

                                 (Jointly Administered)

               Debtors.         **Re D.I. 7, 83**

------------------------------------------------------- x

### FINAL ORDER (I) AUTHORIZING THE CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM AND EXISTING BANK ACCOUNTS, (II) AUTHORIZING CONTINUED INTERCOMPANY TRANSFERS AMONG DEBTOR ENTITIES AND (III) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (the "Motion"), filed by the above-captioned debtors (collectively, the "Debtors"), for entry of a final order (this "Final Order"),(i) authorizing, but not directing, the Debtors to continue use of their current Cash Management System, existing Bank Accounts, and Business Forms, including authorizing the Debtors to open and close bank accounts as necessary in the ordinary course of business and authorizing all Banks participating in the Cash Management System to honor certain transfers and charge Bank Fees and certain other amounts, (ii) authorizing continued Intercompany Transfers and, to the extent applicable, granting administrative expense priority status to postpetition Intercompany Claims held by one or more of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

#124677687v4

the Debtors against a Debtor, and (iii) granting related relief, all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A),

(iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED on a final basis, as set forth in this Final Order.

2.    The Debtors are authorized, on a final basis, to maintain and continue using in the ordinary course, subject to the terms of this Final Order, the Cash Management System described in the Motion, a diagram of which is attached to the Motion as Exhibit C, including the Bank Accounts listed as Exhibit C to the Motion.

3.    The Debtors are authorized to continue to use the Bank Accounts under existing

account numbers without interruption; *provided however*, the Banks are directed to rename the Bank Accounts as "debtor in possession" accounts with the Petition Date and the corresponding bankruptcy case number included in the account title.

4.      The Debtors are authorized, on a final basis, to open and close Bank Accounts without further order of this Court and request that the Banks be authorized to honor the Debtors' requests to open or close any existing Bank Accounts as it may deem necessary and appropriate in their sole discretion; *provided*, *however*, that: (a) the Debtors give notice within five calendar days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in these chapter 11 cases, including the official committee of unsecured creditors (the "Committee"); and (b) that the Debtors shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement. Except as otherwise provided in the Motion, the Debtors will not implement any other changes to their Cash Management System without obtaining prior approval from the Court.

5.      The Debtors are authorized to open new bank accounts at any FDIC-insured banking institution which is included on the United States Trustee's approved depository list, with notice to (and without any prior approval by) the Office of the United States Trustee and the Committee, provided that such new accounts shall be designated as debtor-in-possession or DIP accounts, and any checks issued with respect to such accounts shall bear the legend "Debtor In Possession" or "DIP".

6.      Notwithstanding anything herein to the contrary, (a) those certain existing deposit agreements between the Debtors and Banks shall continue to govern the postpetition

cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination, fee provisions, rights, benefits, collateral, offset rights, and remedies afforded under such agreements shall remain in full force and effect in accordance with their terms absent further order of the Court, (b) the Debtors and the Banks may, in consultation with the Committee, and without further order of this Court, agree to and implement non-material changes to the cash management systems and procedures in the ordinary course of business and (c) in the course of providing cash management services to the Debtors, the Banks are authorized without further order of this Court to (i) deduct from the appropriate accounts of the Debtors the Bank Fees, (ii) establish minimum account balances or place holds on any of the Bank Accounts in an amount not to exceed the estimated Bank Fees in order to ensure the payment thereof, and (iii) charge back to the appropriate accounts of the Debtors any amounts resulting from Returned Items (including any over-advances, credit balances, or other customary fees and service charges incurred as a result of such Returned Items) regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the Returned Items relate to prepetition or postpetition items or transfers.

7.      The Debtors are authorized, but not directed, to promptly reimburse Banks for any claims arising under their contractual arrangement and account documentation with the Debtors, whether such claims arose prior to or after the Petition Date, in connection with any Returned Items, and such claims arising post-petition shall have administrative priority status pursuant to section 364(a) of the Bankruptcy Code.

8.      The Debtors shall stop payment on any checks, drafts, wires, or ACH transfers drawn or issued by the Debtors before, but which did not clear the Bank Accounts prior to, the Petition Date. The Debtors are authorized to reissue such payments on a postpetition basis, in consultation with the Committee, subject to the entry of one or more orders(s) of the Court

4

authorizing such payment.

