IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re:<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 24-12534 (JKS)<br>(Jointly Administered)<br><br>Re D.I 8, 125 |

---

### FINAL ORDER (I) AUTHORIZING THE DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF

This matter coming before this Court upon the motion (the "Motion")[2], filed by the above-captioned debtors (collectively, the "Debtors") for entry of a final order (this "Final Order"), authorizing, but not directing, (i) the Debtors' proposed form of adequate assurance of payment to the Utility Companies, (ii) establishing procedures for resolving objections by Utility Companies, (iii) prohibiting Utility Companies from altering, refusing, or discontinuing service to the Debtors on the basis of the commencement of these Chapter 11 Cases, that a debt owed by the Debtors for prepetition Utility Services was not paid when due, or on account of any perceived inadequacy of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

#124677109v5

the Debtors' proposed adequate assurance and (iv) and granting related relief, all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Final Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis, as set forth in this Final Order.

2. Subject to the procedures described below, no Utility Company may (a) alter, refuse, terminate, or discontinue utility services to, or discriminate against, the Debtors on the basis of the commencement of these Chapter 11 Cases or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Adequate Assurance Deposit (defined below), as a condition to the Debtors receiving such utility services.

#124677109v5

3. The Debtors and Public Service Electric and Gas Company ("PSEG") have resolved the objection of PSEG [D.I. 183] by letter agreement dated December 4, 2024 (the "Letter Agreement"). The Letter Agreement provides that the Debtors shall provide PSEG with a cash deposit of $360,615, the adequate assurance payment allocated for the Debtors' payment to PSEG, as adequate assurance for PSEG's services (the "PSEG Adequate Assurance Deposit"). If the Debtors no longer require service at an account of PSEG for any reason, PSEG shall promptly close the account and refund the PSEG Adequate Assurance Deposit, less all final post-petition charges, to the Debtors. The PSEG Adequate Assurance Deposit shall be funded from the funds that the Debtors have set aside for the Adequate Assurance Account, as defined below.

4. As adequate assurance for the payment of Utility Services, the Debtors shall provide a cash deposit of an amount that would satisfy, on an aggregate basis, the costs for Utility Services provided by each Utility Company on the Utility Company List, excluding PSEG, for a period of one-half of one month calculated based on the average monthly cost of Utility Services during the first seven months of 2024, an amount totaling $147,385 (the "Adequate Assurance Deposit"). The Adequate Assurance Deposit shall be paid into a segregated account of the Debtors (the "Adequate Assurance Account") for the benefit of Utility Companies within 20 days of the Petition Date, except those Utility Companies that agree writing to a lesser amount or are paid in advance for post-petition Utility Services (in which case, the deposit on account of such Utility Service will be reduced by the amount of the prepayment); provided, however that the PSEG Adequate Assurance Deposit shall be subject to the terms as set forth in the Letter Agreement.

5. Notwithstanding anything to the contrary in the Motion, the Debtors may not consider any pre-petition deposit held by a Utility Provider when determining the ratable amount of Adequate Assurance Deposit to be added/made on behalf of such Utility Provider.

#124677109v5

6. Notwithstanding anything to the contrary in any other order of this Court, including any order approving the use of cash collateral in these Chapter 11 Cases, the interests of any party, including, but not limited to, the Debtors' postpetition or prepetition lenders, in, or lien on, the Adequate Assurance Deposit, to the extent applicable and subject to the challenge rights of the official committee of unsecured creditors (the "Committee"), shall be subordinate to the Utility Providers' interest in any Adequate Assurance Deposit until such time as the Adequate Assurance Deposit is returned to the Debtors or as otherwise ordered by the Court.

7. The Adequate Assurance Deposit shall be maintained until the earlier of (a) reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of utility services from such Utility Provider, in consultation with the Committee, (b) entry of an order of the Court authorizing the return of the Adequate Assurance Deposit, (c) the effective date of any chapter 11 plan in the Debtors' cases, and (d) the dismissal of these Chapter 11 Cases. Upon any of the foregoing, the Adequate Assurance Deposit shall be returned to the Debtors.

8. The Adequate Assurance Deposit constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code (the "Proposed Adequate Assurance"). To the extent a Utility Company seeks additional adequate assurance, it must comply with the following Adequate Assurance Procedures:

   a) If a Utility Company seeks additional adequate assurance of payment, it must serve an additional assurance request (the "Additional Assurance Request") upon the following parties (collectively, the "Notice Parties"):

   i. counsel for the Debtors, Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, PA 19102 (Attn: Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, PA 19102 (Attn: Lawrence G. McMichael, Esq. [lmcmichael@dilworthlaw.com]; Peter C. Hughes, Esq. [phughes@dilworthlaw.com]; Anne M. Aaronson, Esq. [aaaronson@dilworthlaw.com]; Jack Small, Esq. [jsmall@dilworthlaw.com]);

