## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

CarePoint Health Systems Inc. d/b/a Just Health
Foundation, et al., [1]

　　　　　　　　　　　　　Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 11
Case No. 24-12534 (JKS)
(Jointly Administered)

**Re D.I. 13 & 84**

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE THEIR INSURANCE POLICIES ENTERED INTO PREPETITION AND PAY PREPETITION OBLIGATIONS IN RESPECT THEREOF, (B) HONOR PREPETITION PREMIUM FINANCING AGREEMENT, AND (C) RENEW INSURANCE PREMIUM FINANCING AGREEMENT IN THE ORDINARY COURSE OF BUSINESS; (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (III) GRANTING RELATED RELIEF

This matter coming before the Court on the motion (the "Motion")[2], filed by the above-captioned debtors (collectively, the "Debtors") for entry of a final order (this "Final Order"), authorizing, but not directing, the Debtors, in their sole discretion, to continue their insurance policies and premium financing and pay prepetition obligations in respect thereof, (ii) authorizing the Debtors' banks and other financial institutions to receive, process, honor and pay all checks

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

issued and electronic payment requests made related to such insurance obligations and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § (A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Final Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis, as set forth in this Final Order.

2.      The Debtors are authorized, but not required, to pay, in their discretion, in consultation with the Committee, all prepetition Insurance Obligations in connection with the Insurance Policies and Premium Financing, as they come due in the ordinary course of business, including any amounts that have accrued and come due postpetition.

2

3.      Subject to paragraph 2 of this Final Order, the Debtors are authorized, but not directed, in consultation with the Committee, to maintain and administer their Insurance Policies and Premium Financing in the ordinary course of business and consistent with past practice and honor and pay all claims and other costs and expenses related thereto whether arising prior to or after the Petition Date.

4.      The Debtors are authorized, in consultation with the Committee, to renew the existing Insurance Policies and Premium Financing arrangements or enter into new insurance arrangements (including for "tail" periods) in the ordinary course of business, as may be required as the annual terms of existing arrangements expire.

5.      Without further order of this Court, the Debtors are authorized, but not directed, in consultation with the Committee, to amend, supplement, change, or enter into new broker retention agreements in connection with the Insurance Policies and to pay any Broker Fees, whether incurred or due and payable before or after the Petition Date, in the ordinary course of the Debtors' businesses.

6.      All applicable banks and other financial institutions at which the Debtors maintain their accounts are authorized and directed to (a) receive, process, honor, and pay any and all checks and drafts presented for payment and to honor all electronic payment requests made by the Debtors that relate to the prepetition obligations described in the Motion, whether such checks were presented or electronic fund transfer requests were submitted prior to or after the Petition Date, and (b) rely on the Debtors' designation of any particular check or electronic payment request as approved under this Final Order.

#124707507v2

7.      Notwithstanding anything to the contrary, each of the Debtors' Insurance Providers shall list the United States Trustee and the Committee on each of the Debtors' Insurance Policies as a notice party.

8.      This Final Order is without prejudice to the rights of the Debtors, their estates and the Committee to contest the validity, priority or amounts of any Insurance Obligations on any grounds they deem appropriate, and any rights of the Debtors, their estates and the Committee with respect to such matters shall be reserved.

9.      Nothing contained in this Final Order is intended to or shall: (a) be construed as an admission as to the validity of any claim against the Debtors; (b) impair, prejudice waive or otherwise affect the rights of the Debtors, their estates, or the Committee to dispute the amount of, basis for, nature, validity or priority of any claim against the Debtors or their estates; (c) impair, prejudice waive or otherwise affect the rights of the Debtors, their estates, or the Committee with respect to any and all claims or causes of action which may exist against any third party; (d) be construed as an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under section 365 of the Bankruptcy Code; and (e) create any rights in favor of, or enhance the status or nature of any claim held by, any person. Authorization to pay the claims described in this Motion shall not be deemed a direction to the Debtors to pay such claims; rather, the Debtors will make any such payments in their discretion, in consultation with the Committee. Any payment made pursuant to this Final Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of any of the Debtors' or the Committee's rights to subsequently dispute such claim.

10.     The requirements of Bankruptcy Rule 6003(b) are satisfied.

#124707507v2

11.    Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Final Order shall be immediately effective and enforceable upon its entry.

12.    The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Final Order.

13.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Final Order.

**Dated: December 6th, 2024**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

#124707507v2