# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 24-12534<br>(Joint Administration Requested)<br><br>**Re D.I. 14, 126** |

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF PATIENT CARE VENDORS AND (II) GRANTING RELATED RELIEF

This matter coming before this Court upon the motion (the "Motion")[2] for entry of a final order (this "Final Order") (i) authorizing, but not directing, the Debtors to pay allowed prepetition claims for goods or services related to the Debtors' operations and essential to patient care (collectively, the "Prepetition Patient Care Claims") of vendors (collectively, the "Patient Care Vendors") in the ordinary course of business, (ii) authorizing applicable banks and other applicable financial institutions to honor and process related checks and transfers and (iii) granting related relief, all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Capitalized terms used but not defined in this Final Order have the meanings used in the Motion.

#124707515v2

property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "Hearing"); and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis, as set forth in this Final Order.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 503(b)(9) of the Bankruptcy Code, in the reasonable exercise of their business judgment, to pay, in the ordinary course of business, some or all of the Prepetition Patient Care Claims of Patient Care Vendors in full, provided that such payments in the aggregate do not exceed $1,750,000; and that no Patient Care Vendor be paid in excess of the Patient Care Vendor Cap unless otherwise ordered by this Court; provided, further, that as a condition to payment hereunder, such Patient Care Vendor, to the extent applicable, shall agree to maintain or reinstate trade terms during the

pendency of the Chapter 11 Cases that are at least as favorable as those existing 180 days prior to the Petition Date or on such other terms satisfactory to the Debtors in their business judgment.

3. The Debtors shall maintain a matrix/schedule of all amounts directly or indirectly paid under the terms of this Order (the "Payment Matrix"), including the following information: (a) the identity of the recipient of any payment; (b) a summer of the nature of the services performed or goods provided by such recipient; (c) the amount of any payment; (d) the payment date; and (e) the Debtor that made the payment. Within 14 days after the end of each month, commencing with the first full month after entry of this Order, the Debtors shall provide a copy of the Payment Matrix to the U.S. Trustee and counsel to the official committee of unsecured creditors (the "Committee"). The Debtors shall not be required to file or publish the Payment Matrix.

4. No payment shall be made pursuant to this Order: i) that exceeds the total rolling amounts provided in the Debtors' post-petition financing budget without prior consultation with the Committee; and (ii) until the Committee's financial advisor has had an opportunity to review and approve the validity of each proposed payment. The Committee's financial advisor shall have five (5) calendar days to review any proposed payment to be made pursuant to this Order. In the event the Committee's financial advisor does not approve any such proposed payment, the Debtors shall be authorized to request an expedited hearing to seek approval of such payment and the Committee shall not oppose the Debtors' request for an expedited hearing.

5. Nothing herein shall be deemed a waiver, release, or limitation of any claims or causes of action of the Debtors' estates against any recipient of the payments, including, without limitation, under chapter 5 of the Bankruptcy Code.

6. In the event that a Patient Care Vendor does not maintain or reinstate trade terms at least as favorable as those existing 180 days prior to the Petition Date during the pendency of the Chapter 11 Cases, or does not maintain such other terms agreed to by the Debtors, the Debtors reserve the right to recharacterize any payments made pursuant to this Final Order after the Petition Date as deemed applied as a credit against any outstanding postpetition amounts payable to such Patient Care Vendor and seek to recover such payments as an unauthorized postpetition transfer under section 549 of the Bankruptcy Code or other applicable law.

7. The Debtors are authorized, but not directed, in their sole discretion, pursuant to section 363(c)(1) of the Bankruptcy Code, to pay in the ordinary course of their businesses all undisputed obligations arising from the postpetition delivery or shipment of goods consistent with their customary past practice.

8. The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Final Order.

9. All applicable banks and other financial institutions at which the Debtors maintain their accounts are authorized and directed to (a) receive, process, honor, and pay any and all checks and drafts presented for payment and to honor all electronic payment requests made by the Debtors that relate to the prepetition obligations described in the Motion, whether such checks were presented or electronic fund transfer requests were submitted prior to or after the Petition Date, and (b) rely on the Debtors' designation of any particular check or electronic payment request as approved under this Final Order.

10. Nothing contained in this Final Order is intended to or shall: (a) be construed as an admission as to the validity of any claim against the Debtors; (b) impair, prejudice waive or

otherwise affect the rights of the Debtors, their estates, or the Committee to dispute the amount of, basis for, nature, validity or priority of any claim against the Debtors; (c) impair, prejudice waive or otherwise affect the rights of the Debtors, their estates, or the Committee with respect to any and all claims or causes of action which may exist against any third party; (d) be construed as an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under section 365 of the Bankruptcy Code; or (e) create any rights in favor of, or enhance the status or nature of any claim held by, any person. Authorization to pay the claims described in this Motion shall not be deemed a direction to the Debtors to pay such claims; rather, the Debtors will make any such payments in their discretion. Any payment made pursuant to this Final Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of any of the Debtors' or the Committee's rights to subsequently dispute such claim

11. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied.

12. The requirements of Bankruptcy Rule 6003(b) are satisfied.

13. The requirements of Bankruptcy Rule 6004(a) are waived.

14. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Final Order shall be immediately effective and enforceable upon its entry.

15. The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted in this Final Order.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Final Order.

Dated: December 6th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

#124707515v2