# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------- x
In re:                                : Chapter 11
                                      :
CarePoint Health Systems Inc., d/b/a Just Health : Case No. 24-12534 (JKS)
Foundation, et al.,[1]                :
                                      : (Jointly Administered)
     Debtors.                         :
------------------------------------- x **Related D.I.: 161**

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS

This matter coming before this Court on the motion (the "<u>Motion</u>"),[2] filed by the above-captioned debtors (the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), establishing procedures for the interim compensation and reimbursement of expenses of professionals; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court of the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceedings pursuant to 28 U.S.C. § 157 (b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Capitalized terms not otherwise defined in this Order have the meanings given to them in the Application.

#124710442v2

notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and this Court having found that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth in this Order.

2. Except as otherwise provided in any order of this Court authorizing the retention of a particular Professional, each Retained Professional specifically retained pursuant to an order of this Court in these Chapter 11 Cases may seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

    a) On or after the fourteenth (14th) day of each calendar month following the month for which compensation is sought, each Retained Professional seeking allowance of its monthly fees and expenses may file an application (including the relevant time entry, description, and expense detail) with the Court pursuant to Section 331 of the Bankruptcy Code for allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Monthly Fee Application"), and serve a copy of such Monthly Fee Application by first class mail or email on the following parties (collectively, the "Notice Parties"): (i) proposed counsel to the Debtors, Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, Pennsylvania 19102 (Attn: Lawrence G. McMichael, Peter C. Hughes, Anne M. Aaronson, and Jack Small (emails: lmcmichael@dilworthlaw.com, phughes@dilworthlaw.com, aaaronson@dilworthlaw.com, and jsmall@dilworthlaw.com)); (ii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (email: jane.m.leamy@us.doj.gov); (iii) counsel to Bayonne Medical Center Opco, LLC, Mandelbaum Barrett PC, 3 Becker Farm Road, Roseland, NJ 07068 (Attn: Mohamed Nablusi, Vincent Roldan, and Mason Allen [emails: mnablusi@mblawfirm.com, vroldan@mblawfirm.com, mallen@mblawfirm.com]); and (iv) counsel to the official committee of unsecured creditors, Sills Cummins & Gross P.C., One Riverfront Plaza, Newark, NJ 07102 (Attn: Andrew Sherman and Boris Monkovetskiy [emails: asherman@sillscummins.com, bmankovetskiy@sillscummins.com]). Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently file a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. Any party in interest that desires to receive

#124710442v2

copies of the Monthly Fee Applications by electronic delivery may submit a written request to the Debtors' counsel.

b) All Monthly Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. The first Monthly Fee Application submitted by each Retained Professional shall cover the period from the Petition Date through and including November 30, 2024, unless later submitted as a consolidated Monthly Fee Application.

c) Each Notice Party will have twenty-one days (21) days after service of a Monthly Fee Application (the "<u>Objection Deadline</u>") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (d) below. Upon the expiration of the Objection Deadline, each Retained Professional may file with the Court a Certificate of No Objection ("<u>CNO</u>"), as appropriate, with respect to the unopposed portion of its fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the applicable Retained Professional an amount (the "<u>Actual Amount</u>") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "<u>Maximum Monthly Payment</u>") or (ii) 80% of the fees and 100% of the expenses not subject to an unresolved objection pursuant to subsection (d) below.

d) If any Notice Party objects to a Retained Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Retained Professional and each other Notice Party a written objection (the "<u>Objection</u>") so as to be received on or before the day of the Objection Deadline. An Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fourteen days (14) after service of the Objection, the affected Retained Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Retained Professional (the "<u>Incremental Amount</u>") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

e) With respect to the first three-month period after the Petition Date and each subsequent three-month period thereafter, each Retained Professional shall file with the Court and serve on the Notice Parties an application (the "<u>Interim Fee Application</u>") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such three-month period (the "<u>Interim Fee Period</u>") pursuant to Section 331 of the

Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by the Court or required by the applicable Local Rules. Interim Fee Applications shall be filed with the Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period or as soon as thereafter is practicable. Each Retained Professional may file its first Interim Fee Application, if any, on or after February 3, 2025. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected Retained Professionals and the Notice Parties so as to be received on or before the twenty-first (21st) day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

f) If any Interim Fee Applications are filed, the Debtors shall request that the Court schedule a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as the Court deems appropriate. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

g) The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

h) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensations and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an objection to any Monthly Fee Application or Interim Fee Application shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of Retained Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures shall be subject to disgorgement until final allowance by the Court.

i) Service of the Monthly Fee Applications, Interim Fee Application Requests, final fee applications, and notices of any hearing thereon (the "Hearing Notices") shall be as follows: (i) the Notice Parties will receive the Monthly Fee Applications, Interim Fee Application Requests, final fee applications, and Hearing Notices; and (ii) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall receive only the Interim Fee Applications, final fee applications, and the Hearing Notices. Providing notice in this manner will permit the parties most active in this Chapter 11 Case to monitor the fees and expenses incurred by Professionals, while avoiding unnecessary duplication and mailing expenses.

j) Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive further monthly or interim

      payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application covering the prior period is filed and served by the Professional. There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

    k) Professionals shall file final applications for compensation and reimbursement (collectively, the "<u>Final Fee Applications</u>") by such deadline as may be established in a confirmed Chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

    l) Any statutorily appointed committee in the Chapter 11 Cases is permitted to submit statements of expenses (excluding the fees and expenses of third-party counsel to the individual committee members) and supporting vouchers to the committee's counsel, which counsel shall collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures as if such committee members were Retained Professionals; *provided*, *however*, that the approval of the Compensation Procedures does not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or other applicable law.

3. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. The Debtors are authorized to execute any additional or supplemental documents incident to the relief granted herein.

5. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**Dated: December 6th, 2024**
**Wilmington, Delaware**

                                                  **J. KATE STICKLES**
                                                  **UNITED STATES BANKRUPTCY JUDGE**