# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12534 (JKS)<br><br>(Joint Administration Requested)<br><br>**Re D.I. 6, 102** |

## FINAL ORDER APPROVING CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY RULES

Upon consideration of the Motion of the Debtors for Entry of a Final Order Approving Certain Procedures to Maintain the Confidentiality of Patient Information as Required by Applicable Privacy Rules (the "**Motion**")[2], and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the First Day Declaration in support thereof; and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Capitalized terms used but not defined in this Interim Order have the meanings given to them in the Motion.

#124705099v1

that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and having considered statements in support of the Motion at the hearing held before this Court (together, the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The following procedures (the "Privacy Procedures") shall apply in these Chapter 11 Cases:

    (a) the Debtors shall omit any reference to current or former patients from the matrix of creditors and from any certificate of service, subject to section (d) below;

    (b) the Debtors shall identify current or former patients in the Schedules and Statements solely by a code number, such as "Patient 1," "Patient 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available to (i) the Court, the United States Trustee, and the Committee upon request; and (ii) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so;

    (c) the Debtors and/or their proposed claims and noticing agent shall maintain a list of all (a) current patients and (b) former patients who received

treatment in the two-year period prior to the Petition Date (collectively, the "Patient List"), and shall make the Patient List, or any portion thereof, available to any party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so;

(d) when the Debtors serve any paper upon any person listed on the Patient List, the Debtors shall note in the respective certificate of service that the parties served include persons listed on the Patient List; and

(e) to the extent any Patient discloses his or her own personal health information in any pleading, notice, or other publicly available document, the Debtors and their professionals shall be permitted, as necessary, and to the extent required by the Bankruptcy Code, the Bankruptcy Rules, or any other applicable law, rule, or court order, directed to include such personal health information in any subsequent pleading, notice, document, list, or other public disclosure made in connection with these chapter 11 cases, and such disclosure shall not be deemed to be a "wrongful disclosure" within the meaning of HIPAA or any regulation promulgated thereunder.

3. Nothing in this Order shall affect the rights or obligations of the Committee or any patient care ombudsman or long term care ombudsman appointed in these cases pursuant to 11 U.S.C. § 333.

4. The Debtors' compliance with the foregoing Privacy Procedures shall constitute compliance with section 512 of the Bankruptcy Code, Bankruptcy Rule 1007(a) and Local Rule 1007.

5.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: December 6th, 2024  
Wilmington, Delaware

J. KATE STICKLES  
UNITED STATES BANKRUPTCY JUDGE

#124705099v1