# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12534 (JKS)<br><br>(Jointly Administered)<br><br>Re: D.I. 169, 203 |

## FINAL ORDER AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION PHYSICIAN COMPENSATION AND EXPENSES

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for Authority to Pay Certain Prepetition Physician Compensation and Expenses; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record herein; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, the Debtors' creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

#124707574v2

2. The Debtors are authorized, but not directed, to pay the Prepetition Physician Compensation and Expenses in excess of the section 507(a)(4) statutory limit up to an aggregate amount of $1,500,000, as set forth in the Motion, including all payroll taxes and withholdings associated therewith.

3. The Debtors shall maintain a matrix/schedule of all amounts directly or indirectly paid under the terms of this Order (the "Payment Matrix"), including the following information: (a) the identity of the recipient of any payment; (b) a summary of the nature of the services performed or goods provided by such recipient; (c) the amount of any payment; (d) the payment date; and (e) the Debtor that made the payment. Within 14 days after the end of each month, commencing with the first full month after entry of this Order, the Debtors shall provide a copy of the Payment Matrix to the U.S. Trustee and counsel to the official committee of unsecured creditors (the "Committee"). The Debtors shall not be required to file or publish the Payment Matrix.

4. No payment shall be made pursuant to this Order: i) that exceeds the total rolling amounts provided in the Debtors' post-petition financing budget without prior consultation with the Committee; and (ii) until the Committee's financial advisor has had an opportunity to review and approve the validity of each proposed payment. The Committee's financial advisor shall have five (5) calendar days to review any proposed payment to be made pursuant to this Order. In the event the Committee's financial advisor does not approve any such proposed payment, the Debtors shall be authorized to request an expedited hearing to seek approval of such payment and the Committee shall not oppose the Debtors' request for an expedited hearing.

#124707574v2

5.     Nothing herein shall be deemed a waiver, release, or limitation of any claims or causes of action of the Debtors' estates against any recipient of the payments, including, without limitation, under chapter 5 of the Bankruptcy Code.

6.     The requirements of Bankruptcy Rule 6003(f) are satisfied by the contents of the Motion.

7.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.     Nothing in this Order constitutes, or shall be deemed to be, an assumption by the Debtors of any employment agreement, labor agreement or collective bargaining agreement pursuant to Bankruptcy Code section 365.

10.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

December 13, 2024

_____
USBJ