# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, *et al.*,[1]<br><br>         Debtors. | ) Chapter 11<br>)<br>) Case No. 24-12534 (JKS)<br>)<br>) Jointly Administered<br>)<br>) |

**APPLICATION FOR ORDER, PURSUANT TO 11 U.S.C. §§ 328, AND 1103, FED. R. BANKR. P. 2014, AND LOCAL RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CAREPOINT HEALTH SYSTEMS INC. D/B/A JUST HEALTH FOUNDATION, *ET AL*. *NUNC PRO TUNC* TO NOVEMBER 20, 2024**

The Official Committee of Unsecured Creditors (the "Committee") of CarePoint Health Systems Inc. d/b/a Just Health Foundation, *et al.*, the above-captioned debtors and debtors in possession (the "Debtors") hereby submits its application (the "Application") for the entry of an order authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as co-counsel to the Committee in connection with the Debtors' jointly administered chapter 11 cases (the "Cases"), *nunc pro tunc* to November 20, 2024, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In support of the relief sought in the Application, the Committee submits the (i) Declaration of Bradford J. Sandler, a partner of the Firm (the "Sandler Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference and the Declaration of Debbie White (the "White Declaration"), a copy of which is attached hereto as **Exhibit B**.  In further support of the Application, the Committee respectfully states as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## Background

4. On November 3, 2024 (the "Petition Date"), each of the Debtors except IJKG Opco, LLC ("IJKG Opco"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code voluntary relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").

5. On the Petition Date, three creditors of IJKG Opco, 29 E 29 Street Holdings, LLC, Bayonne Medical Center Opco, LLC, and Peter Wong, MD, filed an involuntary

petition against IJKG Opco under Chapter 11 of the Bankruptcy Code. On the Petition Date, IJKG Opco filed an answer consenting to the relief requested in the involuntary petition.

6. The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

7. On November 19, 2024, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a) of the Bankruptcy Code.

8. The Committee consists of the following seven parties: Health Professionals & Allied Employees AFT-AFL/CIO (chair); Public Service Electric and Gas Company; Medely, Inc.; Nurse Staffing, LLC, d/b/a Nurses 24/7; Sodexo, Inc. & Affiliates; Sierra Health Group LLC; and the Committee of Interns and Residents, SEIU.

9. The first meeting of the Committee was held on November 19, 2024, and at that meeting, the Committee selected Sills Cummis & Gross P.C. ("Sills") and the Firm as its proposed attorneys in these cases subject to Court approval.

10. The Committee seeks to retain PSZJ as counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Firm has approximately 75 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters. The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases. Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and others, including: *SunPower Corporation; Ambri, Inc.,*

*Number Holdings, Inc., Unconditional Love Inc., AN Global, LLC, Big Village Group Holding LLC*; *Agway Farm & Home Supply, LLC*; *Alamo Drafthouse Cinemas Holdings, LLC*; *YouFit Health Clubs, LLC*; *Lucky Brand Dungarees, LLC*; *Art Van Furniture, LLC*; *CraftWorks Parent, LLC*; *Surgalign Holdings, Inc., Cyxtera Communications, LLC*; *Bed Bath & Beyond Inc.*; *and Party City Holdco Inc.*, among others. Based on these facts, the Committee believes that the Firm is well-qualified to render the services as described below.

### Relief Requested

11. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit C**, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain the Firm as its co-counsel in these Cases. The Committee seeks to retain the Firm *nunc pro tunc* to November 20, 2024 because the Firm began providing services to the Committee as of such date. The Committee believes that such *nunc pro tunc* retention is appropriate in these Cases because the Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of these Cases, and the Firm has been providing services to the Committee since November 20, 2024.

### Services to be Rendered

12. Subject to further order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

    a. Assisting, advising and representing the Committee in its consultations with the Debtors regarding the administration of these Cases;

  b. Assisting, advising and representing the Committee with respect to the Debtors' retention of professionals and advisors with respect to the Debtors' business and these Cases;

  c. Assisting, advising and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

  d. Assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

  e. Assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to the Cases or to the formulation of a plan;

  f. Assisting, advising and representing the Committee in connection with any sale of the Debtors' assets;

  g. Assisting, advising and representing the Committee in its participation in the negotiation, formulation, or objection to any plan of liquidation or reorganization;

  h. Assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

  i. Assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

  j. Providing such other services to the Committee as may be necessary in these Cases.

13. PSZJ intends to work closely with Sills as lead counsel to the Committee, to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates in connection with representation of the Committee.

**No Adverse Interest and Disclosure of Connections**

14. The Committee believes that PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtors, their creditors or any party in interest herein in the matters upon which PSZJ is to be retained, except as set forth in the Sandler Declaration.

15. Neither PSZJ nor any of its attorneys has any connection with any party in interest, or their attorneys or accountants, in these Cases.

16. Except as provided in the Sandler Declaration, to the best of the Committee's knowledge, neither PSZJ, nor any of its attorneys, holds or represents any interest adverse to the Committee or the Debtors' estates in the matters on which they are to be retained. The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee and its members.

17. To the best of the Committee's knowledge, and except as disclosed in the Sandler Declaration, PSZJ has had no other prior connection with the Debtors, their creditors or any other party in interest. Upon information and belief, PSZJ does not hold or represent any interest adverse to the Debtors' estates, the Committee, or the creditors the Committee represents in the matters upon which it has been and is to be engaged.

18. PSZJ represents many committees in other bankruptcy cases, the members of which (together with other creditors of these Cases) may be creditors of the Debtors. However, PSZJ will not represent any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

19. Similarly, PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to these Cases.

## Professional Compensation

20. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. The current standard hourly rates for professionals and paralegals presently designated to represent the Committee are:

| | | |
|---|---|---|
| a. | Partners | $995.00 to $2,175.00 |
| b. | Of Counsel | $975.00 to $1,675.00 |
| c. | Associates | $650.00- $1,075.00 |
| d. | Paraprofessionals | $545.00 to $645.00 |

21. The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZJ's policy to charge its clients in all areas of practice for all other out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, Court filing fees, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying and scanning charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for working meals,

computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients and within the guidelines set forth in Local Bankruptcy Rule 2014-1, and all amendments and supplemental standing orders of the Court.  PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## Notice

22.	Notice of this Application is being given to (i) the Debtor, (ii) the Office of the United States Trustee for the District of Delaware; (iii) the Internal Revenue Service; (iv) the thirty (30) largest unsecured creditors on a consolidated basis; (v) the New Jersey Department of Health; (vi) Capitala, Maple, and Bayonne Medical Center Opco, LLC; and (vii) all parties that have requested service pursuant to Bankruptcy Rule 2002 in these cases.  The Committee submits that, given the nature of the relief requested, no further or other notice is necessary.

## No Prior Request

23.	No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit C**, authorizing the Committee to employ and retain PSZJ as co-counsel, *nunc pro tunc* to November 20, 2024, and granting such other and further relief as is just and proper.

Respectfully submitted,

Dated: December 17, 2024

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CAREPOINT HEALTH SYSTEMS INC. D/B/A JUST HEALTH FOUNDATION, *ET AL.*

By: _____
Health Professionals & Allied Employees AFT-AFL/CIO, President
By: Debbie White