UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                            :    Chapter 11
                                                 :
CarePoint Health Systems Inc. d/b/a Just Health  :    Case No. 24-12534 (JKS)
Foundation, et al. [1]                           :
                                                 :    Jointly Administered
                                                 :
                          Debtors.               :    Re D.I. <u>10, 11, 68</u>
---------------------------------------------------------------x

# ORDER AUTHORIZING FURTHER DEBTOR-IN-POSSESSION FINANCING ON AN INTERIM BASIS

Upon consideration of the (i) the *Motion of CarePoint Health Systems, Inc. for Entry of Interim and Final Orders: (I) Authorizing Debtors to Obtain Temporary and Permanent Post-Petition Financing from Bayonne Medical Center Opco, LLC Pursuant to Sections 363 and 364 of the Bankruptcy Code; (II) Granting Administrative Priority Claims to DIP Lender Pursuant to Section 364 of the Bankruptcy Code; (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay to Implement the Terms of the DIP Order; and (V) Authorizing Debtors to Use Cash Collateral* [D.I. 10] (the "<u>Hoboken/Christ DIP Motion</u>"), and (ii) the *Motion of IJKG Opco, LLC and IJKG, LLC for Entry of Interim and Final Orders: (I) Authorizing IJKG Opco, LLC and IJKG, LLC to Obtain Temporary and Permanent Post-Petition Financing from Bayonne Medical*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

*Center Opco, LLC Pursuant to Sections 363 and 364 of the Bankruptcy Code; (II) Granting Administrative Priority Claims to DIP Lender Pursuant to Section 364 of the Bankruptcy Code; (III) Modifying the Automatic Stay to Implement the Terms of the DIP Order; and (IV) Authorizing the Use of Cash Collateral* [D.I. 11] (as amended by an amendment filed on November 6, 2024 [D.I. 68], the "Bayonne DIP Motion" and, together with the Hoboken/Christ DIP Motion, the "DIP Motions"), and upon consideration of the record at prior hearings on the DIP Motions held on November 6, 2024 and November 8, 2024, and upon consideration of the record at further hearings on December 10, 2024 and December 16, 2024, the Court hereby makes the following findings and ORDERS as follows:

Findings

A. On November 3, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court") commencing these Chapter 11 Cases.

B. The Debtors are continuing in the management and operation of their business and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, subject to that certain Collateral Surrender and Operations Transfer Agreement.

C. This Court has core jurisdiction over the persons and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2).  Venue for the Chapter 11 Cases and proceedings on the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

D.  On November 7, 2024, the Court entered the *Interim Order Authorizing Debtors to [Obtain] Postpetition Financing* [D.I. 87], approving the DIP Motions on an interim basis (the "Initial Interim DIP Order").

E.  On November 8, 2024, the Court entered the (i) *Interim Order (I) Authorizing Certain Debtors to Obtain Postpetition Financing from Bayonne Medical Center Opco, LLC and Granting Senior Security Interests and Superpriority Administrative Expense Status to The Lender; (II) Authorizing the Debtors' Use of Cash Collateral; (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [D.I. 119] (the "Hoboken/Christ Interim DIP Order"), and (ii) *Interim Order (A) Authorizing IJKG Opco, LLC and IJKG, LLC to Obtain Postpetition Financing, (B) Authorizing Debtors to Use Cash Collateral, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Modifying the Automatic Stay, (E) Authorizing Debtors to Enter into Agreements with Bayonne Medical Center Opco, LLC, (F) Granting Adequate Protection, (G) Scheduling a Final Hearing, and (H) Granting Related Relief* [D.I. 128] (the "Bayonne Interim DIP Order" and, together with the Hoboken/Christ Interim DIP Order, the "Interim DIP Orders").[2]

F.  On December 10, 2024, the Court entered that certain *Order Authorizing Further Debtor-In-Possession Financing On An Interim Basis* [D.I. 275] (the "December 10 Interim DIP Order");

G.  On December 26, 2024, the Court entered that certain *Order Authorizing Further Debtor-in-Possession Financing On An Interim Basis* [D.I. 367] (the "December 26 Interim DIP Order", and collectively with the Initial Interim DIP Order and the Interim DIP Orders, the "Prior Interim DIP Orders");

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim DIP Orders, as applicable.

