## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CarePoint Health Systems Inc. d/b/a Just | ) Case No. 24-12534 (JKS) |
| Health Foundation, *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

**MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS; (II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT, PLAN CONFIRMATION AND DEADLINES RELATED THERETO; (III) APPROVING THE SOLICITATION, NOTICE AND TABULATION PROCEDURES AND FORMS <u>RELATED THERETO; AND (IV) GRANTING RELATED RELIEF</u>**

The above-captioned debtors (the "<u>Debtors</u>") and the Official Committee of Unsecured Creditors (the "<u>Committee</u>", and together with the Debtors, the "<u>Plan Proponents</u>") hereby submit this motion (the "<u>Motion</u>") for entry of an order (the "<u>Interim Approval and Procedures Order</u>"), substantially in the form attached hereto as **Exhibit 1**, (i) approving on an interim basis the disclosures in the *Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization* (including all exhibits thereto and as amended, supplemented or otherwise modified from time to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); and (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

#124752311v1

time, the "<u>Combined Disclosure Statement and Plan</u>" or the "<u>Plan</u>",[2] and the disclosures contained

therein, the "<u>Disclosure Statement</u>") dated January 7, 2025, filed contemporaneously herewith; (ii)

scheduling a combined hearing (the "<u>Confirmation Hearing</u>") to consider (a) approval of the

Disclosure Statement on a final basis and (b) confirmation of the Plan; (iii) approving the

solicitation, notice and tabulation procedures related to solicitation of votes on the Plan and the

forms related thereto, including the ballots; (iv) approving the procedures for submission of bids

pursuant to the Plan by any party that seeks to overbid the proposed HRH Transactions; and (v)

granting related relief. In support of this Motion, the Plan Proponents respectfully represent as

follows:

<u>**JURISDICTION AND VENUE**</u>

1.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has

jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and *the Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated as of

February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2),

and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105, 502, 1123(a),

1124, 1125, 1126, and 1128 of title 11 of chapter 11 of the United States Code 11 U.S.C. § 101, *et*

*seq*. (as amended or modified, the "<u>Bankruptcy Code</u>"); rules 2002, 3016, 3017, 3018, 3020, and

9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); and rules 2002- 1

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

[3] Pursuant to Local Rule 9013-1(f), the Debtors and Committee hereby confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution

2

and 3017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## GENERAL BACKGROUND

3.      On November 3, 2024 (the "Petition Date"), each of the Debtors except for IJKG Opco LLC filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court, and an involuntary petition was filed against IJKG Opco LLC, commencing these chapter 11 cases (the "Chapter 11 Cases"). On the same date, IJKG Opco LLC filed an answer to the involuntary petition [Case No. 24-12551; D.I. 2], and on November 6, 2024, the Court entered an Order for Relief with respect to IJKG Opco LLC [Case No. 24-12551; D.I. 9].

4.      On November 19, 2024, the United States Trustee appointed the Committee [D.I. 157].

5.      The Debtors continue in possession of their property and are operating as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code subject to that certain Collateral Surrender and Operations Transfer Agreement.  No trustee or examiner has been appointed in the Chapter 11 Cases.

6.      CarePoint Health Systems, Inc. oversees the operations and combined resources of three hospitals and related neighborhood health centers located in Hudson County, New Jersey: (a) Bayonne Medical Center, (b) Christ Hospital in Jersey City and (c) Hoboken University Medical Center. *Declaration of Shamiq Syed in Support of First Day Pleadings* (the "Syed Declaration") [D.I. 23]. Additional information regarding the Debtors, their history, operations and capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the Syed Declaration, which is incorporated herein by reference.

#124752311v1

7.      On December 23, 2024, the Debtors filed their Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs (together, as amended or modified, the "Schedules and Statements").

## THE COMBINED DISCLOSURE STATEMENT AND PLAN

8.      Contemporaneously with this Motion, the Plan Proponents filed the Combined Disclosure Statement and Plan. In general, the Plan provides for, among other things, (i) the vesting of certain Litigation Claims, Litigation Trust Seed Money and other Litigation Trust Assets in a Litigation Trust created pursuant to the Plan, for the purpose of distribution to holders of certain Claims; (ii) the vesting of all of the Debtors' other assets in the Reorganized Debtors, except as otherwise provided in the Plan (including the HRH Transactions); (iii) the designation of a Litigation Trustee to, among other things, investigate, prosecute, litigate and/or settle the Litigation Claims, reconcile and make distributions with respect to Allowed Claims, and administer the Litigation Trust in an efficient manner; and (iv) a one hundred percent recovery for holders of Allowed Administrative Expense Claims, Allowed Priority Claims and Allowed Other Secured Claims.

