**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x
In re                                                                     :    Chapter 11
                                                                              :
CarePoint Health Systems Inc. d/b/a Just Health        :    Case No. 24-12534 (KJS)
Foundation, et al. [1]                                                :
                                                                              :    Jointly Administered
                        Debtors.                                      :
---------------------------------------------------------------x    **Ref. Docket No. 417**

**OBJECTION OF SENIOR SECURED AGENTS TO**
**PLAN PROPONENTS' PROPOSED CONFIRMATION SCHEDULE**

Capitala Private Advisors, LLC and Capitala Specialty Lending Corp., in their capacities as administrative agents under certain of the Debtors' prepetition senior secured credit facilities (in such capacities, the "Senior Secured Agents"),[2] by their undersigned counsel, submit this objection (this "Scheduling Objection") to the proposed confirmation schedule set forth in the *Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement, Plan Confirmation and Deadlines Related Thereto;*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] The Senior Secured Agents, on behalf of the Senior Secured Parties, hold claims and priority liens against the majority of the Debtors and their assets, including, without limitation, priority liens against substantially all of the assets of Bayonne Intermediate Holdco, LLC, CarePoint Health Management Associates Intermediate Holdco, LLC, Christ Intermediate Holdco, LLC, Hoboken Intermediate Holdco, LLC, HUMC Holdco, LLC, HUMC Opco, LLC and Hudson Hospital Opco, LLC, as well as priority liens against certain causes of action of CH Hudson Holdco, LLC, Garden State Healthcare Associates, LLC, New Jersey Medical and Health Associates, LLC, CarePoint Health Management Associates, LLC and CarePoint Health Systems, LLC.

32753949.1

*(III) Approving the Solicitation, Notice and Tabulation Procedures and Forms Related Thereto; and (IV) Granting Related Relief* [D.I. 417] (the "<u>Motion</u>").[3]  In support of this Scheduling Objection, the Senior Secured Agents respectfully state as follows:

1.  The Senior Secured Agents have significant concerns regarding both the plan process and the terms of the *Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization* [D.I. 412] (the "<u>Combined DS and Plan</u>").  The Court is well aware that the Chapter 11 Cases have been anything but smooth and orderly, and these issues have not surprisingly manifested in the plan process as well.  Despite years of providing support to the Debtors through multiple senior secured prepetition credit facilities, and most recently allowing certain of their prepetition liens to be made *pari passu* with the DIP Facility to ensure the Debtors had access to critical funding for these Chapter 11 Cases, the Debtors and the Official Committee (together, the "<u>Plan Proponents</u>") did not engage with the Senior Secured Parties on plan treatment until January 5—a mere three days prior to filing the Combined DS and Plan.  And, as detailed in the Senior Secured Agent's objection to interim approval of the disclosures in the Combined DS and Plan filed concurrent with this Scheduling Objection (the "<u>Disclosure Objection</u>"), the Combined DS and Plan lacks adequate disclosure and is patently unconfirmable on multiple grounds, which includes stripping the Senior Secured Parties of their collateral and violating the absolute priority rule in contravention of section 1129(b) of the Bankruptcy Code.  Furthermore, even if the Plan Proponents are able to remedy the significant disclosure infirmities prior to the interim approval hearing, and the Court determines that the Plan is not patently unconfirmable, the

---

[3] Capitalized terms used but not defined herein shall have the meanings provided to such terms in the *Interim Order (I) Authorizing Certain Debtors to Obtain Postpetition Financing from Bayonne Medical Center Opco, LLC and Granting Senior Security Interests and Superpriority Administrative Expense Status to the Lender; (II) Authorizing the Debtors' Use of Cash Collateral; (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [D.I. 119].

Plan Proponents have nevertheless positioned these Chapter 11 Cases for a heavily contested and costly confirmation hearing that these cases can ill afford and that is highly unlikely to yield a positive result for the Debtors' estates and their stakeholders (including patients).[4]

2.  While the Senior Secured Agents are sensitive to the Debtors' financial constraints and the need for an expeditious resolution to the Chapter 11 Cases for the benefit of all stakeholders (including patients), the Senior Secured Agents do not have faith that the Plan Proponents will be able to resolve the myriad of disclosure and plan issues on the expedited timeline contemplated by the Motion's confirmation schedule—likely resulting in administrative insolvency and liquidation. Moreover, the Motion's proposed confirmation schedule (i) violates the Bankruptcy Rules, and (ii) fails to give parties in interest sufficient time to review, understand, seek discovery as needed, and object to the Combined DS and Plan.

3.  Bankruptcy Rule 2002(b) requires at least 28 days' notice by mail of the time to file an objection to, and the time of the hearing to consider whether to confirm, a chapter 11 plan, and Rule 3017-2(b)(iv) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware requires at least 35 days' notice by mail of the confirmation hearing. Assuming the Court authorizes the solicitation of the Combined DS and Plan at the January 17 hearing on the Motion, and the Plan Proponents manage to commence solicitation and notice of the Combined DS and Plan that day, which is highly unlikely, the earliest permissible objection deadline to confirmation of the Combined DS and Plan under the Bankruptcy Rules and the Local Rules would be February 14—a full week later than the February 7 deadline

---

[4] The Senior Secured Agents are also very concerned that, because HRH is an insider, the Plan Proponents would incur the significant costs of solicitation and preparation for a heavily contested confirmation hearing without having in-hand a non-insider impaired consenting class. Given the Debtors' financial condition, pursuing this Plan on a leap of faith strikes the Senior Secured Agents as unacceptably risky.

32753949.1

3

proposed under the Motion. The Plan Proponents have not demonstrated that cause exists to deviate from these notice requirements, nor can they.

4. The full notice period is particularly necessary here, as the Senior Secured Agents will need to conduct discovery relating to the issues identified in the Disclosure Objection, especially as it relates to the Plan Proponents' proposed substantive consolidation and whether the Plan Proponents, as estate fiduciaries, appropriately investigated the claims against HRH and its affiliates and other related parties that would be released under the Combined DS and Plan if confirmed.

5. In short, assuming the Plan Proponents are permitted to solicit (and incur the significant costs of soliciting) the Combined DS and Plan despite the woeful lack of disclosure and numerous issues making it patently unconfirmable, the Senior Secured Agents respectfully submit it is critical that stakeholders have the full notice period required under the Bankruptcy Rules and the Local Rules to assert (and, for the benefit of all stakeholders, to try to resolve) objections. Failing to resolve the laundry list of disclosure and confirmation issues prior to the confirmation hearing would be deleterious to the estates and likely result in administrative insolvency, the hospitals closing and these Chapter 11 Cases converting to liquidations.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Senior Secured Agents request that the Court (i) sustain this Scheduling Objection, (ii) order the Plan Proponents to adhere to the notice requirements set forth in the Bankruptcy Rules and the Local Rules and (iii) grant further relief as is just and appropriate.

Dated: January 15, 2025

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ *Robert F. Poppiti, Jr.*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Email: mlunn@ycst.com
      rpoppiti@ycst.com

-and-

**MOORE & VAN ALLEN PLLC**
Alan W. Pope (admitted *pro hac*)
Zachary H. Smith (admitted *pro hac*)
Gabriel L. Mathless (admitted *pro hac*)
Matthew K. Taylor (admitted *pro hac*)
Moore & Van Allen PLLC
100 North Tyron St, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 331-1000
Email: alanpope@mvalaw.com
      zacharysmith@mvalaw.com
      gabrielmathless@mvalaw.com
      matthewtaylor@mvalaw.com

*Counsel to Capitala Private Advisors, LLC and Capitala Specialty Lending Corp.*