**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, Inc., et. al.,<br><br>    Debtors. | Chapter 11<br><br>Case No.: 24-12534 (JKS)<br><br>(Jointly Administered)<br><br>D.I. 412 |

**OBJECTION AND RESERVATION OF RIGHTS OF CREDITOR, RESOLUTE PERIOPERATIVE SERVICES, LLC TO THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINT MOTION FOR THE ENTRY OF AN ORDER APPROVING THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF REORGANIZATION**

Resolute Perioperative Services, LLC ("Resolute"), by and through his counsel, Brach Eichler LLC and Hogan McDaniel, hereby submits the following objection to the Debtors and Official Committee of Unsecured Creditors' Joint Motion for the Entry of an Order Approving the Combined Disclosure Statement and Chapter 11 Plan of Reorganization, and respectfully submits the following:

**PRELIMINARY STATEMENT**

1.  Resolute is a creditor of Chapter 11 debtor, Garden State Healthcare Associates LLC ("GSHA"), pursuant to a certain Agreement for Anesthesiology Services by and between GSHA and the Debtor, dated March 2, 2023.

2.  As of the Petition Date, Resolute continues to provide post-petition services to the Debtors, and has been regularly receiving payments for these post-petition services. Resolute has also filed a Proof of Claim against the Debtors' Bankruptcy Estate in the amount of $1,124,754.50 (*Claim # 54, filed on January 3, 2024)*, for pre-petition services rendered, which have gone unpaid.

3.      On January 8, 2025, the Debtors and Official Committee of Unsecured Creditors (collectively, the "Plan Proponents") submitted a joint motion to approve on "an interim basis the disclosures int the *Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization* (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the 'Combined Disclosure Statement and Plan' or the 'Plan', and the disclosures contained therein," that was filed on January 8, 2025.

4.      The complete definition of the "Combined Disclosure Statement and Plan" is included in this Objection for emphasis as, in its current form, the Combined Disclosure Statement and Plan lacks adequate disclosures to allow Resolute to make an informed decision on whether to support or oppose confirmation of the Plan.

5.      By way of example, in its current form, the Combined Disclosure Statement and Plan contains placeholders, where it should contain information on the treatment unsecured creditors will receive under the Plan.  General Unsecured Creditors are advised that the Estimated Amount of Recovery for their Class is "$[*]", representing a "[*]% - [*]%" Projected Recovery. *[D.I. 412, p. 6]*. These placeholder values do not provide any useful information to unsecured creditors.

6.      Likewise, the entities with executory contracts with the Debtors lack adequate information on whether their contracts will be assumed or rejected, inasmuch as the "Schedule of Rejected Executory Contracts and Expired Leases" described in the Combined Plan and Disclosure Statement is not actually attached to that document.

7.      Moreover, although the Combined Plan and Disclosure Statement refers to the fact that the Debtors' sought the entry of a Final Order authorizing the Debtors "to pay certain allowed prepetition claims of patient care vendors in the ordinary course of business," which was entered

the Bankruptcy Court on December 6, 2024 *[D.I. 247],* the Debtors have not provided any disclosures to Creditors on the "matrix/schedule of all amounts directly or indirectly paid" to patient care vendors under the terms of the Court's Order, and how that may impact the allowed General Unsecured (or other) claims against the Debtors' bankruptcy estate.

8. Section 1125 of the Bankruptcy Code prohibits the solicitation of votes on a reorganization plan prior to court approval of a written disclosure statement (after notice and a hearing) which contains "adequate information." See 11 U.S.C. § 1125(b). The "adequate information" requirement is designed to help creditors in their negotiations with debtors over the plan. See Century Glove, Inc. v. First American Bank, 860 F.2d 94 (3d Cir. 1988); In re Ferretti, 128 B.R. 16, 18 (Bankr. D.N.H. 1991) (the purpose of a disclosure statement is to provide "adequate information" to creditors to enable them to determine whether to accept or reject a proposed plan). Adequate information is defined by the Code as: … information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan ...." See 11 U.S.C. § 1125(b).

9. Courts have held that an acceptable disclosure statement must contain "simple and clear language delineating the consequences of the proposed plan on [creditors'] claims and the possible [Bankruptcy] Code alternatives so that [creditors] can intelligently accept or reject the Plan." In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 981 (Bankr. N.D.N.Y. 1988). In short, a proposed disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

10. Resolute respectfully submits that the Combined Plan and Disclosure Statement, on its face, lacks sufficient information to advise creditors like Resolute how they will be treated under the Plan.

11. While Resolute anticipates that the Plan Proponents will attempt these defects prior to the hearing scheduled by the Court for Friday, January 17, 2025, it is imperative that the Plan Proponents tend to these defects before the Court considers approval of the Combined Plan and Disclosure Statement.

12. As the Combined Plan and Disclosure Statement remains incomplete, Resolute reserves the right to amend, supplement or withdraw this Objection to the Combined Plan and Disclosure Statement as the same is amended and supplemented by the Plan Proponents prior to the Court hearing considering the approval of the same.

Dated: January 15, 2025

**HOGAN♦McDANIEL**

*/s/Garvan F. McDaniel*
Garvan F. McDaniel (DE Bar No. 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
Email: gfmcdaniel@dkhogan.com

-and-

**BRACH EICHLER LLC**

Carl J. Soranno, Esquire (admitted *pro hac vice*)
101 Eisenhower Parkway
Roseland, NJ 07068
Tel: (973) 228-5700
Fax: (973) 618-5520
E-mail: csoranno@bracheichler.com

*Attorneys for Resolute Perioperative Services, LLC*