**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12534 (JKS)<br><br>(Jointly Administered)<br>Related to Docket No. 417 |

**THE COUNTY OF HUDSON'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR ENTRY OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS; (II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT, PLAN CONFIRMATION AND DEADLINES RELATED THERETO; (III) APPROVING SOLICITATION, NOTICE AND TABULATION PROCEDURES AND FORMS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

The County of Hudson (the "County"), by and through its undersigned counsel, hereby submits this limited objection (the "Objection") and Reservation of Rights to the *Motion of the Debtors and Official Committee of Unsecured Creditors for Entry of Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement, Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and Forms Related Thereto; and (IV) Granting Related Relief* [D.I. 417] (the "Motion").[1] In support of its Objection, the County respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The County objects to the Motion insofar as the Disclosure Statement (and the Plan) fail to account for a tax payment for The New Jersey County Option Hospital Fee Program (the "County Option Program") in the amount of $4,200,000 (the "Outstanding Payment"), which was

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

due to the County on December 2, 2024. Said payment has not been received and is not included in the interim budget or the Combined Plan and Disclosure Statement presented by Debtors. While the County and representatives of the Debtors have had discussions regarding a possible resolution concerning the Outstanding Payment, on the basis of caution, the County files this Objection and reserves its rights.

## LIMITED OBJECTION

2.      Originally enacted in 2018 as a pilot program, the County Option Program is a program administered by the New Jersey State Department of Human Services that aims to help local hospitals continue to provide services to low-income residents. The goals of the County Option Program are to increase financial resources through the Medicaid program to support local hospitals and ensure that they continue to provide necessary services to low-income citizens and provide participating counties with new fiscal resources. Medicaid payment rates are often significantly lower than other payors. As a result, hospitals often face uncompensated costs of serving Medicaid patients, particularly if the hospital serves a significant share of Medicaid patients.

3.      In addition, the state and federal government share in the financing of Medicaid payments. For the payments at issue, the state funds roughly 35.33% of the costs and the federal government provides 64.67% in matching funds, stretching permissible state resources farther to support serving low-income individuals. Federal rules permit states to use proceeds of hospital taxes to raise the state share of new payments to hospitals. Through federal matching of the tax proceeds, new resources are available to the hospitals for serving low-income patients. State or local governmental hospital tax programs are in place across the country to benefit Medicaid providers.

4. As required by N.J.A.C. 10:52B-2.2, on April 15, 2021, the Hudson County Board of Commissioners enacted an ordinance, imposing the local County fee on hospitals located within the County, including Palisades Medical Center, Jersey City Medical Center, Hudson Regional Hospital, Hoboken University Medical Center, Bayonne Medical Center, and Christ Hospital in Jersey City (the "Assessed Hospitals"). Hoboken University Medical Center, Bayonne Medical Center, and Christ Hospital in Jersey City are all hospitals owned by the Debtors in these chapter 11 cases.

5. Through Hudson County's enactment of the County Option Program, the Assessed Hospitals pay $133.33 per day of inpatient stay at each of the Assessed Hospitals (the "Tax Assessment"). The County then transmits that tax payment, less a 9% administrative fee, to the State of New Jersey Department of Human Services. In accordance with New Jersey law and federal guidelines, the remaining fee proceeds are used to finance the state's portion of add-on payments for services provided by the hospitals to certain Medicaid patients. The federal government matches the state's portion of the add-on payments and the total add-on payment is thereafter redistributed to the Assessed Hospitals. This Medicaid program is delivered through managed care organizations, so the payments are made through Medicaid Managed Care organizations. Assessed Hospitals pay their pre-determined Tax Assessment to the County on a quarterly basis.

6. As of the Petition Date, the Debtors' three hospitals are delinquent on their previous Tax Assessments for a combined total of nearly $15.9 million dollars, which includes interest. Of more critical importance, however, is that the Debtors failed to pay their quarterly Tax Assessment (approximately $4.2 million) on December 2, 2024. Additionally, the Debtors must pay upcoming quarterly tax assessments on March 3, 2025 and June 2, 2025. The current version of the Combined

3

Plan and Disclosure Statement do not address these obligations or demonstrate they will and can be met.

