**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CAREPOINT HEALTH SYSTEMS INC. d/b/a JUST HEALTH FOUNDATION, *et al.*,[1] | Case No. 24-12534 (JKS) |
| | (Jointly Administered) |
| Debtors. | **Obj. Deadline: January 15, 2025 at 10:00 a.m. (ET)** <br> **Hearing Date: January 17, 2025 at 10:00 a.m. (ET)** |

**PRELIMINARY OBJECTION, JOINDER, AND RESERVATION OF RIGHTS OF DR. VIJAYANT SINGH, IN HIS CAPACITY AS RELATOR, TO MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS; (II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT, PLAN CONFIRMATION AND DEADLINES RELATED THERETO; (III) APPROVING THE SOLICITATION, NOTICE AND TABULATION PROCEDURES AND FORMS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF**

Vijayant Singh, M.D., in his capacity as Relator ("Dr. Singh") files this preliminary objection, joinder and reservation of rights (this "Objection") in opposition to the Motion of the above-captioned debtors (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement, Plan Confirmation, and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and Forms Related Thereto; and (IV) Granting Related Relief (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

17133948/1

"Disclosure Statement Motion") [Docket No. 417] and to the disclosures contained in the Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization [Docket No. 412] (the "Combined Disclosure Statement and Plan" or the "Plan"), and joins in other similar objections to the extent not inconsistent with this Objection, and incorporates such objections as if fully set forth herein, and in support of this Objection, the Dr. Singh states as follows:

## BACKGROUND

1. Dr. Singh is a medical doctor and former employee of CarePoint Health, one of the Debtors. In or about March 2012, Dr. Singh began working for CarePoint Health. On or about August 6, 2021, Dr. Singh terminated his employment with CarePoint Health after objecting to and opposing, among other things, Defendants' receipt and retention of PRF High Impact Payments which he contended had been improperly received and unlawfully retained. At the time he terminated his employment, Dr. Singh was the Chief Hospital Executive for Bayonne Medical Center and the system-wide Chief Medical Officer ("CMO") for CarePoint Health.

2. On November 5, 2021, Dr. Singh, in his capacity as Relator, commenced a qui tam action in the United States District Court for the District of New Jersey, Civil Action No. 2:21-cv-19788-MEF-AME, against Hudson Hospital OPCO, LLC, d/b/a Christ Hospital ("Christ Hospital"), HUMC OPCO, LLC d/b/a Hoboken University Medical Center ("Hoboken University Medical Center"), IJKG OPCO, LLC d/b/a Bayonne Medical Center ("Bayonne Medical Center"), CarePoint Health Management Associates, LLC CarePoint Health ("CarePoint Health"), IJKG, LLC ("IJKG"),[2] Achinty A. Moulick, M.D., and William D. Pelino, under the False Claims Act, 31 U.S.C. §§ 3729, et seq., to recover damages and penalties on behalf of the United States of

---

[2] Christ Hospital, Hoboken University Medical Center, Bayonne Medical Center, CarePoint Health" and IJKG are each Debtors. Upon information and belief, Achinty A. Moulick, M.D., and William D. Pelino are each insiders of one or more of the Debtors.

America. (the "Qui Tam Action"). On August 11, 2023, Dr. Singh filed an amended complaint in the Qui Tam Action (the "Amended Complaint").

3. As set forth in the Amended Complaint, Dr. Singh, as relator, asserts damages and penalties on behalf of the United States as a result of the Defendants improper receipt and unlawful retention of Provider Relief Fund Targeted Distribution payments to hospitals in COVID-19 high impact areas that were disbursed by the United States in the spring and summer of 2020 pursuant to various statutes enacted in response to the coronavirus disease pandemic that was first identified in late 2019.  Further, Dr. Singh intends to seek allowance and payment of his claim for all legal fees, costs and expenses to the extent allowed under applicable law.  In the aggregate, including treble damages, penalties, and legal fees and expenses, the total amount of Dr. Singh's claims against the defendants in the Qui Tam Action may exceed $150 million for which the Debtors may each be jointly and severally liable.

### BASIS FOR PRELIMINARY OBJECTION

4. At this time, Dr. Singh objects to (i) the lack of adequate information in the Disclosure Statement, and (ii) if such is approved on an interim basis for solicitation (which it should not be), to the currently proposed Confirmation Schedule, which does not permit sufficient time for a fulsome process given the nature of the proposed Plan.

5. As an initial matter, the Disclosure Statement lacks adequate information necessary to allow reasonable creditors to make an informed judgment on the Plan.  Among other things, the Plan fails to disclose at all the existence of the Qui Tam Action and the underlying claims therein which, upon information and belief, are the largest unsecured claims against the Debtors and their estates, and the effect of such claims upon the likely distribution to creditors.  Further, the Plan

does not disclose the rationale of the Plan, including the attendant risks to confirmation and anticipated distribution to creditors thereunder.

6. Moreover, among other things, the Plan and disclosures therein provide no legal or factual basis for the proposed substantial consolidation of the Debtors' estates and the effects upon anticipated creditor recoveries. At a bare minimum, the Plan should disclose the basis for the substantive consolidation of the estates and the effects on creditor distributions in the event that that the estates are not substantively consolidated, so that creditors can make informed decisions with respect to the proposed treatment of the estates.

7. There also appear to be significant issues with respect to the proposed release and injunction provisions in the Plan, and Dr. Singh respectfully submits that, at a minimum, there does not appear to be any legal or factual basis for the releases, and such releases will not be approved as a matter of law.

8. Finally, solely with respect to the disclosures, the Plan also fails to state any basis or analysis to support the Committee's determination that the Plan's treatment and other provisions are fair, equitable, and appropriate.

9. Dr. Singh is mindful that, at this time, the Debtors and Committee are only seeking approval of solicitation procedures and approval of the disclosures on an interim basis, and it is however some of the issues contained in the Plan are so significant that they render the current iteration of the Plan patently unconfirmable.

**JOINDER AND RESERVATION OF RIGHTS**

Dr. Singh expressly joins in other objections to the Disclosure Statement Motion to the extent not inconsistent with this Objection, and he expressly reserves his right to supplement this Objection at any time prior to or at the hearing to consider approval of the Solicitation Motion and

interim approval of the disclosures in the Plan.

Dated: January 15, 2025          **MORRIS JAMES LLP**

<div style="margin-left: 2em;">

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Christopher M. Donnelly (DE Bar No. 7149)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
       cdonnelly@morrisjames.com

*Counsel to Vijayant Singh, M.D.*

</div>