## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CarePoint Health Systems Inc. d/b/a Just | ) Case No. 24-12534 (JKS) |
| Health Foundation, *et al.*,[1] | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) Re: D.I. 417, 551 |

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS; (II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT, PLAN CONFIRMATION AND DEADLINES RELATED THERETO; (III) APPROVING THE SOLICITATION, NOTICE AND TABULATION PROCEDURES AND FORMS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF

Upon the *Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement, Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and Forms Related Thereto; and (IV) Granting Related Relief* (the "Motion");[2] and based on the record in these Chapter 11 Cases; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); and (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or Combined Disclosure Statement and Plan, as applicable.

#124767087v7

District Court for the District of Delaware, dated as of February 29, 2012; and the Court having

found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter

a final order consistent with Article III of the United States Constitution; and the Court having

found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and the

Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, creditors and other parties in interest; and the Court having reviewed the Motion and

having heard the statements in support of the relief requested therein at a hearing before the Court;

and the Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and upon all of the proceedings had before the Court; and

after due deliberation and sufficient cause appearing therefor;

       **IT IS HEREBY FOUND THAT:**

       a.      The Plan Proponents have all the necessary authority to propose and prosecute the

*Fourth Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization*

(including all exhibits thereto and as amended, supplemented or otherwise modified from time to

time, the "<u>Combined Disclosure Statement and Plan</u>" or the "<u>Plan</u>", and the disclosures contained

therein, the "<u>Disclosure Statement</u>").

       b.      The Plan Proponents provided adequate notice of the Motion, and the time fixed

for filing objections thereto, and no other or further notice need be provided with respect to the

Motion.

       c.      The period, set forth below, during which the Plan Proponents may solicit votes to

accept or reject the Plan is a reasonable and adequate period of time under the circumstances for

creditors entitled to vote to make an informed decision to accept or reject the Plan, including to

#124767087v7

make an informed decision to object to the Plan.

        d.      The notice substantially in the form attached hereto as **Exhibit A** (the "Confirmation Hearing Notice"), the procedures set forth below for providing such notice to creditors and interest holders of the time, date and place of the combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "Confirmation Hearing"), and the contents of the Confirmation Hearing Notice comply with Bankruptcy Rules 2002, 3017 and Local Rule 3017-2 and constitute sufficient notice to all interested parties.

        e.      The Confirmation Hearing Notice and the procedures set forth below for providing such notice to holders of Claims and Interests comply with the requirements of the Bankruptcy Code and are appropriate.

        f.      The procedures for solicitation and tabulation of votes to accept or reject the Plan (as more fully set out in the Motion and in this Order below) provide for a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code. The forms of the Ballots attached hereto as **Exhibits B-1**, **B-2**, **B-3, B-4, B-5, B-6, B-7, B-8,** and **B-9** are sufficiently consistent with Official Form No. 314, adequately addresses the particular needs of the Chapter 11 Cases, and are appropriate for the Voting Classes to vote to accept or reject the Plan.

        **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

        1.      The Motion is GRANTED as set forth herein.

        2.      The Disclosure Statement is approved on an interim basis under section 1125 of the Bankruptcy Code, Bankruptcy Rule 3017 and Local Rule 3017-2. Any objections to the adequacy of the information contained in the Disclosure Statement are expressly reserved for consideration at the Confirmation Hearing.

#124767087v7

3.      In accordance with Local Rule 3017-2, any objections not made to (i) the procedures to be utilized for voting on the Combined Disclosure Statement and Plan, (ii) the form of the Confirmation Hearing Notice, or (iii) the form of the Ballots, shall not be considered at the time of the Confirmation Hearing.

