Case 24-12534-JKS    Doc 595    Filed 01/29/25    Page 1 of 4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 24-12534 (JKS)<br>(Jointly Administered)<br><br>**Objection Deadline: January 29, 2025 at 4:00 p.m.**<br>**Hearing Date: February 12, 2025 at 10:00 a.m.**<br>**Re: D.I. 442** |

## OBJECTION AND RESERVATION OF RIGHTS OF THE DEBTORS REGARDING THE PATIENT CARE OMBUDSMAN'S RETENTION OF GIBBONS, P.C. AS COUNSEL

The above-captioned debtors (collectively, the "Debtors"), by and through their counsel, Dilworth Paxson LLP, hereby submit this objection and reservation of rights (the "Objection") to the *Application of David N. Crapo, Patient Care Ombudsman, for Entry of an Order Authorizing the Retention and Employment of Gibbons, P.C. as Counsel, Nunc Pro Tunc as of December 2, 2024* (the "Application") [D.I. 442][2]. In support thereof, the Debtors respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center. The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Defined terms not set forth herein have the meanings set forth in the Application.

1

#124802726v2

**Background**

1. On November 20, 2024, the Court issued the *Order Pursuant to 11 U.S.C. § 333 and Fed. R. Bankr. P. 2007.2 Directing the Appointment of a Patient Care Ombudsman*. [D.I. 162].

2. On November 25, 2025, the Office of the United States Trustee filed the *Notice of Appointment of Patient Care Ombudsman under 11 U.S.C. § 333* (the "Notice"). [D.I. 194].

3. The Notice identified David Crapo, Esquire as the Patient Care Ombudsman for these Chapter 11 Cases. [D.I. 162, Ex. A].

4. Mr. Crapo's declaration disclosed that he is an attorney-at-law of the States of New Jersey and Texas and is of counsel to the law firm Gibbons, P.C. ("Gibbons"). [D.I. 194, Ex. A, ¶ 1].

5. Mr. Crapo's declaration disclosed his extensive experience serving as a patient care ombudsman in other healthcare bankruptcy cases. [D.I. 194, Ex. A, ¶ 4].

6. On January 14, 2025, Mr. Crapo filed the Application seeking retention of Gibbons as his counsel. [D.I. 442].

**OBJECTION AND RESERVATION OF RIGHTS**

7. Section 333 of the Bankruptcy Code requires that the patient care ombudsman be disinterested. 11 U.S.C. § 333(a)(2)(A) ("If the court orders the appointment of an ombudsman under paragraph (1), the United States trustee shall appoint 1 disinterested person (other than the United States Trustee) to serve as such ombudsman.").

8. The Malone Declaration discloses that Gibbons represents the Landlord in connection with office space leased by Hudson. [D.I. 442, Ex. B, ¶ 8]. Gibbons has been actively involved in these Chapter 11 Cases with respect to representation of the Landlord.

#124802726v2

9.     The Malone Declaration states that Gibbons has advised the United States Trustee that an ethical wall has been established to screen the attorneys assisting the Patient Care Ombudsman in the performance of his duties from those representing the Landlord in the Hudson Lease.  However, such an ethical wall does not remedy the requirement set forth in section 333 of the Bankruptcy Code that the Patient Care Ombudsman be "disinterested."

10.    Further, the Patient Care Ombudsman's retention of counsel is not necessary in these Chapter 11 Cases.  As paragraph 21 of the Application recognizes, there is no express authorization in the Bankruptcy Code for a patient care ombudsman to retain counsel.  Although there may be circumstances to justify such retention of counsel, the hiring of counsel to the Patient Care Ombudsman in these Chapter 11 Cases, which will impose additional administrative claims, is not warranted given that: (i) the Patient Care Ombudsman himself is an attorney; (ii) the State of New Jersey Department of Health has appointed a monitor, Robert Iannacone, who is actively monitoring the Debtors' facilities, creating significant overlap with the functions of the Patient Care Ombudsman; (iii) these Chapter 11 Cases are nearing completion, as a plan in these Chapter 11 Cases is expected to be confirmed by March 2025; and (iv) the Debtors are permitted to use cash collateral only in accordance with the applicable DIP financing budget, and while there is a line item for the Patient Care Ombudsman, there is no authorization to compensate *counsel* to the Patient Care Ombudsman.

11.    Section 330(a)(1) of the Bankruptcy Code provides for the "reasonable compensation for actual services rendered by the …ombudsman…and by any paraprofessional employed by any such person."  11 U.S.C. § 330(a)(1).  Section 330 does not provide for the reasonable compensation of an attorney of a patient care ombudsman.

12.    The Application requests *nunc pro tunc* approval to December 2, 2024, approximately six weeks before the filing of the Application.  There is no disclosure in the

3

Application of the extent of services performed during this period or the fees incurred, and retroactive approval for a six week period is excessive.

13. Accordingly, the Debtors object to the Application and reserve their rights to object to the reasonableness of any fees charged by Gibbons in their representation of the Patient Care Ombudsman.

WHEREFORE, the Debtors respectfully request that the Court sustain their objection set forth herein and, in the alternative, preserve the Debtors' reservation of rights in regards to the reasonableness of attorneys' fees charged by counsel to the Patient Care Ombudsman.

Dated:  January 29, 2025

/s/ Peter C. Hughes
**DILWORTH PAXSON LLP**
Peter C. Hughes (I.D. No. 4180)
800 King Street – Suite 202
Wilmington, DE 19801
Telephone: (302) 571-9800
Facsimile:  (302) 351-8735

-and-

**DILWORTH PAXSON LLP**
Lawrence G. McMichael (Admitted *Pro Hac Vice*)
Peter C. Hughes
Anne M. Aaronson (Admitted *Pro Hac Vice*)
Jack Small (Admitted *Pro Hac Vice*)
1650 Market St., Suite 1200
Philadelphia, PA 19103
Telephone:  (215) 575-7000
Facsimile:   (215) 754-4603

*Counsel for the Debtors*