# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Matthew B. Harvey**
(302) 351-9393
(302) 225-2571 FAX
mharvey@morrisnichols.com

February 11, 2025

**BY CM/ECF**

The Honorable J. Kate Stickles
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE 19801

      Re:    In re: CarePoint Health Systems Inc., *et al.*, Case No. 24-12534 (JKS)

Dear Judge Stickles:

      I write on behalf of CarePoint Health Captive Assurance Company, LLC, joined by the other undersigned parties (collectively, the "Objecting Parties"), to request the Court's assistance with resolving a Plan-related discovery dispute: whether the Plan Proponents must provide a privilege log for documents and communications they withhold based on claims of privilege. The Plan Proponents have informed the Objecting Parties that they will not be producing a privilege log as required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. The Objecting Parties believe the law in this District requires the Plan Proponents to provide a privilege log so that they can assess, and, if necessary, challenge claimed privileges. The Objecting Parties therefore request that the Court direct the Plan Proponents to provide a privilege log for documents or communications they withhold based on any claimed privilege.

## Background

      As the Court is aware, these cases are on a fast-track Plan confirmation schedule. Under the Court's *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement, Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and Forms Related Thereto; and (IV) Granting Related Relief* (D.I. 555) (the "Solicitation Procedures Order"), a confirmation hearing for the *Fourth Amended Combined Disclosure Statement and Joint Chapter 11 Plan or Reorganization* (D.I. 551) (as may be amended, the

The Honorable J. Kate Stickles
February 11, 2025
Page 2

"Plan") proposed by the above-captioned debtors (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Plan Proponents") is scheduled to commence on March 11, 2025.

To balance parties' substantive and due process rights with the Plan Proponents' professed need for a mid-March Plan confirmation hearing, the Solicitation Procedures Order also establishes an expedited discovery and briefing schedule. Consistent with that schedule, the Objecting Parties timely served document requests on the Plan Proponents on January 30, 2025. Relevant here (and unsurprisingly), those document requests sought, among other things, drafts of the Plan and related documents and communications. The Plan Proponents' deadline to respond to the requests, and produce documents, is February 13, 2025.

A week after the requests were served, on February 6, the Plan Proponents convened a group call with the stated goal of "discovery coordination" with the undersigned counsel to the Objecting Parties and counsel for other parties who also served discovery on the Plan Proponents. On the call, the Plan Proponents announced their intention not to produce (i) drafts of the Plan and related documents and communications exchanged among the Plan Proponents from and after the date Plan Proponents entered into the Plan Term Sheet filed on December 30, 2024 (D.I. 378) based on a claimed common interest privilege and (ii) any documents or communications related to their Plan mediation efforts based on a claimed mediation privilege. The Plan Proponents also made clear that they do not intend to provide a privilege log identifying the documents that they will be withholding, baldly asserting that the law does not require them to do so.

**Argument**

The law requires that the Plan Proponents provide a detailed log for documents that they withhold based on a claimed privilege. Without a privilege log, the Court's and parties' ability to assess and challenge claimed privileges will be severely impaired if not eliminated entirely.

Rule 26(b)(5)(A) of the Federal Rules of Civile Procedure, made applicable to the Plan confirmation process by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, requires that:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

As this Court has long held, "[w]here a party invokes the attorney-client privilege or the work-product doctrine over a vast amount of material, courts regularly require that party to provide

a privilege log." *In re Lomas Fin. Corp.*, 1999 WL 33495524, at *5 (Bankr. D. Del. June 25, 1999) (Walsh, J.) (internal citations omitted). "The privilege log should contain a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document." *Id.* (internal citations omitted). This information is necessary so that parties and the Court can assess the Plan Proponents' privilege assertions.

Courts similarly require a detailed log when a party withholds a document or communication based on mediation privilege. *Centro de Periodismo Investigativo v. Fin. Oversight and Mgt. Bd. for Puerto Rico*, 2019 WL 13394132, at *6 (D.P.R. July 31, 2019) (requiring "a privilege log identifying and describing the documents which the Board identifies as mediation-related"). A detailed log is particularly critical given the Objecting Parties' concerns that the Plan Proponents are asserting the mediation privilege in an overly broad manner inconsistent with the Court's Local Rules. *Compare* Del. Bankr. L.R. 9019-5 (post-2021 versions) *with* Del. Bankr. L.R. 9019-5 (2021 version). Without a detailed log, the parties and the Court cannot be certain that documents and communications are being withheld on a legitimate claim of mediation privilege under the new, narrower mediation privilege afforded by the Local Rules.

## Conclusion

The Objecting Parties have no interest in delaying the Plan confirmation schedule. At the same time, the Objecting Parties' substantive and due process rights must be respected, including their rights to assess and challenge any privilege claimed by the Plan Proponents. Discovery disputes naturally arise in contested matters before the Court, but privilege logs serve to reduce and streamline the issues surrounding those disputes. The Objecting Parties are concerned that the Plan Proponents' unequivocal refusal to provide a privilege log will only serve to delay resolution of discovery disputes in connection with the Plan Proponents' expedited confirmation schedule which will undoubtedly prejudice the Objecting Parties' ability to present their case. The Objecting Parties, therefore, seek the Court's prompt intervention and respectfully request that the Court require the Plan Proponents to provide a privilege log for any documents or communications they withhold based on a claimed privilege.

The Honorable J. Kate Stickles
February 11, 2025
Page 4

        Respectfully,

        *Matthew B. Harvey*

        Matthew B. Harvey
        *Counsel to CarePoint Health Captive Assurance Company, LLC*

*Joined By*:

**HILLER LAW, LLC**

/s/ *Thomas M. Walsh*
Adam Hiller (No. 4105)
300 Delaware Avenue, Suite 210, #227
Wilmington, Delaware 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com

- and -

**CHIESA SHAHINIAN & GIANTOMASI**

Sam Della Fera, Jr. (admitted pro hac vice)
Thomas M. Walsh, (admitted pro hac vice)
105 Eisenhower Parkway
Roseland, NJ 07052
Phone:  (973) 530-1500
E-mail:  sdellafera@csglaw.com
E-mail:  twalsh@csglaw.com

*Attorneys for James P. Lawler, JPL Healthcare Consulting Limited Liability Company, Oak Management, LLC, Heights Healthcare Services Limited Liability Company and Willow Healthcare Services Limited Liability Company*

**BIELLI & KLAUDER, LLC**

/s/ *Harold D. Israel*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
dklauder@bk-blegal.com

- and -

**LEVENFELD PEARLSTEIN, LLC**

Harold D. Israel (admitted pro hac vice)
Sean P. Williams (admitted pro hac vice)
120 S. Riverside, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 346-8380
e-mail: hisrael@lplegal.com
e-mail: swilliams@lplegal.com

*Counsel to Maple Healthcare, LLC*

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

/s/ *Heather P. Lambert*
Erin. R. Fay (No. 5268)
Heather P. Lambert (No. 6923)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mail: efay@wsgr.com
hlambert@wsgr.com

*Counsel to the Freehold Entities*