**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CarePoint Health Systems Inc. d/b/a Just Health Foundation, *et al.*,[1] | ) Case No. 24-12534 (JKS) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CASES. YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

TO: ALL POTENTIAL HOLDERS OF CLAIMS AGAINST THE DEBTORS

On November 3, 2024 (the "Petition Date") each above-captioned debtor except IJKG Opco, LLC filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On November 6, 2024, the Court entered an order authorizing the joint administration of the Chapter 11 Cases of each above-captioned Debtor (collectively, the "Debtors").

On February 12, 2025, the Court entered an order (the "Bar Date Order")[2] establishing: (i) **March 14, 2025 at 5:00 p.m. (ET) (the "General Bar Date")** as the last date and time for each person or entity to file a proof of claim in the Chapter 11 Cases (a "Proof of Claim"), provided that, solely with respect to a governmental unit, the last date and time for such governmental unit to file a Proof of Claim in the Chapter 11 Cases is **May 2, 2025 at 5:00 p.m. (ET) (the "Governmental Bar Date")**. For your convenience, enclosed with this Bar Date Notice is a Proof of Claim form.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); and (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Bar Date Order.

#124852547v1

**THE FACT THAT YOU HAVE RECEIVED THIS BAR DATE NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM AGAINST THE DEBTORS.**

The Bar Date Order and the procedures set forth therein and herein for the filing of Proofs of Claim apply to all Claims (the holder of any such Claim, a "claimant") that arose, or are deemed to have arisen, prior to the Petition Date, regardless of their character or nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent, including, without limitation, Claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code, no matter how remote or contingent.

As used in this Bar Date Notice, the term "creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units and the United States Trustee. In addition, the terms "persons," "entities" and "governmental units" are defined in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

As used in this Bar Date Notice, the term "Claim" or "Claims" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

### A.  PROOFS OF CLAIM

#### i.  Proof of Claim

Except as otherwise provided herein, any person or entity that has or seeks to assert a Claim which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a Claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates. For the avoidance of doubt, pursuant to Bankruptcy Rule 3003(c)(2), any claimant who asserts a Claim that arose, or is deemed to have arisen, prior to the Petition Date and whose Claim is either (a) not listed on the Debtors' Schedules or (b) is listed on the Schedules as disputed, contingent, or unliquidated, shall be required to file a Proof of Claim on or prior to the applicable Bar Date in order to potentially share in the Debtors' estates. Under the Bar Date Order, the filing of an original, written Proof of Claim, or the electronic submission of a Proof of Claim shall be deemed to satisfy the procedural requirements for the assertion of administrative priority Claims under section 503(b)(9) of the Bankruptcy Code. All other administrative Claims under section 503(b) of the Bankruptcy Code shall not be deemed proper if made by Proof of Claim. Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the General Bar Date. Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to Claims that must be filed by the applicable Bar Date, notwithstanding that such Claims may not have matured, are contingent, or have not become fixed or liquidated prior to or as of the Petition Date.

Further, any creditor (a) whose claim is not listed by the Debtors in their Schedules as a claim which is not contingent, unliquidated, or disputed, and (b) who does not file a Proof of Claim prior to February 3, 2025 will not be permitted to vote on the Combined Disclosure Statement and Plan.

### Claims for Which a Proof of Claim Need <u>Not</u> Be Filed

Notwithstanding the foregoing, holders of the following Claims are **not required** to file a Proof of Claim on or before the applicable Bar Date, solely with respect to such claim:

a. any person or entity that already has properly filed a Proof of Claim against the correct Debtor(s) with Epiq or the Clerk of the Court in a form substantially similar to Official Bankruptcy Form B410

b. any person or entity whose claim is listed on the Schedules or any amendment thereto, unless (i) the claim is scheduled as "disputed," "contingent," or "unliquidated," (ii) the claimant disagrees with the amount, priority, or nature of the claim as set forth in the Schedules, or (iii) the claimant disputes that the claim as listed in the Schedules is an obligation of the specific Debtor against which the claim is listed. In the case of either (i), (ii), or (iii), a Proof of Claim must be filed on or before the applicable Bar Date;

c. an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d. professionals retained by the Debtors, the Committee, or the Patient Care Ombudsman, pursuant to orders of the Court, that assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

e. a claim on account of indemnification, contribution or reimbursement by an officer, director, or employee of the Debtors who held such position as of the Petition Date; provided, however, that any director, officer or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employment of the Debtors following the Petition Date must file a proof of claim by the later of (i) the General Bar Date or (ii) twenty-one (21) days following such resignation or termination of employment if such director, officer, or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or for reimbursement related to the foregoing;

f. any person or entity that holds a direct or indirect interest in any of the Debtors, which interest is based exclusively upon the ownership of such interests, or rights to purchase, sell, or subscribe to such an interest; provided, however, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including, without limitation, claims that arise out of or relate to the ownership or purchase of an interest, or the sale, issuance, or distribution of

