

DIRECT DIAL NUMBER:  
215-575-7187

Christie Callahan Comerford  
ccomerford@dilworthlaw.com

February 14, 2025

**VIA CM/ECF AND HAND DELIVERY**

Honorable J. Kate Stickles  
United States Bankruptcy Court  
 for the District of Delaware  
824 Market Street, 5th Floor  
Wilmington, DE 19801

      Re:    In re CarePoint Health Systems, Inc., et al., Case No. 24-12534 (JKS) (Bankr. D. Del.)

Dear Judge Stickles:

    We represent the Debtors in the above-captioned matter. This letter responds to the joint February 11, 2025, letter of the Objecting Parties and the February 12, 2025, letter of Strategic Ventures requesting the Court's assistance with resolving the discovery dispute regarding the level of detail required under the Federal Rules of Civil Procedure with respect to a log of documents withheld by the Debtors on the basis of privilege.

    As an initial matter, the Debtors received numerous Interrogatories and Requests for the Production of Documents relating to Plan-related discovery. In advance of the February 13, 2025, response deadline, the Debtors scheduled a call with, *inter alia*, the Objecting Parties, to discuss the Debtors' approach to handling privilege issues that had arisen as a result of the Plan-related discovery. During that call, counsel for the Debtors explained that it intended to withhold the following categories of documents: (1) attorney-client privileged communications among Debtors' counsel, the Debtors and its financial advisor; (2) Debtors' counsel's work product; (3) documents disclosed or exchanged among the parties to the mediation conducted by Judge Kaplan between December 18, 2024, and December 30, 2024, the date when the Term Sheet relating to the Plan was filed; (4) documents exchanged between the Debtors, their counsel and financial advisor and the Unsecured Creditors' Committee, their counsel and financial advisors after December 30, 2024, under the community of interest privilege.

1650 Market Street, Suite 1200 • Philadelphia, PA 19103 • 215-575-7000 • Fax: 215-754-4603  
Pennsylvania • New Jersey • New York • Delaware  
www.dilworthlaw.com

#124854788v2

Honorable J. Kate Stickles
February 14, 2025
Page 2

      The Objecting Parties have not argued that the privileges to be asserted by the Debtors are not privileges established by law. Nor could they. Indeed, the attorney-client and work product privileges are the most recognized privileges in our legal system. In addition, Local Rule 9019-5 prohibits the Debtors from divulging oral or written information disclosed or exchanged by the parties as part of the mediation. The Debtors assert the mediation privilege starting on December 18, 2024, the date the mediation commenced, until it concluded on December 30, 2024 with the filing of the Term Sheet. Thus, all communications among the parties to the mediation relating to the issues subject to the mediation are privileged. Similarly, the community of interest privilege applies to all communications between counsel for the Debtors and counsel for the Committee relating to the jointly-proposed Plan as of December 30, 2024, when the parties agreed to the Term Sheet. *See In Re: Imerys Talc America, Inc.*, Case No. 19-10289, 2021 WL 12302368, *5 (D.Del. Bankr., Feb. 23, 2021) ("Debtors represent that the Plan Proponents reached an agreement in principle on the material terms of the Plan on March 5, 2020. … I conclude, therefore (with the exception of the settlements discussed below, and, of course, with respect to the TDPs), that on March 5, 2020, the Plan Proponents had a common legal interest in confirming the Plan.")[1]

      Despite not challenging the applicability of the privileges to be asserted by the Debtors, the Objecting Parties urge this Court to order the Debtors to waste time and money to create a document-by-document log of every document withheld pursuant to such privileges. The Objecting Parties' argument is not supported by applicable law. With respect to the attorney-client communications and attorney work product specifically, in *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140 n. 22 (3d Cir. 2009), the Third Circuit Court of Appeals rejected the requirement that counsel log all privileged communications, acknowledging that a "rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect on the attorney-client relationship."

      More generally, with respect to the community of interest privilege and the mediation privilege, the Federal Rules of Civil Procedure do not require a log of documents withheld based on privilege. Specifically, Rule 26(b)(5)(a) merely requires that a party expressly make the claim of privilege; and describe the nature of the documents, communications, or tangible things not produced or disclosed that will enable other parties to assess the claim. Rule 34 similarly requires that an objection "state whether any responsive materials are being withheld on the basis of that objection." The Committee Note for the 2015 Amendment to Rule 34 expressly states that the "producing party does not need to provide a detailed description or log of all documents withheld." Thus, the Objecting Parties' reliance on *In re Lomas Fin. Corp.*, 1999 WL 33495524, at *5 (Bankr. D. Del. June 25, 1999), a decision that pre-dates the 2015 Amendment to Rule 34, is no longer appropriate. The Debtors have satisfied both Rule 26(b)(5) and Rule 34 by stating that they intend to withhold all communications between counsel for the Debtors and counsel for the Committee after December 30, 2024, relating to the Plan and related documents.

---

[1] The Court in In Re: Imerys Talc America held that the Plan Proponents in that case were not aligned with respect to two issues and, therefore, the community of interest privilege did not apply to such communications. There are no issues in the Plan on which the Debtors and the Committee are not aligned, nor have the Objecting Parties so argued.

#124854788v2

The Objecting Parties also rely on *Centro de Periodismo Investigativo v. Fin. Oversight and Mgt. Bd. for Puerto Rico*, 2019 WL 13394132, at *6 (D.P.R. July 31, 2019), to support their argument that a document-by-document privilege log is required in this case. That case, however, is distinguishable because the entity withholding documents pursuant to the mediation privilege gave conflicting descriptions as to what documents were being withheld, giving credence to the argument that the scope of the mediation privilege was unclear. Here, the mediation privilege is governed by Local Rule 9019-5, which prohibits the Debtors from divulging oral or written information disclosed or exchanged by the parties as part of the mediation. Consistently, the Debtors have indicated that they are withholding all documents disclosed to or exchanged among the parties to the mediation as part of the mediation conducted by Judge Kaplan December 18, 2024 through December 30, 2024.

In sum, here, the Debtors have described the nature of the documents being withheld with sufficient particularity that the Objecting Parties can assess the claim by identifying the privilege being asserted, the parties to the communication, the date range of the communications, and the subject matter of the communications. This information is sufficient to enable the Objecting Parties to assess the claim of privilege without requiring that the Debtors take the time and incur the expense of preparing a document by document privilege log.

Respectfully,

*Christie C Comerford*

Christie Callahan Comerford

CCC:km

#124854788v2