## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

CarePoint Health Systems Inc. d/b/a Just Health
Foundation, et al., [1]

      Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - -

Chapter 11
Case No. 24-12534 (JKS)

(Jointly Administered)

**Objection Deadline: March 4, 2025 at 4:00
p.m. (EST)**
**Hearing: March 12, 2025 at 10:00 a.m. (EST)**

## DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105(a) AND 365(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

---

**ANY PARTY RECEIVING THIS MOTION SHOULD LOCATE ITS NAME AND ITS
REJECTED CONTRACT OR LEASE IDENTIFIED ON EXHIBIT 1 TO
THE PROPOSED ORDER**

---

The above-captioned debtors (the "Debtors") in these chapter 11 cases (the "Chapter 11

Cases"), by and through their counsel, Dilworth Paxson LLP, hereby submit this motion (this

"Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant

to sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the

"Bankruptcy Code"), authorizing the Debtors to reject those executory contracts and unexpired

leases (collectively, the "Contracts and Leases") set forth on Exhibit 1 to the proposed form of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center. The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

order, effective as of the date of this Motion (the "Rejection Date"). In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013–1(f), Debtors consent to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

**BACKGROUND**

**I.      General**

4.      On November 3, 2024 (the "Petition Date") all Debtors except IJKG Opco, LLC ("IJKG Opco") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5.      On the Petition Date, three creditors of IJKG Opco, 29 E 29 Street Holdings, LLC, Bayonne Medical Center Opco, LLC, and Peter Wong, MD, filed an involuntary petition against IJKG Opco under Chapter 11 of the Bankruptcy Code. On the Petition Date, IJKG Opco filed an answer consenting to the relief requested in the involuntary petition.

2

6.      On November 6, 2024, the Court entered an order authorizing the joint administration of the Chapter 11 Cases of each Debtor.  [D.I. 80].

7.      On November 6, 2024, the Court entered an Order for Relief with respect to IJKG Opco, LLC. [IJKG Opco, LLC D.I. 9].

8.      The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.      On January 24, 2025, the Debtors and the Official Committee of Unsecured Creditors filed the *Fourth Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization*.  [D.I. 551].

**II.      The Debtors' Contracts and Leases**

10.     The Debtors are parties to those Contracts and Leases set forth on Exhibit 1 to the proposed form of order attached hereto.

11.     The Debtors have made a good faith effort to identify in Exhibit 1 to the proposed form of order the specific Debtor party which is a party to the respective Contracts and Leases. In the event the Debtors have incorrectly identified any Debtor entity on Exhibit 1, the Debtors nevertheless seek rejection of the Contracts and Leases with respect to each applicable Debtor entity which is a party to any of the Contracts and Leases.

12.     The Contracts and Leases include a total of 100 executory contracts and unexpired leases which the Debtors have determined are unnecessary and burdensome to the Debtors' estates.  The Contracts and Leases include a variety of executory contracts and unexpired leases, a description of which is included in Exhibit 1.

#124820569v3

## RELIEF REQUESTED

13.     By this Motion, and in order to preserve and maximize the value of their estates, the Debtors seek to reject the Contracts and Leases as of the Rejection Date because the Debtors have determined that the Contracts and Leases are not integral to the Debtors' chapter 11 efforts, are not otherwise beneficial to the Debtors' estates, and give rise to burdensome future liabilities.

## ARGUMENT

### I.     Rejection of the Contracts and Leases as of the Rejection Date Reflects the Debtors' Sound Business Judgment.

14.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 Collier on Bankruptcy ¶ 365.01[1] (15th ed. 1993)).

15.     The standard applied to determining whether the rejection of an executory contract should be authorized is the "business judgment" standard. See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); see also In re HQ Global Holdings, Inc., 290 B.R. 507, 513 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"). Once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief

4

that the action taken was in the best interests of the company.'" <u>Official Comm. of Subordinated</u> <u>Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)</u>, 147 B.R. 650, 656 (S.D.N.Y. 1992) (<u>quoting</u> <u>Smith v. Van Gorkom</u>, 488 A.2d 858, 872 (Del. 1985)).

16.    The business-judgment rule is crucial in chapter 11 cases and shields a debtor's management from judicial second-guessing. <u>See</u> <u>Comm. of Asbestos Related Litigants and/or</u> <u>Creditors v. Johns-Manville Corp.</u>, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions."). Generally, courts defer to a debtor in possession's business judgment to reject a lease. <u>See, e.g.,</u> <u>NLRB v.  Bildisco & Bildisco</u>, 465 U.S. 513, 523 (1984); <u>In re Minges</u>, 602 F.2d 38, 43 (2d Cir. 1979); <u>In re Riodizio</u>, 204 B.R. 417, 424–25 (Bankr. S.D.N.Y. 1997); <u>In re G Survivor Corp.</u>, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

17.    Upon finding that a debtor has exercised its sound business judgment in determining that rejection of the Contracts and Leases is in the best interests of the Debtors and their estates, the Court should approve the proposed rejections of the Contracts and Leases under section 365(a) of the Bankruptcy Code. <u>See, e.g.,</u> <u>Westbury Real Estate Ventures, Inc. v.</u> <u>Bradlees, Inc. (In re Bradlees Stores, Inc.)</u>, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); <u>see</u> <u>also</u> <u>Summit Land Co. v. Allen (In re Summit Land Co.)</u>, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease. <u>See, e.g.,</u> <u>Sharon Steel Corp.</u>, 872 F.2d at 39–40.

