# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 24-12534 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 670** |

## ORDER GRANTING DEBTORS' FIRST OMNIBUS SUBSTANTIVE OBJECTION TO CERTAIN CLAIMS FOR VOTING PURPOSES

Upon the motion (the "Objection")[2] of the Debtors for the entry of an order, pursuant to sections 105(a) and 502 of the Bankruptcy Code, authorizing the Debtors to disallow the Claims set forth on **Exhibit 1** attached hereto for voting purposes only, all as more fully set forth in the Objection; and upon the *Affidavit of Shamiq Syed Pursuant to Local Rule 3007-1 in Support of the First Omnibus Substantive Objection to Certain Claims* filed contemporaneously with the Objection and in support thereof; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the Amended Standing Order of Reference of the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center. The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Chapter 11 Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby

**IT IS HEREBY ORDERED THAT:**

1. The Objection is GRANTED as set forth herein.

2. The Claims listed on Exhibit 1 are hereby disallowed, solely for voting purposes and this Order shall not have preclusive effect of any kind or nature on the Claims, except for the limited purpose of disallowance of the Claims for voting purposes only.

3. Each Claim addressed in this Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each Claim. Any stay of this Order pending appeal by any holder of a Claim whose Claims are subject to this Order shall apply only to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to other contested matters covered hereby.

4. Nothing in this Objection or Order shall be construed as an allowance of any Claim or any other claim filed against the Debtors.

5. The Debtors' rights to amend, modify, or supplement the Objection, to file additional objections to the Claims or any other claims (filed or not) which have or may be asserted against the Debtors, and to seek further reduction of any Claim, are preserved. Additionally, the Debtors reserve the right to object to the Claims or any other claims for distribution purposes.

6. The Debtors are authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate, to implement and effectuate the relief granted by this Order.

7. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

8. The requirements in Bankruptcy Rule 6006 are satisfied.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: February 26th, 2025
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE