**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CAREPOINT HEALTH SYSTEMS INC.<br>d/b/a JUST HEALTH FOUNDATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-012534 (JKS)<br><br>(Jointly Administered)<br><br>Hearing Date: 3/11/25 at 10 a.m. (ET)<br>Objection Deadline: 2/28/25 at 4 p.m. (ET)<br><br>Re: D.I. 10, 11, 18, 551 & 556 |

**MED ONE CAPITAL FUNDING, LLC**
**AND MAZUMA CAPITAL CORP'S LIMITED OBJECTION**
**TO:**
**(A) THE DEBTORS' FOURTH AMENDED COMBINED DISCLOSURE**
**STATEMENT AND JOINT CHAPTER 11 PLAN OF REORGANIZATION;**

**(B) DEBTORS' MOTIONS FOR ENTRY OF INTERIM AND FINAL ORDERS:**
**(I) AUTHORIZING DEBTORS TO OBTAIN TEMPORARY AND**
**PERMANENT POST-PETITION FINANCING FROM BAYONNE MEDICAL**
**CENTER OPCO, LLC PURSUANT TO SECTIONS 363 AND 364 OF THE**
**BANKRUPTCY CODE; (II) GRANTING ADMINISTRATIVE PRIORITY**
**CLAIMS TO DIP LENDER PURSUANT TO SECTION 364 OF THE**
**BANKRUPTCY CODE; (III) MODFYING THE AUTOMATIC STAY TO**
**IMPLEMENT THE TERMS OF THE DIP ORDER; AND (IV)**
**AUTHORIZING THE USE OF CASH COLLATERAL [D.I. 10 AND DKT NO.**
**11]; and**
**(C) TO DEBTORS IJKG OPCO, LLC AND IKJG, LLC'S MOTION FOR ENTRY**
**OF (A) AN INTERIM ORDER APPROVING COLLATERAL SURRENDER**
**AND OPERATIONS TRANSFER AGREEMENT TO ALLOW INTER ALIA,**
**INTERIM HOSPITAL OPERATIONS AND RESERVATION OF RIGHTS**
**REGARDING MOTION FOR (B) A FINAL ORDER APPROVING A**
**PRIVATE SALE OF ALL OR SUBSTANTIALLY ALL ASSETS OF IJKG**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health- Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health- Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

**OPCO, LLC AND IJKG, LLC AND (C) GRANTING RELATED RELIEF [D.I. 18]**

Med One Capital Funding, LLC ("**Med One**") and Mazuma Capital Corp ("**Mazuma**"), through their common counsel, hereby respectfully submit this *Limited Objection* to: (i) the Debtors' *Fourth Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization* [D.I. 551] (the "**Plan**")[2]; (ii) the Debtors' DIP Financing Motions [D.I. 10 & 11]; and the Asset Sale and Transfer Motion [D.I. 18] and state as follows:

### Relevant Background

1. Med One and Mazuma each assert that they are lessors of one or more of the Debtors of certain medical equipment and other personal property (collectively, the "**Med One/Mazuma Property**") owned by Med One or Mazuma and leased by Med One or Mazuma to the Debtors pursuant to various equipment lease agreements, including related lease schedules and exhibits (collectively, and each if and as amended, the "**Med One/Mazuma Lease Agreements**").

2. Alternatively, and only in the event that it is alleged or determined that some or all of the transactions between Med One and/or Mazuma and any of the Debtors are secured financing transactions and not "true" lease agreements, Med One and Mazuma each assert in that instance that they are a secured creditor of one or more of the Debtors with a properly perfected security interest in and lien on all portions the Med One/Mazuma Property at issue.

3. The Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on November 3, 2024 (the "**Petition Date**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

4. The Debtors previously moved to reject the Mazuma Lease Agreement. D.I. 374. Mazuma objected to any rejection of the Mazuma Lease Agreement unless, among other things, the

---

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

equipment that is being leased by Mazuma to the Debtors is returned. D.I. 612. The Debtors and Mazuma are still negotiating this and other related issues. While Mazuma remains hopeful that a consensual resolution will be reached, it files this Limited Objection to fully reserve and preserve any and all of its rights.

5. As of the date of this Limited Objection, the Debtors have not moved to reject the Med One Lease Agreement.

6. On January 24, 2025, the Debtors filed the Plan.

7. On January 24, 2025, the Bankruptcy Court entered an order [D.I. 555] approving, among other things, the Disclosure Statement on an interim basis and setting the confirming hearing deadlines.

