**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12534 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 551 and 555** |

**DECLARATION OF EMILY YOUNG OF**
**EPIQ CORPORATE RESTRUCTURING, LLC**
**REGARDING VOTING AND TABULATION OF BALLOTS CAST**
**ON THE FOURTH AMENDED COMBINED DISCLOSURE STATEMENT**
**AND JOINT CHAPTER 11 PLAN OF REORGANIZATION**

I, Emily Young, declare, under penalty of perjury:

1.　　I am a Director of Epiq Corporate Restructuring, LLC ("Epiq"), located at 777 Third Avenue, 12th Floor, New York, New York 10017. I am over the age of eighteen (18) years. I do not have a direct interest in these chapter 11 cases and am an impartial party.

2.　　I submit this declaration (the "Declaration") with respect to the solicitation and tabulation of votes cast on the *Fourth Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization* [Docket No. 551] (as amended, supplemented, or modified from time

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); and (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

12960525 v2

to time, the "Plan").[2] Except as otherwise indicated herein, all facts set forth herein are based upon my personal knowledge or my review of relevant documents. I am authorized to submit this Declaration on behalf of Epiq. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

3. In accordance with the (a) *Order Authorizing the Debtors to Retain and Employ Epiq Corporate Restructuring, LLC as Administrative Advisor* [Docket No. 288], and (b) *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement, Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and Forms Related Thereto; and (IV) Granting Related Relief* [Docket No. 555] (the "Disclosure Statement Order"), Epiq was appointed and authorized to assist the Debtors with, *inter alia*, soliciting, receiving, reviewing, determining the validity of, and tabulating Ballots cast on the Plan by holders of Claims in the Voting Classes (as defined below).

4. As set forth in the Disclosure Statement Order, the Court established January 23, 2025 as the record date (the "Record Date") for determining which Holders of Claims were to be served with the Solicitation Package and the Confirmation Hearing Notice. As further set forth in the Disclosure Statement Order, the Court established February 3, 2025 as the record date (the "Ballot Record Date") for determining which Holders of Claims were entitled to vote on the Plan.[3]

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement Order (as defined herein).

[3] At the Plan Proponent's direction, Epiq posted a blank Class 7 Ballot form to the case website for use by parties who filed claims after the Record Date but by the Ballot Record Date.

12960525 v2

5.  Pursuant to the Plan and the Disclosure Statement Order, only holders of Claims in the following Classes (collectively, the "Voting Classes") were entitled to vote to accept or reject the Plan:

| Class | Description |
| --- | --- |
| Class 1 | HRH Claims |
| Class 2 | Capitala Claims |
| Class 3 | Capital Specialty Lending Claims[4] |
| Class 4 | Maple Secured Claims |
| Class 5 | Maple Unsecured Claims |
| Class 7 | General Unsecured Claims |
| Class 8 | Insured Claims |
| Class 9 | Prior Owner Claims |
| Class 13 | NJDOH Secured Claims |
| Class 14 | Strategic Ventures Secured Claims |

6.  The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Disclosure Statement Order (the "Solicitation Procedures"). Epiq was instructed by the Plan Proponents to solicit, review, determine the validity of, and tabulate Ballots submitted by holders of Claims in the Voting Classes in accordance with the Solicitation Procedures. In addition, Epiq

---

[4] The Plan Proponents filed the *Fifth Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization* on March 6, 2025 (the "Amended Plan") [Docket No. 856]. In the Amended Plan, the Class 3 Capital Specialty Lending Claims voting status was changed from "deemed to reject" to "entitled to vote".

consulted with the Plan Proponents' counsel, as appropriate, to ensure compliance with the Solicitation Procedures. I supervised the solicitation and tabulation performed by Epiq's employees.

