# EXHIBIT A

12981917
#124893202v1

# RESOLUTIONS
# OF
# THE BOARD OF TRUSTEES
# OF
# CAREPOINT HEALTH SYSTEMS INC.

The Board of Trustees (the "**Board of Trustees**") of CarePoint Health Systems Inc., a New Jersey nonprofit corporation (the "**Corporation**"), at a duly convened meeting of the Board of Trustees, have adopted the following resolutions as of the date set forth below.

**WHEREAS**, on October 19, 2024, the Board of Trustees previously authorized the filing of voluntary petitions for relief (the "**Voluntary Petitions**") under Chapter 11 of Title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "**Bankruptcy Code**") of entities directly and beneficially owned and controlled by the Corporation and authorized the consent to an involuntary petition for relief filed against IJKG Opco LLC d/b/a CarePoint Health – Bayonne Medical Center (the "**Involuntary Petition**" and together with the Voluntary Petitions, the "**Bankruptcy Petitions**") under the Bankruptcy Code;

**WHEREAS**, on November 3, 2024, the Bankruptcy Petitions were filed in the United States Bankruptcy Court for the District of Delaware (collectively, the "**Bankruptcy Cases**") and the Bankruptcy Cases are jointly administered under lead case number 24-2534 (JKS);

**WHEREAS**, in connection with the Bankruptcy Cases, on December 13, 2024, the Board of Trustees (i) elected three (3) new trustees to fill vacancies in the Board of Trustees, specifically Clifford A. Zucker, Honorable Judith Fitzgerald (US Bankruptcy Judge, retired) and Honorable Kevin Gross (US Bankruptcy Judge, retired) (collectively, the "**New Trustees**") and (ii) established a restructuring committee (the "**Restructuring Committee**") composed of the New Trustees to supervise and control all restructuring activities in connection with the Bankruptcy Cases, subject to the power of the whole Board of Trustees to approve Material Transactions;

**WHEREAS,** Material Transaction shall mean a sale of substantially all of the assets of a debtor, a merger, a liquidation or closure of a hospital, a long term hospital management agreement or affiliation and the proposal of a plan of reorganization;

**WHEREAS,** on any vote on a Material Transaction, each Trustee has an obligation to disclose any interest or relationship that may relate in any way to the Material Transaction, and upon such disclosure, the whole board, excluding the disclosing Trustee, shall vote on whether the facts or relationship disclosed is a disabling conflict that disqualifies that Trustee from voting on the transaction. All votes regarding conflicts will be recorded and preserved in the minutes of the board meeting in which the vote was taken;

**WHEREAS**, the Board is permitted to elect the New Trustees pursuant to Section 3.5 of the Corporation's Bylaws (the "**Bylaws**") and establish the Restructuring Committee pursuant to Section 5.1 of the Bylaws; and

**WHEREAS**, at a duly noticed special meeting of the Board of Trustees on December 20, 2024, at which a quorum was present and in accordance with the requirements of the Corporation's

governing documents, the Board of Trustees has adopted the following resolutions (the "**Resolutions**"):

**NOW, THEREFORE, BE IT**

**FURTHER RESOLVED**, that each of the New Trustees shall serve until the earlier of: (i) the effective date of a confirmed Chapter 11 plan of the Corporation or (ii) his/her resignation or removal pursuant to the Bylaws.

**FURTHER RESOLVED**, that, in the judgment of the Board of Trustees, it is desirable and in the best interest of the Corporation to establish the Restructuring Committee pursuant to Section 5.1 of the Bylaws; and it is

**FURTHER RESOLVED**, that the Restructuring Committee shall initially be composed of the following Trustees: Clifford A. Zucker, Hon. Judith Fitzgerald, and Hon. Kevin Gross; and members of the Restructuring Committee shall receive compensation for their services pursuant to an agreement between the Corporation and such Trustees, equal to $45,000 per month per Trustee plus reimbursement of all reasonable expenses incurred by such Trustees in service to the Corporation; and it is

**FURTHER RESOLVED**, that the Restructuring Committee shall supervise and control all restructuring activities in connection with the Bankruptcy Cases, subject to the power of the whole Board of Trustees to approve Material Transactions; provided that on any vote on a Material Transaction, each Trustee has an obligation to disclose any interest or relationship that may relate in any way to the Material Transaction, and upon such disclosure, the whole board, excluding the disclosing Trustee, shall vote on whether the facts or relationship disclosed is a disabling conflict that disqualifies that Trustee from voting on the transaction. All votes regarding conflicts will be recorded and preserved in the minutes of the board meeting in which the vote was taken; and it is

**FURTHER RESOLVED**, that the Restructuring Committee shall be dissolved immediately upon the earlier of: (i) the effective date of a confirmed Chapter 11 plan of reorganization for the Corporation or (ii) an action of the Board dissolving the Restructuring Committee; and it is

**FURTHER RESOLVED**, that in connection with the performance of its duties, the Restructuring Committee shall have unrestricted access to information of the Corporation and assistance from the officers, employees and advisors of the Corporation; and it is

**FURTHER RESOLVED,** that the Restructuring Committee shall be furnished with such other resources and support from the Corporation as the Restructuring Committee and the Board shall deem necessary, advisable or appropriate; and it is

**FURTHER RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Corporation, which acts (i) would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified or (ii) were approved by prior resolutions, are hereby in all respects, approved and ratified; and it is

**FURTHER RESOLVED**, that these Resolutions shall be signed by the Secretary of the Corporation and retained with minutes of the proceedings of the Board of Trustees.

Effective as of: December 13, 2024

*[signature page follows]*

#124726134v1

#124729802v1

## **CERTIFICATION**

I, <u>Justin Drew</u>, as <u>Secretary</u> of the Board of Trustees of CarePoint Health Systems Inc., a New Jersey non-profit corporation (the "**Corporation**") do hereby certify that the foregoing resolutions were adopted by the Board of Trustees of the Corporation at a meeting of the Board of Trustees on December 20th, 2024.

Dated: December 20th, 2024

Name: Justin Drew
Title: Chief of Staff

#124726134v1

#124729802v1