9.      Each Bank is authorized, but not directed, to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, and other electronic transfers of any kind issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided* that notwithstanding anything herein to the contrary, the Bank is authorized to honor on a postpetition basis any wire, drafts, checks, electronic transfer requests, or other items issued or dated prior to the Petition Date, unless the Bank has received written instructions (including by electronic mail) not to honor or pay any particular prepetition wires, drafts, checks, electronic transfer requests or other items presented for payment against the Bank Accounts, and solely to the extent that the applicable Bank Accounts contain sufficient funds. The Bank shall have no duty to inquire as to whether such payments are authorized by any order of this Court, and the Bank shall not incur any liability to the Debtors, their estates, or any other party on account of (a) relying upon the Debtors' instructions, or acting at the Debtors' direction, as to which wires, checks, drafts or other items drawn on any of the Bank Accounts should be honored or dishonored or for the Bank's inadvertence in honoring any wire, check, drafts, electronic transfer requests, or other item drawn on any of the Bank Accounts at variance from the Debtors instructions, (b) honoring or dishonoring any prepetition wires, checks, drafts, electronic transfer requests, or other items drawn on any of the Bank Accounts in a good faith belief or upon a representation by the Debtors that the Court has authorized the Bank to honor or dishonor such prepetition wire, check, draft, electronic transfer request or other item, or (c) an innocent mistake despite implementation of reasonable handling procedures.

5

10.     The Debtors are authorized to continue to use their existing checks and other Business Forms, which checks and business forms shall not be required to include the legend "Debtor in Possession" or the corresponding bankruptcy case number. However, if new checks and business forms are ordered during the pendency of these Chapter 11 Cases, such checks and business forms shall be required to include the legend "Debtor in Possession" and the corresponding bankruptcy case number.

11.     The Debtors are authorized, from and after the Petition Date on a final basis, to continue to utilize their Cash Management System with respect to Intercompany Transfers, as described in the Motion, solely to the extent in accordance with the Debtors' customary business practices that existed prior to the Petition Date and in accordance with any approved budget. Subject to any such approved budget, the Intercompany Claims against a Debtor held by another Debtor arising from postpetition Intercompany Transfers, if any, shall be entitled to administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code.

12.     The Debtors shall maintain accurate and detailed records of all transfers, including Intercompany Transfers, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and postpetition transactions, and such records shall be made available upon request by the U.S. Trustee and the Committee.

13.     The Debtors are authorized to deposit funds in accordance with existing practices under the Cash Management System as in effect as of the Petition Date, subject to any reasonable non-material changes, consistent with this Final Order, to the Cash Management System that the Debtors may implement, and, to the extent such practices are inconsistent with the requirements of section 345(b) of the Bankruptcy Code, the Debtors are hereby granted an extension of time for a period of 45 days from entry of this Final Order (or such additional time as the U.S. Trustee

#124677687v4

may agree to) (the "*Extension Period*") within which to either come into compliance with section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed with the U.S. Trustee. Such extension is without prejudice to the Debtors' right to request from this Court a further extension of the Extension Period or a final waiver of the requirements under section 345(b).

14.     The Debtors are authorized to close any of the Bank Accounts, including but not limited to the Dormant Accounts.  The Debtors shall give notice of the closure of any Bank Account to the U.S. Trustee and the Committee

15.     In accordance with the prepetition termination notice provided by PNC Bank with respect to the cash management services provided to the Debtors, Debtors shall close all Bank Accounts at PNC Bank on or before December 31, 2024.

16.     Notwithstanding any other provision of this Order, no funds or deposit in any account in the name of Garden State Healthcare Associates, LLC shall be transferred, directly or indirectly, to or for the benefit of any other Debtor or any non-debtor affiliate of any of the Debtors.

17.     As soon as possible but not later than ten business days of the date of entry of this Final Order, the Debtors shall contact each of the Banks, providing each of the Debtors' employer identification numbers and the lead bankruptcy case number and identifying each of their Bank Accounts held at such Banks as being held by a debtor in possession in a bankruptcy case.

18.     The Debtors are hereby authorized to execute any additional documents and cooperate with the Banks as may be required to implement carry out this Final Order.

19.     Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the

7

disbursements of each Debtor, regardless of which entity that makes those disbursements.

20.    The requirements of Bankruptcy Rule 6003(b) are satisfied.

21.    The requirements of Bankruptcy Rule 6004(a) are waived.

22.    Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Final Order shall be immediately effective and enforceable upon its entry.

23.    The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Final Order.

24.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Final Order.

**Dated: December 6th, 2024**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

8

#124677687v4