#124677109v5

      ii.      counsel to Capitala Private Advisors, LLC, Young Conaway Stargatt & Taylor LLP, 1000 N. King St., Wilmington, PA 19801 (Attn: Robert Poppiti, Jr. [rpoppiti@ycst.com]) and Moore & VanAllen PLLC, 100 N. Tryon St., Suite 4700, Charlotte, NC 28202 (Attn: Alan W. Pope [alanpope@mvalaw.com]); counsel to Maple Healthcare LLC, Bielli & Klauder, LLC (Attn: David M. Klauder [dklauder@bk-legal.com]) and Levenfeld Pearlstein, LLC (Attn: Harold D. Israel [hisrael@lplegal.com]); and counsel to Bayonne Medical Center Opco, LLC, Lewis Brisbois Bisgaard & Smith LLP, 500 Delaware Ave, Suite 700, Wilmington, DE 19801 (Attn: Scott D. Cousins [scott.cousins@lewisbrisbois.com]) and Mandelbaum Barrett PC, 3 Becker Farm Rd., Suite 105, Roseland, NJ 07068 (Attn: David B. Bailen [dbailen@mglawfirm.com]); and

      iii.     counsel to the Committee, Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew Sherman, Esq. [asherman@sillscummis.com] and Boris Mankovestkiy, Esq. [bmankovetskiy@sillscummis.com]).

b)    Each Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) set forth whether the Utility Company holds any deposits or other security, and if so, in what amount; and (v) set forth why the Utility Company believes the Proposed Adequate Assurance is insufficient.

c)    Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall, in consultation with the Committee, have 20 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Company to resolve such Utility Company's request for additional assurance of payment. The Debtors, in consultation with the Committee, and the applicable Utility Company also may agree to extend the Resolution Period.

d)    The Debtors, in their discretion, in consultation with the Committee, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtors, in consultation with the Committee, believe such additional assurance is reasonable. The Debtors, in consultation with the Committee, may reduce the amount of the Adequate Assurance Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

   e)  If the Debtors determine, in consultation with the Committee, that an Additional Assurance Request is not reasonable or are not able to resolve such request during the Resolution Period, the Debtors, during or promptly after the Resolution Period, will request a hearing before this Court to determine adequate assurance of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

   f)  Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be prohibited from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services, the commencement of these Chapter 11 Cases, or any objections to the Proposed Adequate Assurance, or requiring the Debtors to furnish any additional deposit or other security for the continued provision of services.

   g)  If a Utility Company fails to file and serve an Additional Assurance Request, absent a further Court order addressing a subsequent request to modify the Adequate Assurance Deposit pursuant to section 366(c)(3) of the Bankruptcy Code, the Utility Company shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors solely on account of their bankruptcy filings, any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

9.  The Debtors are authorized, as necessary, to provide a copy of this Final Order to any Utility Company not listed on the Utility Service List (each, an "<u>Additional Utility Company</u>" and, collectively, the "<u>Additional Utility Companies</u>"), as such Utility Companies are identified. Promptly upon their discovery of an Additional Utility Company, the Debtors shall, in consultation with the Committee, increase the Adequate Assurance Deposit by an amount equal to approximately one-half of one month of the Debtors' estimated aggregate utility expense for each Additional Utility Company, unless such Additional Utility Company agrees in writing to a lesser amount, is paid in advance for Utility Services, or already holds a deposit for the Utility Services (in which case, the deposit on account of such Utility Service may be reduced by the amount of the deposit or prepayment). The Additional Utility Companies shall be subject to the terms of this Final Order, including the Adequate Assurance Procedures.

#124677109v5

10. If any Utility Account becomes a closed account during the course of these Chapter 11 Cases, without the need for further order of this Court or notice to any parties, the Debtors shall be authorized, in consultation with the Committee, to decrease the amount of the Adequate Assurance Deposit by withdrawing from the segregated account the amount deposited with respect to such closed account to the extent no dispute regarding postpetition payments exists.

11. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Company List.

12. The Debtors are authorized, but not directed, in consultation with the Committee, to continue honoring adequate assurance obligations with respect to supply agreements of Debtor and non-Debtor affiliates relating to the purchase of electricity, natural gas or similar services.

13. Nothing contained in this Final Order is intended to or shall: (a) be construed as an admission as to the validity of any claim against the Debtors; (b) impair, prejudice waive or otherwise affect the rights of the Debtors, their estates, or the Committee to dispute the amount of, basis for, nature, validity or priority of any claim or lien against the Debtors or their assets; (c) impair, prejudice waive or otherwise affect the rights of the Debtors, their estates, or the Committee with respect to any and all claims or causes of action which may exist against any third party; (d) be construed as an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under section 365 of the Bankruptcy Code; and (e) create any rights in favor of, or enhance the status or nature of any claim held by, any person.

14. The requirements of Bankruptcy Rule 6003(b) are satisfied.

15. The requirements of Bankruptcy Rule 6004(a) are waived.

16. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Final Order shall be immediately effective and enforceable upon its entry.

17. The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Final Order.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Final Order.

Dated: December 6th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

#124677109v5