H.      The Debtors, the Official Committee of Unsecured Creditors (the "Committee"), and Bayonne Medical Center Opco, LLC (and together with Hudson Regional Hospitals, LLC and certain of their affiliates, "HRH") have entered into discussions regarding a further interim order with respect to the DIP Motions.

I.      It is in the best interest of the Debtors' estates and creditors that the Interim DIP Orders are modified as set forth in this Order, as such financing is necessary to avoid immediate and irreparable harm to the Debtors' estates and for the continued operation of their business.

Based upon the foregoing,

**IT IS HEREBY ORDERED** that:

1.      The Interim DIP Orders are modified to authorize the Debtors to borrow additional funds in the amount of up to (i) $ __ million to cover the Budget period for the Debtor Borrowers (as defined in the Hoboken/Christ Interim DIP Order) and (ii) $ __ million to cover the Budget period for the Bayonne Debtors (as defined in the Bayonne Interim DIP Order), respectively, through and including February 13, 2025, in accordance with the revised budgets attached hereto.

2.      For the avoidance of doubt, (i) nothing in this Order constitutes an approval by the Court of any provision contained in the Interim DIP Orders or any related documents that is an "extraordinary provision" under Local Rule 4001-2(a)(i)(P) through 4001-2(a)(i)(X), and (ii) all provisions of the Interim DIP Orders are subject to the entry of final orders.

3.      The rights and objections of the Debtors, the Committee, HRH, IDB Bank, Med One Capital Funding, LLC, Mazuma Capital Corp., Signature Investments II, LLC, BMC Hospital, LLC, Strategic Ventures, LLC, Insight Management and Consulting Services, Inc., the County of Hudson, and J2 Funding LLC, with respect to the DIP Motions and Interim DIP Orders, whether

raised in formal filings, informally or otherwise, are fully reserved for the final hearing on the DIP Motions.

4. For avoidance of doubt, the Interim DIP Orders are clarified or modified as follows:

   a. The "Interim Financing Period" in paragraph 2 of the Bayonne Interim DIP Order shall mean "the period commencing November 7, 2024 through and including the date of the Final Hearing as set forth in Section 6 of [the Bayonne Interim DIP Order]";

   b. The reference to "existing equipment liens" in paragraph 7(b) of the Bayonne Interim DIP Order shall mean "existing equipment liens that are senior to the prepetition liens of the Pre-Petition Secured Parties under applicable law";

   c. The first line of paragraph 11 of the Hoboken/Christ Interim DIP Order is modified to clarify that the "DIP Liens" as defined therein are "Effective as of November 7, 2024…"

   d. The third "provided further" clause in paragraph 11 of the Hoboken/Christ Interim DIP Order shall be modified to say: "*provided, further*, that the DIP Lender's liens on and security interests in the DIP Collateral shall be subject to equipment liens that are senior to the prepetition liens of the Prepetition Secured Parties under applicable law and the cash collateral liens of IDB Bank or its affiliates including, without limitation, their liens on any of the Debtors' accounts identified in the Debtors' cash management motion [D.I. 7] (collectively, the "IDB Collateral")"

5. Except as expressly set forth herein, the terms of the Interim DIP Orders remain in full force and effect without modification.

6. The terms and conditions of this Order shall be effective and immediately enforceable upon its entry by the Clerk of the Court notwithstanding any potential application of Bankruptcy Rule 6004(h) or otherwise. To the extent applicable, the notice requirements and/or stays imposed by Bankruptcy Rules 4001(a)(3), 6003(b), and 6004(a) are hereby waived for good and sufficient cause.

7. This Court shall retain jurisdiction to decide all disputes arising under or related to this Order.