9.      The Plan was heavily negotiated between the Debtors, the Committee and HRH, with the assistance of the Honorable Michael B. Kaplan (United States Bankruptcy Court, District of New Jersey) serving as mediator (the "Mediator"), along with input from an independent Reorganization Committee of the Debtors, which includes two retired bankruptcy judges and an experienced restructuring and financial advisor.  The proposed dates and deadlines contemplated by this Motion in connection with the Plan confirmation process were a material part of those negotiations, in recognition of the need for the Debtors to efficiently and expeditiously emerge from bankruptcy.

#124752311v1

10.     On December 18 and 19, 2024, the Debtors, the Committee, HRH and others participated in mediation proceedings with the Mediator in an effort to consensually address disputes related to the DIP Motions, the Collateral Surrender Motion, the MSA Motion, and the Hospital Facilities Management Motion. Such negotiations bore fruit and resulted in the Plan Term Sheet and ultimately the Combined Disclosure Statement and Plan, which provides for: (i) the continuation of the Debtors' hospital operations for the benefit of Hudson County citizens, (ii) a value-maximizing alternative transaction process, (iii) the payment of all outstanding withholding tax obligations, and (iv) the Debtors' emergence from bankruptcy in an expedited fashion. Under the Plan Term Sheet, the Debtors and Committee also agreed to seek a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan.

11.     In accordance with section 1126 of the Bankruptcy Code, the Combined Disclosure Statement and Plan classifies holders of Claims and Interests into certain Classes for all purposes, including with respect to voting rights, where applicable, as follows:[4]

| Class | Claim / Interest | Status | Voting Rights |
|-------|------------------|--------|---------------|
| 1 | HRH Claims | Impaired | Entitled to Vote |
| 2 | Capitala Claims | Impaired | Entitled to Vote |
| 3 | Capitala Specialty Lending Claims | Impaired | Deemed to Reject |
| 4 | Maple Secured Claims | Impaired | Deemed to Reject |
| 5 | Maple Unsecured Claims | Impaired | Deemed to Reject |
| 6 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 7 | General Unsecured Claims | Impaired | Entitled to Vote |
| 8 | Insured Claims | Impaired | Entitled to Vote |
| 9 | Prior Owner Claims | Impaired | Deemed to Reject |
| 10 | Intercompany Claims | Impaired | Deemed to Reject |
| 11 | Bayonne Interests | Impaired | Deemed to Reject |
| 12 | Other Interests | Unimpaired | Deemed to Accept |

---

[4] In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims and Priority Claims have not been classified and, thus, are excluded from the Classes of Claims and Interests set forth in Article V of the Plan.

12.     As set forth above, Class 1 (HRH Claims), Class 2 (Capitala Claims), Class 7 (General Unsecured Claims) and Class 8 (Insured Claims) are the classes of holders of Claims that are entitled to vote on the Plan (the "Voting Classes"). All other holders of Claims and Interests are not entitled to vote on the Plan because each such holder (i) holds a Claim or Interest in a Class that is (i) unimpaired under the Plan and deemed to accept the Plan under section 1126(f) of the Bankruptcy Code or (ii) impaired under the Plan and deemed to reject the Plan under section 1126(g) of the Bankruptcy Code (the "Non-Voting Classes").

13.     The Plan Proponents respectfully submit that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code. However, by this Motion, the Plan Proponents seek only interim approval of the adequacy of the Disclosure Statement. At the Confirmation Hearing, the Plan Proponents will seek final approval of the adequacy of the Disclosure Statement (as well as confirmation of the Plan).

**RELIEF REQUESTED**

14.     By this Motion, the Plan Proponents respectfully request entry of the proposed Interim Approval and Procedures Order, substantially in the form attached hereto as **Exhibit 1**, (i) granting interim approval of the Disclosure Statement solely to permit the Plan Proponents to solicit votes to accept or reject the Plan, with final approval of the Disclosure Statement combined with the hearing on confirmation of the Plan as contemplated by Local Rule 3017-2; (ii) fixing the dates and deadlines related to solicitation and confirmation of the Plan as set forth in the Confirmation Schedule (defined below); (iii) approving certain solicitation, notice and tabulation procedures with respect to confirmation of the Plan; (iv) approving the form of the Ballots and the Confirmation Hearing Notice (each defined below) in connection therewith; (v) approving the

procedures for submission of bids pursuant to the Plan by any party that seeks to overbid the proposed HRH Transactions; and (vi) granting other related relief.