7. The Combined Plan and Disclosure Statement further fails to make clear that, should the Debtor **not** make the Outstanding Payment or the upcoming Tax Assessments, they risk having their participation in the program being significantly reduced or being completely excised from the County Option Program moving forward—depriving the Debtors of the enhanced payment. For the current program year, the interim payments to CarePoint hospitals total more than $37 million. For the next program year, the County has the option to nearly double the size of the program. CarePoint will receive very limited or no Medicaid payments if the County must limit or eliminate their participation in the program.

8. Discussions have been ongoing with counsel for the Debtors about payment options and timelines. While certain terms have been agreed to between the Debtors and the County, the Debtors and the County requested the State of New Jersey's (the "State") approval to the settlement terms and procedure. Counsel for the Debtors and the County spoke with representatives from the State on January 13, 2025, and are awaiting approval from the State. If approval is provided, the Debtors have advised they intend to file a motion to approve the settlement under Bankruptcy Rule 9019 in short order. However, at this time, there is no formal plan in place to pay the Outstanding Payment or any future tax payments related to the County Option Program.

9. The effect of the failure of the Debtors to pay the Outstanding Payment cannot be understated; not only does such failure jeopardize the County Option Program *for all Assessed Hospitals*, it also jeopardizes the Debtors' estates from 1) retaining the current benefit of the program for years in which fees went unpaid, and 2) receiving tens of millions of dollars in additional support for serving Medicaid patients. The Debtors' payment of the Outstanding

53733697.2

Payment ($4.2 million) and the additional quarterly payments in March and June will ensure that the state does not later reduce the program size—including the $37 million CarePoint is set to receive— to recover the unpaid funds and related federal matching funds. If CarePoint's compliance with the program is not restored and the County must take steps to continue the program without CarePoint, the potential impact could be nearly double. The payment of Outstanding Payment is not only required for a chapter 11 debtor under the plain language of 11 U.S.C. § 1112(b)(4)(I), it is an obvious and immediately beneficial decision for the Debtors' estate.

10.     Due to the fact that the Outstanding Payment and all future tax payments to the County for the County Option Program are not included in the interim budget or addressed and/or disclosed in the Combined Plan and Disclosure Statement, the County must object to the Motion.

## Reservation of Rights

11.     Notably, by the Motion, the Debtors are seeking only *conditional* approval of the Disclosure Statement. "Conditional approval [of a disclosure statement] is just that – conditional. The court may revisit the question of the adequacy of disclosure at plan confirmation, if necessary." In re St. Margaret's Health – Peru, 659 B.R. 691, 698 (Bankr. N.D. III 2024) (citing In re Islet Sciences, Inc., 640 B.R. 425, 460 (Bankr. D. Nev. 2022) ("Reassessing the adequacy of disclosure from the vantage of the confirmation hearing is an efficient safeguard of the integrity of the reorganization process.")). "Indeed, even when a disclosure statement has been fully approved at a separate, earlier hearing, the court may consider at confirmation whether adequate information was provided prior to solicitation." Ibid. (citing 11 U.S.C. 1129(a)(2) ("The court shall confirm a plan only if all of the following requirements are met…(2) "[t]he proponent of the plan complies with the applicable provisions of this title.")). See also id. at 699 ("A court must always determine, at the time of confirmation, whether the plan proponent provided adequate information

53733697.2

prior to solicitation."); In re Rupari Holding Corp., 2017 Bankr. LEXIS 3986, at *5-6 (Bankr. D. Del. Nov. 2, 2017) (approving disclosure statement on interim basis and scheduling deadline to file objections to adequacy of disclosure statement and confirmation of plan).

12. Based on the above, the County reserves its rights to further object to the adequacy of the information in the proposed Combined Plan and Disclosure Statement, and to raise such other and further objections to the Combined Plan and Disclosure Statement as necessary and appropriate.

Dated: January 15, 2025                    **SAUL EWING LLP**

By: */s/ Monique B. DiSabatino*
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Email: monique.disabatino@saul.com

-and-

Sari B. Placona (admitted *pro hac vice*)
**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, New Jersey 07068
Telephone: (973) 622-1800
Email:     splacona@msbnj.com

*Counsel for The County of Hudson*

53733697.2