4.      The Confirmation Schedule is approved in its entirety as follows:

| EVENT | DATE |
| --- | --- |
| Record Date for Purposes of Service of Solicitation Materials (the "Record Date") | January 23, 2025 |
| Deadline to Serve the Confirmation Hearing Notice | Two (2) business days after entry of the Interim Approval and Procedures Order |
| Deadline to Serve the Solicitation Package | Four (4) business days after entry of the Interim Approval and Procedures Order |
| Deadline to Serve Plan-Related Document Requests and Interrogatories | January 30, 2025 |
| Record Date for Purposes of Entitlement to Submit Ballots on the Plan (the "Ballot Record Date") | February 3, 2025 |
| Deadline to file Claim Objections for Voting Purposes | February 10, 2025 at 4:00 p.m. (ET) |
| Deadline to Respond to Plan-Related Document Requests and Interrogatories | February 13, 2025 |
| Deadline to Submit Initial Expert Reports | February 18, 2025 |
| Deadline for Preliminary Deposition Notices | February 20, 2025 at 4:00 p.m. (ET) |
| Deadline to file Rule 3018(a) Motions | February 20, 2025 at 4:00 p.m. (ET) |
| Deadline to File Plan Supplement | February 20, 2025 at 4:00 p.m. (ET) |
| Deposition of Plan Proponents' fact witnesses and/or witnesses Plan Proponents intend to rely on at confirmation | February 24, 2025 – February 28, 2025 |
| Deadline to Submit Rebuttal Expert Reports | February 24, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to 3018(a) Motions | February 24, 2025 at 4:00 p.m. (ET) |
| Deadline to Supplement Deposition Notices | February 25, 2025 at 4:00 p.m. (ET) |
| Deadline to Complete Expert Depositions | February 26, 2025 |
| Hearing on 3018(a) Motions | February 27, 2025 at 10:00 a.m. (ET) |

| | |
|---|---|
| Deadline to Object to Final Approval of Combined Disclosure Statement and Plan | February 28, 2025 at 4:00 p.m. (ET) |
| Deadline to Supplement Objections to Final Approval of Combined Disclosure Statement and Plan based on Deposition Testimony | March 3, 2025 at 4:00 p.m. (ET) |
| Deadline for all parties to file any Motions *in Limine* | March 3, 2025 at 4:00 p.m. (ET) |
| Deadline to Vote | March 3, 2025 at 4:00 p.m. (ET) |
| Status Conference | March 5, 2025 at 10:00 a.m. (ET) |
| Deadline to File: (i) Voting Report; (ii) Confirmation Brief/Reply; and (iii) Proposed Confirmation Order | March 7, 2025 at 4:00 p.m. (ET) |
| Deadline to Oppose Motions *in Limine* | March 7, 2025 at 4:00 p.m. (ET) |
| Deadline for all Parties to file and serve Witness and Exhibit Lists | March 7, 2025 at 4:00 p.m. (ET) |
| Confirmation Hearing | March 11, 2025 at 10:00 a.m. (ET) <br> March 12, 2025 at 10:00 a.m. (ET) |

5.      The combined hearing on final approval of the adequacy of the Disclosure Statement and confirmation of the Plan (the "Confirmation Hearing") is scheduled for **March 11, 2025 at 10:00 a.m. (prevailing Eastern Time)**. The deadline to file objections to the adequacy of the Disclosure Statement and confirmation of the Plan is **February 28, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"). The Confirmation Hearing may be continued from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open court and/or by filing a notice of adjournment on the case docket.

6.      The deadline for the Plan Proponents to file the Voting Report is **March 7, 2025 at 4:00 p.m. (prevailing Eastern Time)**. In addition to reporting the results of the members of the Voting Classes returning a completed ballot, the Voting Report will also reflect which votes were not counted, the reasons why and if the Voting Deadline was extended.

7.      The Deadline for the Plan Proponents (and other parties in support of the Plan) to

#124767087v7

file a brief in support of confirmation of the Plan and/or a reply to any objections to the final approval of the Disclosure Statement and confirmation of the Plan, any supporting declarations and the proposed form of order approving the Disclosure Statement and confirming the Plan is **March 7, 2025 at 4:00 p.m. (prevailing Eastern Time).**