#124852547v1

    the interest, must file Proofs of Claim on or before the applicable Bar Date unless another exception identified herein applies;

g. any person or entity that holds a claim that has been allowed by a final order of the Court entered on or before the applicable Bar Date;

h. any person or entity whose claim has been paid in full by the Debtors or any other party;

i. any claim allowed under any interim or final order approving debtor in possession financing and/or cash collateral, including, without limitation: (a) the claims of the Senior Secured Parties (as defined in the Primary Christ/HUMC Interim DIP Order (as defined below)) in respect of the Senior HUMC Obligations, the Senior Hudson Obligations and the Senior Holdco Obligations (each as defined in the *Interim Order (I) Authorizing Certain Debtors to Obtain Postpetition Financing From Bayonne Medical Center Opco, LLC and Granting Senior Security Interests and Superpriority Administrative Expense Status to the Lender; (II) Authorizing the Debtors' Use of Cash Collateral; (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [D.I. 119] (the "Primary Christ/HUMC Interim DIP Order")); (b) the claims of the Maple Lender and the Maple-Hudson Secured Parties (each as defined in the Primary Christ/HUMC Interim DIP Order) in respect of the Maple-Hudson Obligations and the Maple-HUMC Obligations (each as defined in the Primary Christ/HUMC Interim DIP Order); (c) the claims of the DIP Lender in respect of the DIP Superpriority Claims (each such term as defined in the Primary Christ/HUMC Interim DIP Order); and (d) the claims in respect of the Landlord Pre-Petition Liabilities, the Maple Liabilities and the Senior Pre-Petition Liabilities (each as defined in the *Interim Order (I) Authorizing IJGK Opco, LLC and IJKG, LLC to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Modifying the Automatic Stay, (E) Authorizing Debtors to Enter into Agreements with Bayonne Medical Center Opco, LLC, (F) Granting Adequate Protection, (G) Scheduling a Final Hearing, and (H) Granting Related Relief* [D.I. 128];

j. a Debtor holding a claim against another Debtor;

k. any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930; and

l. any other person or entity asserting a prepetition claim which by order of the Court is not required to file a Proof of Claim.

**Please take notice that any claimant exempted from filing a Proof of Claim for a Claim as described in the list above must still properly and timely file a Proof of Claim for any other Claim that does not fall within the exemptions described in the list above.**

#124852547v1

**A CLAIMANT OR REPRESENTATIVE OF THE CLAIMANT SHOULD CONSULT HIS OR HER ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM. NEITHER THE DEBTORS' ATTORNEYS, THE COMMITTEE'S ATTORNEYS, EPIQ, NOR THE CLERK OF THE COURT CAN ADVISE THE CLAIMANT WHETHER THE CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

    ii.    **Schedules and Amendments thereto**

You may be listed as the holder of a Claim in the Schedules. The Schedules are available free of charge on Epiq's website https://dm.epiq11.com/CarePoint. If you rely on the Schedules, it is your responsibility to determine that your Claim is accurately listed in the Schedules. As described above, if (a) you agree with the nature, amount and status of your Claim as listed in the Schedules, (b) your Claim is not described as "disputed," "contingent," or "unliquidated," and (c) you do not dispute that the claim is an obligation of the particular Debtor against which the claim is listed in the Schedules, then you are not required to file a Proof of Claim in the Chapter 11 Cases with respect to such Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Bar Date Notice and the Bar Date Order.

If the Debtors amend their Schedules, then the Bar Date for those creditors affected by any such amendment shall be the later of (i) the General Bar Date, (ii) the Governmental Bar Date, if applicable, and (iii) twenty-one (21) days from the date on which the Debtors provide notice of an amendment to the Schedules (the "Amended Schedules Bar Date").

    iii.    **Claims Arising from Rejected Executory Contracts or Unexpired Leases**

Any person or entity that holds a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the General Bar Date, (ii) the Governmental Bar Date, if applicable, and (iii) twenty-one (21) days after the entry of an order approving the rejection of the executory contract or unexpired lease (the "Rejection Bar Date" and, together with the General Bar Date, the Governmental Bar Date, and Amended Schedules Bar Date, the "Bar Dates," and each a "Bar Date").