18.     As an integral component of efforts to preserve and maximize the value of their estates and reduce potential administrative claim exposure in the Chapter 11 Cases by, among other things, eliminating unnecessary costs, the Debtors have determined, in their business judgment, that the Contracts and Leases are burdensome and provide no economic value to their estates. The Contracts and Leases are unnecessary to the continued conduct of the Debtors' business and, if not rejected, will become a drain on the Debtors' limited resources. The Debtors also believe that any continued expense in maintaining the Contracts and Leases and attempting to market such agreements would likely outweigh, if not eclipse, any benefit in attempting to identify a potential acquirer of the Contracts and Leases and unnecessarily deplete assets of the Debtors' estates, to the detriment of creditors. In contrast, rejection of the Contracts and Leases will represent a significant cost savings to the Debtors' estates moving forward.

19.     To avoid paying any unnecessary expenses related to the Contracts and Leases, the Debtors seek to reject the Contracts and Leases as of the Rejection Date. Bankruptcy courts have routinely authorized a debtor's retroactive rejection of executory contracts as of a date certain in appropriate circumstances.  See In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004); see also In re Fleming Cos., Inc., 304 B.R. 85, 96 (Bankr. D. Del. 2003) (rejection *nunc pro tunc* permitted to the date of the motion or the date the premises surrendered).

## II.     Effective Date of Rejection

20.     The Debtors already have surrendered possession, or will have surrendered possession as of the Rejection Date, of each real property lease on the list of Contracts and Leases.

21.     The facts in the Chapter 11 Cases and the balance of the equities favor the Debtors' rejection of the Contracts and Leases as of the Rejection Date.  Moreover, the counterparties to the Contracts and Leases (collectively, the "Counterparties") will not be unduly prejudiced if the

6

Contracts and Leases are rejected as of the Rejection Date because the Debtors have served this Motion on the Counterparties and/or their agents or representatives on the date hereof, indicating that the Debtors intend to reject the Contracts and Leases effective as of the Rejection Date. Therefore, based on the Debtors' need to eliminate the potential accrual of administrative claims against their estates, and to avoid incurring any further obligations under the Contracts and Leases, the Debtors respectfully submit that the rejection of the Contracts and Leases as of the Rejection Date is appropriate.

22.     In light of the foregoing facts and circumstances, the Debtors respectfully submit that rejection of the Contracts and Leases under section 365(a) of the Bankruptcy Code as of the Rejection Date is a sound exercise of their business judgment and is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

## **RESERVATION OF RIGHTS**

23.     Nothing contained herein should be construed as a waiver of any of the Debtors' rights, defenses, or counterclaims with respect to any of the Contracts and Leases.  Nor does anything contained herein constitute an acknowledgement that a particular Contract or Lease constitutes an unexpired lease of nonresidential real property under section 365 of the Bankruptcy Code, and has not otherwise expired by its own terms or upon agreement of the parties as of the date hereof.  In addition, the Debtors reserve the right to remove specific Contracts and Leases from Exhibit 1 for any reason prior to the hearing on this Motion.

7

## **NOTICE**

24.     This Motion has been served upon (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service; (c) the Official Committee of Unsecured Creditors; (d) Capitala, Maple, and Bayonne Medical Center Opco, LLC; (e) the Counterparties; and (f) those parties who have filed a request for service of all notices.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as is just and proper.

#124820569v3

Dated: February 18, 2025

**DILWORTH PAXSON LLP**

/s/ Peter C. Hughes
_____
Peter C. Hughes (DE 4180)
800 N. King Street, Suite 202
Wilmington, DE 19801
Telephone:    302-571-9800
Facsimile:    302-571-8875
Email:          phughes@dilworthlaw.com

                    and
/s/ Peter C. Hughes
_____
Lawrence G. McMichael (Admitted *pro hac vice*)
Peter C. Hughes (DE 4180)
Anne M. Aaronson (Admitted *pro hac* vice)
Jack Small (Admitted *pro hac vice*)
1650 Market St., Suite 1200
Philadelphia, PA 19103
Telephone:    (215) 575-7000
Facsimile:    (215) 754-4603
Email:          lmcmichael@dilworthlaw.com
Email:          phughes@dilworthlaw.com
Email:          aaaronson@dilworthlaw.com
Email:          jsmall@dilworthlaw.com

*Counsel for the Debtors*