8. On February 20, 2025, the Debtors filed the Plan Supplement. D.I. 730. The Med One/Mazuma Lease Agreements do not appear in the schedule of assumed contracts/leases filed with the Plan Supplement.[3]

---

[3] Counsel was a little confused by the Plan Supplement filed at Docket No. 730. In the Notice of the Filing of the Plan Supplement (the "**Plan Supplement Notice**"), Exhibit F is identified as, "Schedule of Rejected Executory Contracts and Unexpired Leases." [*See,* Plan Supplement Notice, at 2] The cover page to Exhibit F, filed at Docket No. 730-6, is likewise titled, "Schedule of Rejected Contracts and Unexpired Leases." [*See*, Exhibit F. However, the title of the actual document is, "Schedule of Assumed Executory Contracts and Unexpired Leases." [*Id*., at 2] Making matters more confusing, the executory contracts/unexpired leases are listed in alphabetical order, but the list restarts several times throughout the schedules. If counsel overlooked them and the Med One/Mazuma Lease Agreements are listed for assumption or rejection, Med One and Mazuma object. Many of the contracts/leases slated for assumption have a $0 proposed cure. In the case of rejection, the equipment must be returned prior to the effective of rejection. In the case of assumption, all cure amounts must be paid prior to or contemporaneously with the effective date of assumption. Med One's current cure amount, not including attorney fees and costs incurred by Med One in the Bankruptcy Case, is $614,134.45 (with additional amounts accruing). Mazuma's current cure amount, not including attorney fees and costs incurred by Mazuma in this Bankruptcy Case, is $4,138,961.78 (with additional cure amounts accruing). Further, as set forth below, the assumption (and payment of cure) or rejection (and return of equipment) of the Med One/Mazuma Lease Agreements must happen on or before confirmation of the Plan.

**Limited Objection to Plan**

9.      To be confirmed, a plan must satisfy each of the requirements set forth in Section 1129. 11 U.S.C. § 1129; *In re Armstrong World Indus., Inc.*, 432 F.3d 507, 511 (3d Cir. 2005). These include any relevant conditions specified within chapter 11—or set by provisions elsewhere in the Bankruptcy Code. 11 U.S.C. § 1129(a)(1); *In re W.R. Grace & Co.*, 475 B.R. at 109, 173 n.149. A plan proponent bears the burden of proving that a plan satisfies all of these prerequisites by a preponderance of the evidence. *In re Wash. Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011).

**The Debtors Must Assume or Reject the Med One/Mazuma Lease Agreements on or Before the Confirmation Date**

10.     11 U.S.C. § 365(d)(2) states:

(d)(2) In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor **at any time before the confirmation of a plan** but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

11 U.S.C. § 365(d)(2) (**emphasis added**).

**If the Debtors Assume the Med One/Mazuma Lease Agreements They Must Pay Any Cure Claims at the Time of Assumption**

11.     In addition, § 365(b)(1), states, in pertinent part:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, **at the time of assumption of such contract or lease**, the trustee— (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .

11 U.S.C. § 365(b)(1)(A) (emphasis added).

12.     Accordingly, the Debtors must assume or reject the Med One/Mazuma Lease Agreements, without reservations, *prior to confirmation of the Plan*, and must either cure all defaults at the time of assumption or return the equipment at the time of rejection.

13. Currently, Med One estimates its cure claim, <u>not</u> including attorney fees and costs incurred by Med One in the Bankruptcy Case, is $614,134.45 (with additional amounts continuing to accrue) and Mazuma estimates its cure claim, <u>not</u> including attorney fees and costs incurred by Mazuma in the Bankruptcy Case, is $4,138,961.78 (with additional amounts continuing to accrue).

**If the Debtors Reject the Med One/Mazuma Lease Agreements They Must Return the Equipment Subject to those Leases Prior to Effective Date of Rejection**

14. The Plan purports to reject all Executory Contracts and Unexpired Leases not previously assumed. *See* the Plan at Article XII ("[E]xcept as otherwise provided […] each of the Executory Contracts and Unexpired Leases to which any Debtor is a party shall be deemed automatically rejected by the Debtors as of the Effective Date.").

15. If the Debtors reject the Med One/Mazuma Lease Agreements, the Court should require that the Debtors to return all of the equipment that is subject to those agreements on or before the Effected Date of such rejection.