7. In accordance with the Disclosure Statement Order, on January 30, 2025, Epiq solicited the holders of Claims in the Voting Classes as of the Record Date and Epiq filed the *Certificate of Service of Solicitation Materials* on February 5, 2025 [Docket No. 651].[5]

8. On, March 2, 2025, at the direction of the Plan Proponents, Epiq provided provisional Class 3 Ballots to counsel to the Agent to Capitala Specialty Lending Corp. for distribution to the lenders.

9. For a Ballot to be counted as valid, the Ballot must have been (a) properly completed pursuant to the Disclosure Statement Order, (b) executed by the relevant Holder entitled to vote on the Plan (or such Holder's representative), (c) returned to Epiq via an approved method of delivery set forth in the Disclosure Statement Order, and (d) received by Epiq on or before March 3, 2025 at 4:00 p.m. (Eastern Time) (the "Voting Deadline").

10. The Plan Proponents extended the Voting Deadline for parties in Class 2, Class 3, and Class 13 to March 6, 2025, at 11:59 p.m. Eastern Time (the "Extended Voting Deadline").

11. All validly executed Ballots cast by holders of Claims in the Voting Classes received by Epiq on or before the Voting Deadline or Extended Voting Deadline, were tabulated as outlined in the Solicitation Procedures.

---

[5] On January 27, 2025, Epiq served a copy of the Confirmation Hearing Notice on the creditor matrix, holders of filed and scheduled claims, and other parties in interest as set forth in the *Certificate of Service* filed on February 3, 2025 [Docket No. 619], and the *Amended Certificate of Service* filed on February 5, 2025 [Docket No. 652].

12.     I declare that the results of the voting by holders of Claims in the Voting Classes are as set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes cast by timely and properly executed Ballots received by Epiq.

13.     A report of all Ballots received but not included in the final tabulation prepared by Epiq and the reasons for exclusion of such Ballots is attached as **Exhibit B** hereto.

*[remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information, and belief.

Dated:  March 7, 2025
Savannah, GA

*/s / Emily Young*
Emily Young
Director
Epiq Corporate Restructuring, LLC

12960525 v2

# EXHIBIT A

## Tabulation Summary

| VOTING CLASS | TOTAL BALLOTS COUNTED | | | | Class Voting Result |
|---|---|---|---|---|---|
| | ACCEPT | | REJECT | | |
| | AMOUNT | NUMBER | AMOUNT | NUMBER | |
| **Class 1** HRH Claims | $110,300,000.00 / 100% | 1 / 100% | $0.00 / 0% | 0 / 0% | Accept |
| **Class 2** Capitala Claims | $19,710,808.62 / 100% | 6 / 100% | $0.00 / 0% | 0 / 0% | Accept |
| **Class 3** Capital Specialty Lending Claims | $35,805,850.01 / 100% | 5 / 100% | $0.00 / 0% | 0 / 0% | Accept |
| **Class 4** Maple Secured Claims | $0 / 0% | 0 / 0% | $48,258,139.00 / 100% | 1 / 100% | Reject |
| **Class 5** Maple Unsecured Claims | $0 / 0% | 0 / 0% | $14,902,959.00 / 100% | 1 / 100% | Reject |
| **Class 7** General Unsecured Claims | $85,646,679.10 / 80.91% | 152 / 89.41% | $20,209,934.93 / 19.09% | 18 / 10.59% | Accept |
| **Class 8** Insured Claims | $2.00 / 100% | 1 / 100% | 0 / 0% | 0 / 0% | Accept |
| **Class 9** Prior Owner Claims | $0 / 0% | 0 / 0% | $39,404,955.60 / 100% | 8 / 100% | Reject |
| **Class 13** NJDOH Secured Claims | $10,625,000.00 / 100% | 1 / 100% | $0.00 / 0% | 0 / 0% | Accept |
| **Class 14** Strategic Ventures Secured Claims | $0 / 0% | 0 / 0% | $10,000,000.00 / 100% | 1 / 100% | Reject |