15.    Subject to the Court's availability, a summary of the key dates that the Plan Proponents seek to establish, by the Interim Approval and Procedures Order, are as follows (the "Confirmation Schedule"):

| EVENT | DATE |
|---|---|
| Record Date | January 9, 2025 |
| Deadline to Serve the Confirmation Hearing Notice | Two (2) business days after entry of the Interim Approval and Procedures Order |
| Deadline to Serve the Solicitation Package | Four (4) business days after entry of the Interim Approval and Procedures Order |
| Deadline to file Claim Objections for Voting Purposes Only and Rule 3018(a) Motions | January 27, 2025 |
| Deadline to File Plan Supplement | January 31, 2025 |
| Deadline for Plan Proponents to Respond to Rule 3018(a) Motions | February 7, 2025 |
| Deadline to Object to Final Approval of the Disclosure Statement and Confirmation of the Plan | February 7, 2025 at 4:00 p.m. (ET) |
| Voting Deadline | February 10, 2025 at 5:00 p.m. (ET) |
| Deadline for Plan Proponents to File Voting Report | February 14, 2025 |
| Deadline for Plan Proponents to File Confirmation Brief and/or Reply to any Plan or Disclosure Statement Objections, and the Proposed Form of Order Approving the Disclosure Statement and Confirming the Plan | February 16, 2025 at 4:00 p.m. (ET) |
| Combined Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan, and to Rule on Claim Objections for Voting Purposes Only and Rule 3018(a) Motions | February 19, 2025 at 10:00 a.m. (ET) |

## BASIS FOR RELIEF REQUESTED

**A.    Interim Approval of the Disclosure Statement is Appropriate.**

16.    The Plan Proponents submit that the Disclosure Statement contains adequate information as defined in section 1125 of the Bankruptcy Code. Accordingly, the Plan Proponents request that the Court approve the Disclosure Statement (a) on an interim basis to permit the Plan Proponents to use it in the solicitation process as described herein; and (b) on a final basis at the Confirmation Hearing as part of the order confirming the Plan.

17.    Pursuant to section 1125 of the Bankruptcy Code, the proponent of a chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan. Specifically, section 1125(a)(1) of the Bankruptcy Code states, in relevant part:

> "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information…

11 U.S.C. § 1125(a)(1).

18.    The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding the plan. *See*, *e.g.*, *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix*

*Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). Congress intended that informed judgments would be needed to both negotiate the terms of, and vote on, a plan. *Century Glove*, 860 F.2d at 100.

19.    Bankruptcy courts have broad discretion in determining whether a disclosure statement contains adequate information based on the unique facts and circumstances of each case. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *Lisanti v. Lubetkin (In re Lisanti Foods, Inc.)*, 329 B.R. 491, 507 (D.N.J. 2005), aff'd, 241 Fed. App'x. 1 (3d Cir. Aug. 2, 2007) ("Section 1125 affords the Court substantial discretion in considering the adequacy of a disclosure statement."); *In re Phoenix Petroleum Co.*, 278 B.R. at 393 ("The general language of the statute and its surrounding legislative history make clear that the determination of what is adequate information is subjective and made on a case-by-case basis. This determination is largely within the discretion of the bankruptcy court.") (internal quotations omitted)

20.    Here, the Disclosure Statement contains adequate information to allow the holders of Claims to make an informed judgment regarding the Plan. The Disclosure Statement is the product of the Plan Proponents' extensive review and analysis of the Debtors' business, assets and liabilities, and circumstances leading to the Chapter 11 Cases. Additionally, the Disclosure Statement contains detailed information regarding: (i) the Debtors, their history, operations and capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases; (ii) the terms of the Plan, including a summary of the classifications and treatment of all Classes of Claims and Interests; (iii) the treatment of holders of Allowed Claims and Allowed Interests; (iv) the effect of the Plan on holders of Claims and Interests and other parties in interest thereunder;

(v) the Claims against the Debtors and the estimated amount of Claims that will ultimately be Allowed; (vi) certain risk factors to consider that may affect the Plan; (vii) certain tax issues related to the Plan and distributions; and (viii) the means for implementation of the Plan.

21.     Accordingly, the Plan Proponents believe that the Disclosure Statement complies with section 1125 of the Bankruptcy Code and contains more than sufficient information for a hypothetical reasonable creditor or investor to make an informed judgment about the Plan. Thus, the Plan Proponents submit that the Disclosure Statement should be approved on an interim basis. At the Confirmation Hearing, the Plan Proponents will seek final approval of the adequacy of the Disclosure Statement and confirmation of the Plan.

### B.    A Combined Hearing is Appropriate in these Circumstances.

22.     Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; see also Fed. R. Bankr. P. 3017(c).[5] Section 105 of the Bankruptcy Code expressly authorizes the Court to issue any order that "provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically . . . ." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortgage Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009).