      8.     Objections to the adequacy of the Disclosure Statement and confirmation of the Plan, if any, must:

      a.     be in writing;

      b.     conform to the Bankruptcy Rules and Local Rules;

      c.     state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity;

      d.     state with particularity the basis and nature of any objection to the Disclosure Statement, the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

      e.     be filed, together with a proof of service, with the Court and served on the following parties, on or prior to the Objection Deadline: (i) counsel to the Debtors, Dilworth Paxton LLP, 1650 Market St., Suite 1200, Philadelphia, PA 19103, Attn: Peter C. Hughes, Esq. (phughes@dilworthlaw.com) and Lawrence G. McMichael, Esq. (lmcmichael@dilworthlaw.com) (ii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and James E. O'Neill, Esq. (joneill@pszjlaw.com), and Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, NJ 07102, Attn: Andrew H. Sherman, Esq. (asherman@sillscummis.com) and Boris Mankovetskiy, Esq. (bmankovetskiy@sillscummis.com); (iii) counsel to the DIP Lender, Mandelbaum Barrett PC, 3 Becker Farm Road, Roseland, NJ 07068, Attn: Mohamed H. Nabulsi, Esq. (mnabulsi@mblawfirm.com) and Vincent J. Roldan, Esq. (vroldan@mblawfirm.com) and (iv) the Office of The United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jane M. Leamy, Esq. (Jane.M.Leamy@usdoj.gov).

#124767087v7

9.      The Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit A**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d) and 3017(d) and Local Rule 3017-2 and is approved in all respects. The Confirmation Hearing Notice shall be served upon: (i) holders of Claims or Interests, whether in Voting Classes or in the Non-Voting Classes, or unclassified, (ii) the Internal Revenue Service, (iii) all state and local taxing authorities in jurisdictions in which the Debtors have tax liabilities, (iv) the United States Attorney for the District of Delaware, (v) the New Jersey Department of Health, (vi) all counterparties to executory contracts and leases; (vii) the United States Trustee for the District of Delaware; (viii) all persons and entities listed on the Debtors' creditor mailing matrix, and (ix) all parties requesting notice pursuant to Bankruptcy Rule 2002, within two (2) business days of the entry of this Order. The Plan Proponents shall not be required to mail a copy of the Combined Disclosure Statement and Plan to such parties.

10.     The Plan Proponents shall serve a copy of this Order, with all exhibits, and a copy of the Combined Disclosure Statement and Plan, with exhibits, on (i) the Internal Revenue Service; (ii) all state and local taxing authorities in jurisdictions in which the Debtors have tax liabilities; (iii) the United States Attorney for the District of Delaware; (iv) the New Jersey Department of Health; and (v) the United States Trustee for the District of Delaware; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002.

11.     The Plan Proponents shall transmit to each holder of a Claim in the Voting Classes a package (the "Solicitation Package") containing (a) a cover letter describing the contents of the Solicitation Package  describing the contents of the Solicitation Package and the Plan Proponents' recommendation to vote to accept to the Plan, (b) the Combined Disclosure Statement and Plan and all exhibits thereto (in hard copy or on a flash drive in PDF format), (c) this Order without the

7

exhibits thereto (in hard copy or on a flash drive in PDF format), (d) the Confirmation Hearing

Notice, (e) the applicable Ballot, including voting instructions, and (f) a pre-addressed return

envelope, within four (4) business days following entry of this Order.

12.    Only the following holders of Claims in the Voting Classes are entitled to vote on

the Plan:

a.    holders of Claims for which Proofs of Claim have been filed, as reflected on the claims register as of the Ballot Record Date;

b.    holders of Claims that are listed in the Debtors' Schedules and Statements, with the exception of those Claims that are scheduled as contingent, unliquidated or disputed (excluding such scheduled Claims that have been superseded by a filed Proof of Claim);

c.    holders whose Claims arise pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court, in a final order of the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed;

d.    the assignee of any transferred or assigned Claim, only if: (i) transfer or assignment has been fully effectuated pursuant to the procedures dictated by Bankruptcy Rule 3001(e) and (ii) such transfer is reflected on the Claims Register on or before the Record Date;

e.    Strategic Ventures with respect to its Class 14 Secured Claim, which shall be Allowed solely for voting purposes in the amount of $10,000,000; and

f.    the following entities defined as Prior Owners are entitled to vote in Class 9 in the following amounts[3]:

  i.    Benego Ventures, LLC in the amount of $10,480,00;

  ii.    Benego Ventures, LLC in the amount of $320,000;

  iii.    Pheasant Run Ventures, LLC in the amount of $2,482,764;