**B.  PROCEDURE FOR FILING PROOFS OF CLAIM**

All claimants must submit (by first class mail, overnight mail, courier service, hand delivery, or in person) an original, written Proof of Claim that substantially conforms to the Official Bankruptcy Form B 410 or the enclosed Proof of Claim form so as to be **actually received** by Epiq by no later than 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date at the following address:

#124852547v1

**By First Class Mail:**
**CarePoint Health Systems, Inc. d/b/a Just Health Foundation Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4419**
**Beaverton, OR 97076-4419**

**By Hand Delivery or Overnight Mail:**
**CarePoint Health Systems, Inc. d/b/a Just Health Foundation Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

Alternatively, claimants may submit a Proof of Claim electronically through the electronic Claims filing system available at https://dm.epiq11.com/CarePoint.

Proofs of Claim will be deemed timely filed only if actually received by Epiq on or before the applicable Bar Date. **Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission**. Any facsimile, telecopy, or electronic mail submissions will not be accepted and will not be deemed filed until a Proof of Claim is submitted to Epiq by first class mail, overnight mail, courier service, hand delivery, or in person or through the electronic filing system described above. Claimants wishing to receive acknowledgment that their original, written Proofs of Claim were received by Epiq must submit (i) a copy of the Proof of Claim and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Epiq).

### C. CONTENTS OF A PROOF OF CLAIM

#### i. Proof of Claim

As noted above, the Debtors are enclosing a Proof of Claim form for use in the Chapter 11 Cases, or you may use another Proof of Claim form that substantially conforms to Official Bankruptcy Form B 410. The Proof of Claim form is available free of charge on Epiq's website: https://dm.epiq11.com/CarePoint.

If your Claim is listed in the Debtors' Schedules, the Proof of Claim form sent to you will indicate how the Debtors have scheduled your Claim in the Schedules, including (a) the amount of the scheduled Claim, if any; (b) whether the Claim is listed as disputed, contingent, or unliquidated; and (c) whether the Claim is listed as a secured, unsecured priority, or unsecured non-priority Claim.

To be valid, your Proof of Claim **MUST**: (a) be signed by the Claimant or, if the Claimant is not an individual, by an authorized agent of the Claimant (which, if submitted electronically, may be satisfied by electronic signature through the electronic Claims filing system described above); (b) be written in English; (c) be denominated in lawful currency of the United States; and (d) include supporting documentation or an explanation as to why such documentation is not available. **You should redact any sensitive information from your supporting documentation prior to filing your Proof of Claim**.

**If you are filing a Claim under section 503(b)(9) of the Bankruptcy Code, you must indicate in Box 13 of the Proof of Claim form the amount of the Claim that arises under section 503(b)(9) of the Bankruptcy Code. For each Claim under section 503(b)(9) of the Bankruptcy Code, you must attach all documents supporting such Claim to the Proof of Claim form and include a statement setting forth with specificity: (a) the value of the goods the claimant contends the Debtors received within twenty (20) days before the Petition Date; (b) documentation, including invoices, receipts, purchase orders, bills of lading, and the like, identifying the particular goods for which the claim is being asserted; and (c) a statement indicating (i) whether the value of such goods listed in the Proof of Claim form represents a combination of services and goods, (ii) the percentage of value related to services and related to goods, and (iii) whether the claimant has been paid on account of any other claim against the Debtors regarding the goods underlying its Proof of Claim form.**

### D. CONTINGENT CLAIMS

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to Claims against the Debtors and their estates notwithstanding the fact that such Claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds a Claim or potential Claim against the Debtors and their estates, no matter how remote, contingent, or unliquidated, MUST file a Proof of Claim on or before the applicable Bar Date.

### CONSEQUENCES FOR FAILURE TO FILE A PROOF OF CLAIM

Any claimant that is required to file a Proof of Claim and in the Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order with respect to a particular Claim, but that fails to do so properly by the applicable Bar Date, shall be forever barred, estopped, and enjoined from enjoined from asserting such claim against the Debtors or their estates and shall not be treated as a creditor with respect to such claim for purposes of voting or distribution in the Chapter 11 Cases.

### RESERVATION OF RIGHTS

Nothing contained in this Bar Date Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability or classification thereof; (b) subsequently designate any scheduled Claim as disputed, contingent or unliquidated; or (c) otherwise amend the Schedules. In addition, nothing contained herein is intended or should be construed as an admission of the validity of any Claim or an approval, assumption or rejection of any agreement, contract or lease under section 365 of the Bankruptcy Code. All such rights and remedies, including any rights and remedies of the Committee and the Litigation Trustee, are reserved.

2

#124852547v1

#124852547v1

**ADDITIONAL INFORMATION**

The Proof of Claim form, the Bar Date Order, and all other pleadings filed in these Chapter 11 Cases are available free of charge on Epiq's website at https://dm.epiq11.com/CarePoint. If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims and noticing agent, Epiq, by e-mail at CarePointInfo@epiqglobal.com or by telephone at (888) 884-7843 for U.S. and Canadian parties, or +1 (503) 610-4421 for international parties.

#124852547v1