**The Debtors Do Not Satisfy the Requirements for Substantive Consolidation**

16. The Plan provides for substantive consolidation, of which Med One and Mazuma do not consent. Furthermore, the Debtors cannot meet their burden under *In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005), *as amended* (Aug. 23, 2005), *as amended* (Sept. 2, 2005), *as amended* (Oct. 12, 2005), *as amended* (Nov. 1, 2007). In order to meet this burden, the Debtors must prove "(i) that prepetition they disregarded separateness so significantly that their creditors relied on breakdown of entity borders and treated them as one legal entity; or (ii) that postpetition their assets and liabilities are so scrambled that separating them is prohibitive and hurts all creditors." *Id*. at 211.

**The Plan Cannot Transfer Any of the Equipment Subject to Med One/Mazuma Lease Agreements**

17. Additionally, the Plan cannot transfer any equipment that is subject to the Med One/Mazuma Lease Agreement. The Debtors do not own that equipment, and therefore they cannot transfer it without Med One/Mazuma's consent outside of the requirements of 11 U.S.C. § 365 and in contravention of the rights and remedies afforded Med One and Mazuma under the same. Med One and Mazuma do not consent to any transfer of their equipment. Further, the Reorganized Debtors cannot get better rights to the equipment than the Debtors had.

*The Plan Cannot Cut of Setoff Rights*

18. The Plan in its current form impermissibly cuts off Med One and Mazuma's setoff rights. *See* the Plan at Article XI at 95; and XIV (F) at 105.

19. The Plan disregards the ample case law holding that the discharge granted in connection with confirmation of a bankruptcy plan cannot extinguish setoff rights which are statutorily preserved under Section 553. *See United States v. Cont'l Airlines (In re Cont'l Airlines)*, 134 F.3d 536, 541–42 (3d Cir. 1998) (allowing for waiver of setoff rights only where a creditor fails to object to such a plan provision); *In re Bousa Inc.*, Case No. 89-B-13380, 2006 Bankr. LEXIS 2733, at *22, 2006 WL 2864964 (Bankr. S.D.N.Y. Sept. 29, 2006) (collecting cases, including *In re Lykes Bros. S.S. Co.*, 217 B.R. 304, 310 (Bankr. M.D. Fla. 1997), and *IRS v. Driggs*, 185 B.R. 214, 215 (D. Md. 1995)); *In re Twins, Inc.*, 318 B.R. 90, 96 (Bankr D.S.C. 2004) (same); *cf. In re Bare*, 284 B.R. 870, 874 (Bankr. N.D. Ill. 2002) (holding that IRS was not barred from effecting a setoff after plan confirmation, notwithstanding that it had asserted an unsecured, priority tax claim and had not objected to confirmation of the plan).

20. In light this objection, the Plan cannot circumvent Section 553's express preservation of Med One and Mazuma's setoff rights.

21. Moreover, the rights of setoff are to be treated as secured claims that cannot be unilaterally stripped or rendered unsecured. 11 U.S.C. 506(a); *see also Lee v. Schweiker*, 739 F. 2d 870, 875 (3d Cir. 1984) ("Setoff, in effect, elevates an unsecured claim to secured status, to the extent that the debtor has a mutual, pre-petition claim against the creditor."); *Szymanski v. Wachovia Bank, N.A. (In re Szymanski)*, 413 B.R. 232, 241 (Bankr. E.D. Pa. 2009) ("[B]y virtue [S]ection 506(a), a setoff right gives rise to an allowed secured claim.").

***Med One and Mazuma Cannot be Treated as Secured Creditors or, if they Are, There is no Adequate Protection Under the Plan***

22. The Plan does not contemplate classifying Med One or Mazuma as secured creditors (likely because they are lessors, as Med One and Mazuma each assert, and not secured creditors). However, to the extent the Debtors ultimately take the position that Med One and/or Mazuma are secured creditors (and succeed on that position over Med One and Mazuma's objection), the Plan must be amended to separately classify and treat their secured claims, including providing the appropriate interest rate on such claims, in accordance with the Bankruptcy Code. The Plan currently does not provide for such classification and treatment.

23. Further, if it is alleged and ultimately determined that Med One and/or Mazuma are not lessors, but instead, are secured creditors, Med One and/or Mazuma in that event do not consent to the transfer of their collateral without adequate protection and do not (and have not) consented to any priming of their liens and interests in and to their collateral. Consequently, even if the Debtors take the position Med One and/or Mazuma are secured creditors instead of lessors (and prevail), the equipment that is the subject of the Med One and Mazuma leases must be returned and cannot vest with the Reorganized Debtors free and clear of Med One and/or Mazuma's liens, claims and interests.