12960525 v2

## EXHIBIT B

## Report of Excluded Ballots

12960525 v2

| Claim No. / Schedule No. | Class | Description | Name | Ballot Amount | Vote (A)ccept/(R)eject | Ballot No. | Excluded Reason |
|---|---|---|---|---|---|---|---|
| 546000550 | 7 | General Unsecured Claims | AMERICAN MEDICAL STAFFING, INC | $57,307.50 | A | 113 | Late. Ballot was received after the Voting Deadline. |
| 546001260 | 7 | General Unsecured Claims | BECKER HEALTH | $163,367.24 | A | 116 | Late. Ballot was received after the Voting Deadline. |
| 10170 | 7 | General Unsecured Claims | BILOW GARRETT GROUP | $17,728.00 | R | 114 | Late. Ballot was received after the Voting Deadline. |
| 10056 | 7 | General Unsecured Claims | CONTRERAS VASQUEZ, ALEJANDRO EMILIO | $3,654.00 | A | 117 | Late. Ballot was received after the Voting Deadline. |
| 546002720, 548003210 | 7 | General Unsecured Claims | CS SURGICAL INC. | $2,100.00 | A | 115 | Late. Ballot was received after the Voting Deadline. |
| 60 | 7 | General Unsecured Claims | ESSEX HUDSON CARDIOLOGY ASSOCIATES | $535,090.65 | | 66 | No Vote. Ballot did not include a vote to accept or to reject the Plan. |
| 10108 / 552000970 | 7 | General Unsecured Claims | FMS STEAM CARPET CLEANING | $264,707.87 | R | 122 | Late. Ballot was received after the Voting Deadline. |
| 546003830 | 7 | General Unsecured Claims | FORTES SURGICAL SOLUTIONS, LLC | $10,415.00 | A | 118 | Late. Ballot was received after the Voting Deadline. |
| 548005160 | 7 | General Unsecured Claims | HANAN SAMMAN | $245.00 | R | 120 | Late. Ballot was received after the Voting Deadline. |
| 551005530 | 7 | General Unsecured Claims | JAMES HEFFERAN | $16,000.00 | A | 112 | Late. Ballot was received after the Voting Deadline. |
| 551013260 | 7 | General Unsecured Claims | NAME ON FILE | $25.00 | | 70 | No Vote. Ballot did not include a vote to accept or to reject the Plan. |
| 551005740 | 7 | General Unsecured Claims | JOSEPH, DAWN K | $1,200.00 | R | 119 | Late. Ballot was received after the Voting Deadline. |
| 551014110 | 7 | General Unsecured Claims | NAME ON FILE | $253.00 | | 36 | No Vote. Ballot did not include a vote to accept or to reject the Plan. |
| 551007020 | 7 | General Unsecured Claims | MELISSA H. BIREN | $5,000.00 | A | 123 | Late. Ballot was received after the Voting Deadline. |
| 546007450 | 7 | General Unsecured Claims | NAME ON FILE | $4,211.70 | A | 121 | Late. Ballot was received after the Voting Deadline. |
| 10283 | 7 | General Unsecured Claims | NURSE STAFFING LLC | $1,215,563.78 | A | 107 | Aggregated. Ballot amount is aggregated with another counted Ballot. |
| 10284 | 7 | General Unsecured Claims | NURSE STAFFING LLC | $3,799,511.72 | A | 108 | Aggregated. Ballot amount is aggregated with another counted Ballot. |
| 551010550 | 7 | General Unsecured Claims | SURGICAL DIRECT | $85.97 | A | 10080 | Late. Ballot was received after the Voting Deadline. |
| 10033 / 538003680 | 7 | General Unsecured Claims | TRICAP HEALTH GROUP LLC | $36,678.00 | A | 33 | Superseded. Ballot was superseded by later received and counted Ballot. |
| 548012600 | 7 | General Unsecured Claims | URBANOZO, ALDAMAE A | $2,600.00 | A | 10079 | Late. Ballot was received after the Voting Deadline. |