---

[5] Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

23.     Local Rule 3017-2(a) sets forth <u>non-exclusive</u> conditions under which a combined hearing is ordinarily permissible. Pursuant to this authority, courts in this District have combined hearings on approval of disclosure statements and confirmation of plans in chapter 11 cases that were neither small business cases nor prepackaged cases. *See*, *e.g.*, *In re NVN Liquidation, Inc., et al., f/k/a NOVAN, INC.*, Case No. 23-10937 (LSS) (Bankr. D. Del. Dec. 19, 2023); *In re 540 West 21st Street Holdings LLC*, Case No. 23-11053 (MFW) (Bankr. D. Del. Sep. 8, 2023); *In re Legacy FSRD, Inc. (f/k/a Fast Radius Inc.)*, Case No. 22-11051 (JKS) (Bankr. D. Del. Jan. 13, 2023*); In re NewAge, Inc.*, Case No. 22- 10819 (LSS) (Bankr. D. Del. Jan. 6, 2023); *In re Kettner Investments, LLC*, Case No. 20-12366 (KBO) (Bankr. D. Del. Jan. 5, 2022); *In re Impresa Holdings Acquisition Corporation*, Case No. 20-12399 (BLS) (Bankr. D. Del. March 22, 2021); *In re Ninepoint Medical, Inc.*, Case No. 20- 12618 (KBO) (Bankr. D. Del. Nov. 16, 2020); *In re FIC Restaurants, Inc.*, Case No. 20-12807 (CSS) (Bankr. D. Del. Nov. 4, 2020); *In re Superior Air Charter, LLC*, Case No. 20-11007 (CSS) (Bankr. D. Del. July 20, 2020); *In re SFP Franchise Corporation*, Case No. 20-10134 (JTD) (Bankr. D. Del. June 24, 2020); *In re EdgeMarc Holdings, LLC*, Case No. 19-11104 (JTD) (Bankr. D. Del. May 8, 2020); *In re Pernix Sleep, Inc.*, Case No. 19-10323 (CSS) (Bankr. D. Del. June 20, 2019); *In re RMBR Liquidation Inc. (f/k/a Things Remembered, Inc.)*, Case No. 19-10234 (KG) (Bankr. D. Del. June 12, 2019); *In re Orexigen Therapeutics, Inc.*, Case No. 18-10518 (KG) (Bankr. D. Del. May 17, 2019).

24.     Consistent with the foregoing authority, the Plan Proponents respectfully request that the Court consolidate the hearing to consider approval of the Disclosure Statement and confirmation of the Plan at the single Confirmation Hearing. The Plan Proponents submit that a combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtors' estates and creditors by hastening the implementation of the Plan and

11

limiting the amount of time the Debtors remain in chapter 11. The proposed streamlined and expedited process is particularly important in these cases given the Debtors' ongoing losses, limited resources and financing, and need to confirm the Plan and exit from chapter 11 as soon as possible. A combined hearing will also spare the Debtors from additional administrative expenses associated with a two-stage process and promote judicial efficiency and economy.

**C.      The Court Should Approve the Setting of Certain Dates Related to Confirmation of the Plan.**

25.     The Plan Proponents request that the Court approve the setting of certain dates described herein relating to the confirmation process in accordance with section 1126(c) of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018 and Local Rule 3017-2.

**(1)      The Record Date**

26.     Bankruptcy Rule 3017(d) provides that for purposes of seeking confirmation of a plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

27.     In order to comply with the Bankruptcy Code and to ensure there is no confusion over who is entitled to vote on the Plan, the Plan Proponents require the establishment of a record date. The Plan Proponents propose that the Court establish January 9, 2025 as the record date (the "Record Date") for such purposes. The proposed Record Date is after the Debtors filed their Schedules and Statements. To avoid potential confusion, the Plan Proponents believe that one record date should be established for all holders of Claims entitled to vote on the Plan.

**(2)      The Voting Deadline**

28.     Bankruptcy Rule 3017(c) provides, in relevant part, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ." Fed. R. Bankr. P. 3017(c). The Plan Proponents request that the Court establish February 10, 2025 at 5:00 p.m. (prevailing Eastern Time) as the voting deadline (the "Voting Deadline"), which is not more than ten (10) days before the proposed Confirmation Hearing. The Plan Proponents believe that this timeframe will provide holders of claims in the Voting Classes with adequate time to consider the Solicitation Package (defined below) and respond by casting their ballots. The Voting Deadline is prominently displayed on the Confirmation Hearing Notice (defined below).

### (3)    Temporary Allowance of Claims for Voting Purposes

29.     Pursuant to Bankruptcy Rule 3018(a), "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." The Plan Proponents request that the Court fix (a) January 27, 2025 (the "Rule 3018(a) Motion Deadline") as the deadline for filing and serving such motions pursuant to Bankruptcy Rule 3018(a) ("Rule 3018(a) Motions"); and (b) February 7, 2025 (the "Rule 3018(a) Objection Deadline") as the deadline for filing any objection to a Rule 3018(a) Motion.