---

[3] Notwithstanding this provision and the parties' related agreement as stated on the record at the January 23, 2025 hearing with respect to voting, all parties' rights are reserved with respect to all objections to final approval of the Disclosure Statement and confirmation of the Plan, including, without limitation, classification and treatment of Class 9 Claims.

iv.      Freehold Trust in the amount of $21,148,474;

v.      Vivek Garipalli in the amount of $349,570.60;

vi.      JPL Healthcare Consulting, LLC in the amount of $1,275,000;

vii.      Oak Management, LLC in the amount of $310,344;

viii.      Willow Healthcare Service LLC in the amount of $40,000; and

ix.      James Lawler in the amount of $2,998,803.

13.      In tabulating votes, the following hierarchy will be used to determine the amount of the Claim associated with each vote[4]:

a.      the amount of the Claim settled and/or agreed upon by the Debtors, as reflected in a Bankruptcy Court pleading, stipulation, agreement, or other document filed with the Bankruptcy Court, in a final order of the Bankruptcy Court or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

b.      the amount of the Claim Allowed (temporarily or otherwise) pursuant to a Resolution Event in accordance with the Solicitation Procedures;

c.      the amount of the Claim contained in a Proof of Claim that has been filed by the Ballot Record Date; provided that Ballots cast by holders that file a Proof of Claim in a contingent, or an unliquidated, or unknown amount that are not the subject of an objection, will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code;

d.      the amount of the Claim listed in the Schedules; provided, that such Claim is not listed in the Schedules as contingent, unliquidated or disputed, or any combination thereof, and has not been paid;

e.      for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one

---

[4] Any Ballot cast by a holder of a Proof of Claim in which the amount of the Claim is listed in any currency other than USD will have the dollar amount of the Claim converted to USD, as of the date the Ballot is received by the Balloting Agent (defined below), for the purposes of the dollar amount provisions of section 1126(c) of the Bankruptcy Code.

#124767087v7

Claim in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

f.    Claims filed for $0.00 are not entitled to vote; and

g.    in the absence of any of the foregoing, zero.

14.    As part of the Solicitation Package, the Plan Proponents shall distribute to creditors entitled to vote on the Plan the applicable Ballot based on Official Form No. 314, modified to address the particular circumstances of the Chapter 11 Cases and to include certain additional information that the Plan Proponents believe to be relevant and appropriate for the Voting Classes to vote to accept or reject the Plan. The form of the Ballots attached hereto as **Exhibits B-1**, **B-2**, **B-3**, **B-4, B-5, B-6, B-7, B-8,** and **B-9** are hereby approved.

15.    The deadline to submit Ballots to accept or reject the Plan shall be **March 3, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline").

16.    Ballots shall be transmitted by mail, as part of the Solicitation Package, to the record holders of claims in the Voting Classes. All other holders of Claims or Interests will not be provided with a Ballot because such holders are (i) unimpaired and presumed to accept the Plan under section 1126(f) of the Bankruptcy Code or (ii) impaired and deemed to reject the Plan under section 1126(g) of the Bankruptcy Code. Such non-voting holders will receive a copy of the Confirmation Hearing Notice.

17.    The procedures set forth in the Motion for effectively submitting a Ballot are hereby approved in their entirety. In order to submit a Ballot, parties must properly complete and execute the Ballot as described in paragraph 18 herein and return it by (a) first class mail, over-night courier or hand-delivery to the Debtors' noticing, claims and administrative agent, Epiq Corporate Restructuring, LLC (the "Balloting Agent" or "Epiq") at the address set forth in the Ballot on or before the Voting Deadline or (b) electronic online transmission solely through the customized

10

online balloting portal (the "Balloting Portal") that will be available through a balloting link on the Debtors' case website, https://dm.epiq11.com/carepoint, on or before the Voting Deadline. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner, and the creditor's electronic signature shall be deemed to be immediately legally valid and effective. Ballots submitted via the Balloting Portal shall be deemed to contain an original signature. Ballots otherwise sent by facsimile or electronic submissions (other than those submitted via the Balloting Portal) will **not** be accepted. Only properly completed, executed and timely submitted Ballots will be accepted by the Plan Proponents. The Plan Proponents reserve their right to extend the Voting Deadline at their discretion.