24. For the avoidance of doubt, if any, Med One and/or Mazuma do not consent to the priming of their liens.

***The Plan Cannot Give Non-Consensual Third Party Releases***

25. Med One and Mazuma do not consent to any third-party releases in the Plan.

***The Plan's Procedure for Asserting Administrative Claims is Confusing***

26. The Plan requires that Administrative Claims be filed with the Claims and Noticing Agent and served on the Debtors and Liquidating Trustee. Plan at Article IV, A. However, the claims bar notice says that administrative claims shall not be deemed proper if made by proof of claim. See D.I. 693. It is unclear whether parties need to file requests for payment of administrative expense claims on the docket or file proofs of administrative claims with the claims and noticing agent. The Plan should be modified to eliminate this ambiguity and to provide clear guidance to parties in interest.

***The Plan's Requirement to Serve Rejection Damages Claims***
***on the Claims Agent and Debtors is Unduly Burdensome***

27. The Plan purports to require that Rejection Damages be filed with the Claims and Noticing Agent *and served on the Debtors' counsel and Claims and Noticing Agent.* This seems unduly burdensome and potentially an unnecessary trap. Filing the rejection damages claim with the Claims and Noticing Agent should be sufficient.

**Limited Objection to DIP Financing Motions**

28. Med One and Mazuma contend they are lessors. However, to the extent it is determined they are secured creditors, they object to the priming of any of their liens or interests in and to the Med One/Mazuma Property. The Debtors have not even attempted to demonstrate that Med One and/or Mazuma's interest in the Med One/Mazuma Property would be adequately protected in light of any requested priming liens, which is the Debtors' burden to demonstrate under 11 U.S.C. 364(d)(2). Furthermore, no adequate protection has been proposed by the Debtors. Finally, both Med One and

Mazuma assert that their respective interests in the Med One/Mazuma Property would, in fact, not be adequately protected in light of any requested equal or priming lien in the Med One/Mazuma Property.

### Limited Objection to Asset Transfer and Sale Motion

29.     Med One and Mazuma own equipment that is being leased to the Debtors pursuant to the Med One/Mazuma Lease Agreements.  They do not consent to that equipment being transferred to a third party unless and until the Med One/Mazuma Lease Agreements are assumed and all cure amounts are paid in full (or as otherwise agreed to by the parties).

### Reservation of Rights

Med One and Mazuma respectfully reserve the right to supplement this Limited Objection at any time prior to or at the scheduled hearing regarding the Plan, the DIP Financing Motion and/or the Asset Transfer and Sale Motion and to join in any response or objection filed by any other party in interest prior to or at the scheduled hearing regarding the Plan, the DIP Financing Motions and/or the Asset Transfer and Sale Motion.

### Conclusion

**WHEREFORE**, Med One and Mazuma respectfully request that the Court enter an Order (i) sustaining the foregoing Limited Objection and denying confirmation of the Plan as it is currently drafted, and (ii) requiring the Debtors to file a revised or amended Plan.  Alternatively, Med One and Mazuma respectfully request that the Court require additional language in the Confirmation Order to adequately address the issues identified in this Limited Objection.  Med One and Mazuma further request that the Court not approve any priming liens in the DIP Financing Motions or the transfer of any Med One and/or Mazuma property in the Asset Transfer and Sale Motion.  Finally, Med One and Mazuma respectfully request that the Court grant Med One and Mazuma such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  February 28, 2025<br>　　　　Wilmington, Delaware | Respectfully Submitted,<br><br>**ESBROOK P.C.**<br>*/s/ Scott J. Leonhardt*<br>Scott J. Leonhardt (No. 4885)<br>1000 N. West Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 650-7540<br>Email:  scott.leonhardt@esbrook.com<br><br>**RAY QUINNEY & NEBEKER P.C.**<br>/s/ *David H. Leigh*<br>David H. Leigh (Utah Bar No. 9433)<br>36 South State Street, 14th Floor<br>P.O. Box 45385<br>Salt Lake City, Utah 84145-0385<br>Telephone: (801) 532-1500<br>Facsimile: (801) 532-7543<br>Email: dleigh@rqn.com<br><br>*Counsel to Med One Capital Funding, LLC and Mazuma Capital Corp* |