30.     To the extent a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court on or prior to the Rule 3018(a) Motion Deadline, which is fourteen (14) days before the Voting Deadline, the holder of such Claim shall not be entitled to vote to accept or reject the Plan unless one or more of the following has occurred no later than no later than February 7, 2025 (each, a "Resolution Event"):

      a.    an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

13

b.        an order of the Bankruptcy Court is entered temporarily allowing such Claim *for voting purposes only* pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

c.        a stipulation or other agreement is executed between the holder of such Claim and the Plan Proponents resolving the objection and allowing such Claim in an agreed upon amount;

d.        a stipulation or other agreement is executed between the holder of such Claim and the Plan Proponents temporarily allowing the holder of such Claim to vote its Claim in an agreed upon amount; or

e.        the pending objection is voluntarily withdrawn by the objecting party.

### (4)      The Objection Deadline and Confirmation Hearing Notice

31.      The Plan Proponents request that the Court direct the manner in which objections to final approval of the Disclosure Statement and confirmation of the Plan shall be made. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Pursuant to Bankruptcy Rule 2002(b), a debtor is required to provide no less than twenty-eight (28) days' notice to all holders of claims or equity interests of the time fixed for filing objections to the combined hearing on final approval of a disclosure statement and confirmation of a chapter 11 plan. *See* Fed. R. Bankr. P. 2002(b).

32.      The Plan Proponents request that the Court establish February 7, 2025 at 4:00 p.m. (prevailing Eastern Time) as the deadline (the "<u>Objection Deadline</u>") by which objections to final approval of the Disclosure Statement and Confirmation of the Plan or requests for modifications to the Plan, if any, must be filed and served. The Plan Proponents have not determined the date for a hearing on this Motion because expedited relief is sought, but the proposed Objection Deadline is approximately twenty-three (23) days after the likely hearing date on this Motion. The Plan Proponents will serve notice of such Objection Deadline as part of the notice of the Confirmation

14

Hearing (the "Confirmation Hearing Notice") no later than two (2) business days after entry of the Interim Approval and Procedures Order.

33.     Bankruptcy Rule 9006(c) permits this Court to approve this modest reduction of the twenty-eight (28) day notice period under Bankruptcy Rule 2002(b) for "cause shown". The Plan Proponents respectfully submit that it is appropriate to shorten notice under the circumstances, given the Debtors' ongoing losses, limited resources and financing, and need to confirm the Plan and exit from chapter 11 as soon as possible.

34.     Pursuant to Local Rule 3017-2(b)(iv), the Plan Proponents certify that (i) although the proposed notice of the Objection Deadline is shorter than the twenty-eight (28) day notice period under Bankruptcy Rule 2002(b), the Court may approve such shortened notice period, and (ii) the proposed Confirmation Hearing is not less than seven (7) days after the deadline to object to final approval of the Disclosure Statement and confirmation of the Plan.

35.     The Plan Proponents further request that objections to final approval of the Disclosure Statement, Confirmation of the Plan or proposed modifications to the Plan, if any, must:

(a)     be in writing;

(b)     conform to the Bankruptcy Rules and Local Rules;

(c)     state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity;

(d)     state with particularity the basis and nature of any objection to the Disclosure Statement, the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

(e)     be filed, together with a proof of service, with the Court and served on the notice parties identified in the Confirmation Hearing Notice on or prior to the Objection Deadline.

#124752311v1

(5)      **The Deadline to File a Voting Report**

36.      The Plan Proponents intend to file with the Court a voting tabulation report on Ballots cast to accept or reject the Plan certifying the results of votes on the Plan (the "Voting Report") by February 14, 2025.

(6)      **The Deadline to File a Confirmation Brief and/or Reply to any Plan and Disclosure Statement Objection**

37.      The Plan Proponents also request that they (and other parties in support of the Plan) be permitted to file a brief in support of confirmation of the Plan and/or a reply to any objections to the final approval of the Disclosure Statement and Confirmation of the Plan no later than February 16, 2025 at 4:00 p.m. (ET).

(7)      **The Confirmation Hearing**

38.      In accordance with Bankruptcy Rule 3017(c), section 1128 of the Bankruptcy Code (requiring a confirmation hearing with respect to any chapter 11 plan) and Local Rule 3017-2 (permitting combined disclosure statement and confirmation hearings), the Plan Proponents request that the Confirmation Hearing be scheduled on February 19, 2025 at 10:00 a.m. (prevailing Eastern Time) or such other date thereafter at the Court's earliest convenience.

D.      **The Court Should Approve the Solicitation, Notice and Tabulation Procedures.**

39.      In order to seek confirmation of the Plan in an effective manner that is consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and due process, the Plan Proponents seek approval of the solicitation, notice and tabulation procedures described herein (the "Solicitation Procedures"). The Plan Proponents believe the Solicitation Procedures are well designed and specifically tailored to effectively permit parties in interest to make an informed judgment regarding the Plan and for the Voting Classes to determine whether to vote to accept or reject the Plan. To the extent that circumstances require further modifications

16

of, or amendments to, the Solicitation Procedures, the Plan Proponents reserve their right to supplement or amend the Solicitation Procedures to further facilitate the solicitation of the Plan.