18.     The following Ballots shall not be counted in tabulating votes to accept or reject the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot submitted by a Party that does not hold a Claim in the Classes that are entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to either accept or reject the Plan or marked both to accept and reject the Plan; and (e) any Ballot submitted by any Party not entitled to vote pursuant to the Solicitation Procedures, as applicable.  Any Ballot that does not designate a Debtor entity shall be counted as a Ballot with respect to CarePoint Health Systems Inc. d/b/a Just Health Foundation.

19.     The record date for determining which holders of Claims are to be served with the Solicitation Package and the Confirmation Hearing Notice shall be January 23, 2025 (the "Record Date").

20.     To the extent a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court on or prior to February 13, 2025, the

#124767087v7

holder of such Claim shall not be entitled to vote to accept or reject the Plan unless one or more of the following has occurred no later than the Voting Deadline (each a "Resolution Event"):

    a.    an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

    b.    an order of the Bankruptcy Court is entered temporarily allowing such Claim for *voting purposes only* pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

    c.    a stipulation or other agreement is executed between the holder of such Claim and the Plan Proponents resolving the objection and allowing such Claim in an agreed upon amount;

    d.    a stipulation or other agreement is executed between the holder of such Claim and the Plan Proponents temporarily allowing the holder of such Claim to vote its Claim in an agreed upon amount; or

    e.    the pending objection is voluntarily withdrawn by the objecting party.

21.    If a Claim is the subject of an amended Proof of Claim, the originally filed Proof of Claim shall be deemed superseded by the later filed, amended Proof of Claim, regardless of whether or not the Debtors have objected to the originally filed Proof of Claim, and only the amended Proof of Claim shall be used for the purpose of determining voting eligibility in accordance with the provisions herein.

22.    Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased one or more duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Voting Class, regardless of whether the Debtors or Committee have objected to such duplicate Claims or Interests.

23.    The procedures for submission of bids by any party that seeks to overbid the proposed HRH Transactions as set forth in Article IX.E. of the Combined Disclosure Statement

#124767087v7

and Plan are approved on an interim basis, as follows:

In accordance with the terms hereof, a third party may seek to overbid the proposed HRH Transactions (an "Alternative Transaction"). Any bid for a proposed Alternative Transaction must be submitted no later than the date that is twenty-one (21) calendar days after conditional approval of the Disclosure Statement (the "Bid Deadline"), with time being of the essence, such that no bids received after the Bid Deadline may be considered, except as otherwise ordered by the Court.

If the Debtors receive a qualified bid before the Bid Deadline, the Debtors shall immediately forward such bid to the Reorganization Committee, the UCC and HRH. Any bidder may reach out directly to the Reorganization Committee to discuss any potential bid. Upon timely receipt of a qualified bid, the Reorganization Committee, in consultation with the UCC, will consider the proposed Alternative Transaction. Nothing herein prohibits the consideration of any and all bids for any or all asset of any or all of the Debtors, in whatever form. The Reorganization Committee and the Debtors, in consultation with the UCC, will consider any and all such bids, consistent with their fiduciary duties. When determining whether a bid is higher or better, the Reorganization Committee shall consider, among other things, the qualifications of the bidder (as set forth herein), the impact on employees, the number or percentage of employees to be retained post-closing, employee claims against Debtors, the ability of the bidder to continue to own/operate Bayonne, Christ Hospital, and HUMC as part of the same system, and collective bargaining agreements.

Any proposed Alternative Transaction must be proposed by a qualified bidder and shall be in an amount at least $1 million higher than HRH's credit bid (discussed below) to take into consideration the payment of a $1 million break-up fee, due and payable to HRH, subject to Court approval, in the event of a closing of an Alternative Transaction regarding Bayonne to an alternative bidder. Additional bid increments shall be determined by the Reorganization Committee, as ordered by the Court. A qualified bidder shall be determined by the Reorganization Committee, in consultation with the UCC, and shall be a person demonstrating: (i) the financial wherewithal to consummate any proposed transaction, (ii) its ability to achieve and secure regulatory approvals and comply with the NJDOH certificate of need and licensure statutes and regulations, including the transfer of ownership requirements, as well as the Community Health Care Asset Protection Act, (iii) its ability to secure all contractual approvals to which the Debtors/their successors are subject, (iv) its agreement and wherewithal to either assume or pay off, at closing, all overpayments owed by Bayonne Medical Center to Medicare, Medicaid and their MCOs/HMOs and other government health care programs, and (v) to the extent any assets to be acquired are subject to an existing dispute or litigation, its source of