40.     The Plan Proponents propose to distribute the Solicitation Package required by Bankruptcy Rule 3017(d) to the Voting Classes in the form and manner described below.

41.     Except as otherwise indicated, upon entry of the Interim Approval and Procedures Order, the Plan Proponents propose that the following materials (collectively, the "Solicitation Package") be distributed on behalf of the Plan Proponents to each holder of a Claim in the Voting Classes.

    (a)    a cover letter describing the contents of the Solicitation Package and the Plan Proponents' recommendation to vote to accept to the Plan;

    (b)    the Combined Disclosure Statement and Plan and all exhibits thereto (in hard copy or on a flash drive in PDF format);

    (c)    the Interim Approval and Procedures Order (in hard copy or on a flash drive in PDF format);

    (d)    the Confirmation Hearing Notice;

    (e)    the applicable Ballot, including voting instructions;

    (f)    a pre-addressed return envelope; and

    (g)    such other materials as the Court may direct.

42.     All other parties in interest will receive only a copy of the Confirmation Hearing Notice, substantially in the form attached to the Interim Approval and Procedures Order as **Exhibit A**. The Confirmation Hearing Notice provides, among other things, (i) notice of the filing of the Combined Disclosure Statement and Plan, (ii) notice of the interim approval of the Disclosure Statement, (iii) information regarding the Confirmation Hearing, and (iv) directions for filing objections to final approval of the Disclosure Statement and confirmation of the Plan by the Objection Deadline. In an effort to conserve resources, the Plan Proponents propose that they be

permitted to not mail printed copies of the Combined Disclosure Statement and Plan and the Interim Approval and Procedures Order (collectively, the "Plan Documents") to those parties receiving only the Confirmation Hearing Notice. Instead, as set forth in the Confirmation Hearing Notice, the Plan Proponents propose to provide directions therein for such parties to obtain (i) electronic copies of the Plan Documents via download from the website maintained by the Debtors' noticing, claims and administrative agent, Epiq Corporate Restructuring, LLC (the "Balloting Agent" or "Epiq"), at https://dm.epiq11.com/case/carepoint/info, and (ii) a print copy of the Plan Documents free of charge (but only to the extent so requested of Epiq by telephone, letter or email) to be delivered by Epiq to the requesting party by first class mail.

43.    Epiq will act as Balloting Agent in connection with the solicitation of the Plan. Epiq will assist the Plan Proponents in:

(a)    serving the Confirmation Hearing Notice and distributing the Solicitation Package;

(b)    receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan;

(c)    responding to inquiries from holders of Claims and Interests and other parties in interest relating to the Combined Disclosure Statement and Plan, the Ballots, the Solicitation Procedures, and matters related thereto, including, without limitation, the procedures and requirements for voting on the Plan;

(d)    soliciting votes to accept or reject the Plan; and

(e)    if necessary, contacting holders of Claims and Interests regarding the Plan.

44.    Through Epiq, the Plan Proponents intend to serve the Confirmation Hearing Notice within two (2) business days of the entry of the Interim Approval and Procedures Order (the "Service Date"), which is at approximately (24) days before the proposed Voting Deadline of February 10, 2025.

45.     The Plan Proponents submit that service of the Confirmation Hearing Notice and the Solicitation Package on or before the Service Date will provide the requisite information to holders of Claims and Interests in compliance with Bankruptcy Rule 3017(d). *See* Fed. R. Bankr. P. 3017(d) (after approval of the disclosure statement, except to the extent the court orders otherwise, the debtor must transmit the plan, the approved disclosure statement, notice of the time within which to file acceptances and rejections of the plan, and any other information that the court may direct to creditors and equity security holders).

**E.     The Court Should Approve the Procedures for Submission of Overbids.**

46.     Article IX.E. of the Combined Disclosure Statement and Plan sets forth procedures for submission of bids by any party that seeks to overbid the proposed HRH Transactions between the Debtors and Hudson Regional Hospitals, LLC that are set forth in the Plan (the "Alternative Transaction Procedures"). *See* Combined Disclosure Statement and Plan, Articles IX.B. and IX.E. The Alternative Transaction Procedures are as follows:

> In accordance with the terms hereof, a third party may seek to overbid the proposed HRH Transactions (an "Alternative Transaction"). Any bid for a proposed Alternative Transaction must be submitted no later than the date that is twenty-one (21) calendar days after conditional approval of the Disclosure Statement, with time being of the essence, such that no bids received after the expiration of such period may be considered, except as otherwise ordered by the Court.