13

litigation funding, funding of these Chapter 11 Cases necessary to consummate the contemplated Alternative Transaction, and a reasonable likelihood of success on the merits in such litigation. In addition, each bid must state the bidder's intent regarding the treatment and retention of employees of the Debtors, the treatment of the Debtor's collective bargaining agreements with its various labor unions, including the Committee of Interns and Residents, including whether the bidder will provide for the assumption of those collective bargaining agreements and all attendant obligations.

For the avoidance of doubt, HRH shall be deemed a qualified bidder. If one or more additional qualified bids are received by the Bid Deadline, the Plan Proponents shall: (i) within two days, file with the Court a notice summarizing the qualified bids received; and (ii) conduct an auction, which shall take place six days after Bid Deadline, at the offices of co-Counsel to the UCC, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801. At the conclusion of the auction, the Debtors (by and through the Reorganization Committee), in consultation with the UCC, will select the highest or best bid for some or all of the Debtors' assets and will file a notice of successful bidder no later than the first Business Day following the conclusion of the auction. The Plan Proponents will seek approval of such proposed transaction at the Confirmation Hearing, pursuant to an amended Plan if necessary.

HRH will have the right to credit bid with regard to the Bayonne transaction. Such credit bid may include: (i) the prepetition first lien debt (approximated to be $8 million, plus interest) acquired from Capitala, (ii) amounts advanced under the Bayonne DIP (approximated to be $21 million through February 1, 2025, plus interest), (iii) any amounts actually paid or advanced for supplies, equipment, personnel and other items and services, (iv) operations/management fees in a minimum approximate amount of $3,741,612; and (v) lease arrears such that the total of (i) – (v) above shall approximate a credit bid of $32,741,612 as of December 18, 2024, it being understood and agreed the foregoing amounts will be updated at the time the need for a credit bid becomes ripe.

If there is competitive bidding, HRH has the right to seek to augment its credit bid by the Outstanding Judgment, outstanding operations/management fees, all amounts incurred, advanced, assumed or paid for or on behalf of the Debtors and other amounts or consideration, and neither the Debtors nor the UCC will oppose HRH's augmented credit bid. Nothing herein shall prejudice or otherwise waive the legal rights of any person not a Party hereto to object to any terms of the Plan or alternative process described herein. Further, nothing herein shall impede or impair the Debtors' ability to perform their fiduciary obligations.

> For the avoidance of doubt, Section 2.05(a) of the Collateral Surrender Agreement is stricken from the Collateral Surrender Agreement and the "Transaction Consideration" under the Collateral Surrender Agreement shall be the credit bid of HRH described above.

For the avoidance of doubt, HRH and any party who submits a bid with respect to an Alternative Transaction shall have standing with respect to issues arising from the Alternative Transaction process.

24.     The Solicitation Procedures set forth herein are hereby approved in their entirety, provided that the Plan Proponents shall have the right to amend or supplement the Solicitation Procedures and related documents to better facilitate the confirmation process. The Plan Proponents will file a notice of any revisions to the Solicitation Procedures or indicate such revisions in the Voting Report.

25.     The Solicitation Procedures for service of the Solicitation Package and the Confirmation Hearing Notice satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

26.     The Plan Proponents are authorized to make non-material changes to the Combined Disclosure Statement and Plan, Solicitation Procedures, Confirmation Hearing Notice, Ballots and related pleadings without further order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the foregoing documents before their distribution.  For the avoidance of doubt, the Plan Proponents shall not make material revisions or otherwise revise the Solicitation Procedures in any way that prejudices claimants' rights without further Court order.

27.     The Plan Proponents are hereby authorized to take any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

15

28.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

29.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: January 24th, 2025**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

#124767087v7