> If the Debtors receive a qualified bid before the expiration of the aforementioned period, the Debtors shall immediately forward such bid to the Reorganization Committee, the UCC and HRH. Upon timely receipt of a qualified bid, the Reorganization Committee will consider whether the proposed Alternative Transaction in such qualified bid is higher or better and will make a recommendation to the Debtors regarding any such proposed Alternative Transaction within seven (7) calendar days of the timely submission of any qualified bid. When determining whether a bid is higher or better, the Reorganization Committee shall consider, among other things, the impact on employees, the number or percentage of employees to be retained post-closing, employee claims against Debtors, and collective bargaining agreements.

19

Any proposed Alternative Transaction must be proposed by a qualified bidder and shall be in an amount at least $1 million higher than HRH's credit bid (discussed below) to take into consideration the payment of a $1 million break-up fee, due and payable to HRH, in the event of a closing of an Alternative Transaction regarding Bayonne to an alternative bidder. Additional bid increments shall be determined by the Reorganization Committee, as ordered by the Court. A qualified bidder shall be determined by the Reorganization Committee and shall be a person demonstrating: (i) the financial wherewithal to consummate any proposed transaction, (ii) its ability to achieve and secure regulatory approvals and comply with the New Jersey Department of Health certificate of need and licensure statutes and regulations, including the transfer of ownership requirements, as well as the Community Health Care Asset Protection Act, (iii) its ability to secure all contractual approvals to which the Debtors/their successors are subject, and (iv) its agreement and wherewithal to either assume or pay off, at closing, all overpayments owed by Bayonne Medical Center to Medicare, Medicaid and their MCOs/HMOs and other government health care programs. In addition, each bid must state the bidder's intent regarding the treatment and retention of employees of the Debtors, the treatment of the Debtor's collective bargaining agreements with its various labor unions, including the Committee of Interns and Residents, including whether the bidder will provide for the assumption of those collective bargaining agreements and all attendant obligations.

HRH will have the right to credit bid with regard to the Bayonne transaction and shall have the right to contest or otherwise challenge the determination of qualified bid, if any. Such credit bid may include: (i) the prepetition first lien debt (approximated to be $8 million, plus interest) acquired from Capitala, (ii) amounts advanced under the Bayonne DIP (approximated to be $21 million through February 1, 2025, plus interest), (iii) any amounts actually paid or advanced for supplies, equipment, personnel and other items and services, (iv) operations/management fees in a minimum approximate amount of $3,741,612; and (v) lease arrears such that the total of (i) – (v) above shall approximate a credit bid of $32,741,612, it being understood and agreed the foregoing amounts will be updated at the time the need for a credit bid becomes ripe.

If there is competitive bidding, HRH has the right to seek to augment its credit bid by the Outstanding Judgment, outstanding operations/management fees, all amounts incurred, advanced, assumed or paid for or on behalf of the Debtors and other amounts or consideration, and neither the Debtors nor the UCC will oppose HRH's augmented credit bid. Nothing herein shall prejudice or otherwise waive the rights of any person not a Party hereto to object to any terms of the Plan or alternative process described herein.

Combined Disclosure Statement and Plan, Article IX.E.

47.    The Alternative Transaction Procedures were extensively negotiated between the

Debtors, the Committee and HRH and are an integral component of the parties' global resolution,

which forms the "back-bone" of the Plan. The Plan Proponents submit that the Alternative Transaction Procedures – which provide for an open, competitive sale process – are reasonable and appropriate and should be approved.[6]

### F.    The Court Should Approve the Form of the Confirmation Hearing Notice.

48.    Bankruptcy Rule 2002(b) requires the Plan Proponents to provide notice to all holders of claims or equity interests of the time fixed for filing objections to the combined hearing on final approval of a disclosure statement and confirmation of a chapter 11 plan. Fed. R. Bankr. P. 2002(b). To satisfy this requirement, the Plan Proponents intend to send to all holders of Claims and Interests a copy of the Confirmation Hearing Notice. In accordance with Bankruptcy Rules 2002 and 3017(d), the Confirmation Hearing Notice shall contain, among other things:

(a)    the time, date and place for the Confirmation Hearing;

(b)    the Objection Deadline and the manner in which objections shall be filed;

(c)    a disclosure regarding the release, exculpation and injunction provisions of Article XIV of the Combined Disclosure Statement and Plan; and

(d)    instructions on how to obtain electronic or print copies of any of the Plan Documents.

49.    The Plan Proponents respectfully request that the Court find that the Confirmation Hearing Notice complies with the requirements of Bankruptcy Rules 2002(b) and (d). The Plan Proponents further request that the Court determine that the Confirmation Hearing Notice contains sufficient disclosure regarding the release, exculpation, and injunction provisions contained in Article XIV of the Plan. In addition to mailing the Confirmation Hearing Notice, the Plan

---

[6] In addition to providing a guaranteed baseline price and allowing for a competitive sale process, the proposed Plan further benefits all the Debtors' stakeholders because all Allowed HRH Claims will be satisfied by the HRH Exit Facility, which will be paid from the Reorganized Debtors' future operations (rather than from Litigation Trust Assets), except for a sharing mechanism in certain proceeds of Litigation Claims.

Proponents will post the Confirmation Hearing Notice electronically on Epiq's website dedicated to these Chapter 11 Cases.

**G.    The Court Should Approve the Form of the Ballots.**

50.    Bankruptcy Rules 3017(d) and 3018(c) provide that the ballots for accepting or rejecting a plan under Chapter 11 should conform substantially to Official Form No. 314. The Plan Proponents proposes to distribute to holders of Claims in the Voting Classes the ballots substantially in the forms attached to the Interim Approval and Procedures Order as **Exhibits B-1**, **B-2**, **B-3** and **B-4** (collectively, the "Ballots"). The Ballots are based on Official Form No. 314 but have been modified to address the particular aspects of the Chapter 11 Cases and to include certain additional information that the Plan Proponents believe is relevant and appropriate for the holders of Claims entitled to vote.

51.    In order to properly submit a Ballot, parties must fully complete and execute the Ballot and return it by first class mail, over-night courier or hand-delivery to Epiq so as to be received on or before the Voting Deadline. Alternatively, parties may submit the Ballot via electronic online transmission solely through the customized online balloting portal (the "Balloting Portal") that will be available through a balloting link on the Debtors' case website maintained by Epiq, https://dm.epiq11.com/case/carepoint/info, on or before the Voting Deadline. Holders of Claims submitting a Ballot via the Balloting Portal shall not submit a ballot by mail. Ballots otherwise sent by facsimile or electronic submissions (except via the Balloting Portal) will **not** be accepted. Only properly completed, executed and timely submitted Ballots will be accepted. To that end, the Plan Proponents request that the following Ballots not be counted in tabulating votes cast to accept or reject the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot submitted by a party that does not hold a Claim in the Classes that are entitled to vote; (c) any unsigned Ballot; (d) any Ballot not

22

marked to either accept or reject the Plan or marked both to accept and reject the Plan; and (e) any Ballot submitted by any Party not entitled to vote pursuant to the Solicitation Procedures, as applicable.

52.     As noted above, the solicitation process shall be conducted by the Debtors' administrative agent, Epiq. Pursuant to the Solicitation Procedures, Epiq will distribute the Ballots, as part of the Solicitation Package, to all holders of Claims in Class 1 (HRH Claims), Class 2 (Capitala Claims), Class 7 (General Unsecured Claims) and Class 8 (Insured Claims) under the Plan. All other holders of Claims and Interests are not entitled to vote on the Plan because each such holder holds a Claim or Interest in the Non-Voting Classes. Holders of Claims or Interests in the Non-Voting Classes will receive only the Confirmation Hearing Notice.

## **NOTICE**

53.     The Plan Proponents will provide notice of this Motion to the following or in lieu thereof, their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service; (c) the United States Attorney's Office for the District of Delaware; (d) the New Jersey Department of Health; (e) Capitala Private Advisors, LLC; (f) Maple Healthcare, LLC; (g) Bayonne Medical Center Opco, LLC; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. In addition, pursuant to Local Rule 3017-2(b)(i), notice of this Motion shall also be placed on the website maintained by Epiq for the Debtors' Chapter 11 Cases, https://dm.epiq11.com/carepoint. In light of the nature of the relief requested in this Motion, the Plan Proponents respectfully submit that no further notice is necessary.

#124752311v1

WHEREFORE, for the reasons set forth herein, the Plan Proponents respectfully request that the Court enter the Interim Approval and Procedures Order and grant the Plan Proponents such other and further relief as the Court deems just and proper.


Dated: January 8, 2025
Wilmington, Delaware

/s/ Peter C. Hughes
**DILWORTH PAXSON LLP**
Peter C. Hughes, Esq. (Bar No. 4180)
800 King Street – Suite 202
Wilmington, DE 19801
Telephone: (302) 571-9800

-and-

**DILWORTH PAXSON LLP**
Lawrence G. McMichael, Esq. (*pro hac vice*)
Peter C. Hughes, Esq.
Anne M. Aaronson, Esq. (*pro hac vice*)
Jack Small, Esq. (*pro hac vice*)
1650 Market St., Suite 1200
Philadelphia, PA 19103
Telephone: (215) 575-7000

*Counsel to the Debtors*

/s/ James E. O'Neill
**PACHULSKI STANG ZIEHL & JONES LLP**
Bradford J. Sandler, Esq. (Bar No. 4142)
James E. O'Neill, Esq. (Bar No. 4042)
Colin R. Robinson (Bar No, 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100

-and-

**SILLS CUMMIS & GROSS, P.C.**
Andrew Sherman, Esq. (*pro hac vice*)
Boris Mankovetskiy, Esq. (*pro hac vice*)
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000

*Counsel to the Official Committee
of Unsecured Creditors*

#124752311v1