**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Case No. 24-12534 |
| | § | |
| **CAREPOINT HEALTH SYSTEMS INC. D/B/A** | § | Chapter 11 |
| **JUST HEALTH FOUNDATION, ET AL.,**[1] | § | |
| | § | Judge: Honorable J. Kate Stickles |
| Reorganized Debtors. | § | |

**Notes to Post-Confirmation Report**        **Quarter Ending Date: 6/30/2025**

On November 3, 2024, CarePoint Health Systems inc. d/b/a Just Health Foundation, et al.[1] (the "Debtors") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), which commenced Case No. 24-12534 (the "Bankruptcy Case") before the Honorable Judge J. Kate Stickles in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On January 24, 2025, the Bankruptcy Court entered an order (i) approving the disclosure statement on an interim basis; (ii) scheduling a combined hearing on final approval of the disclosure statement, plan confirmation and deadlines related thereto; (iii) approving the solicitation, notice and tabulation procedures and forms related thereto; and (iv) granting related relief [Docket No. 555] (the "Motion"). On April 17, 2025, the Bankruptcy Court entered an order [Docket No. 1168] (the "Confirmation Order") confirming the Seventh Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization [Docket No. 1154] (the "Plan"). On May 23, 2025, the Debtors filed a *Notice of (i) Effective Date of the Seventh Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization as Modified as of April 15, 2025; (ii) Substantial Consummation of the Plan; and (iii) Bar Dates for Certain Administrative, Professional and Rejection Claims* [Docket No. 1285] and the Plan became effective on May 22, 2025.

The Debtors are filing this quarterly post-confirmation report (the "PCR") solely for the purpose of reporting to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in accordance with the Instructions for UST Form 11-PCR -- Post-confirmation Report (12/07/22) ("PCR Instructions"). The following notes, statements, and limitations should be referred to and referenced in connection with any review of the PCR. Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Hoboken Intermediate Holdco, LLC (2105); (xi) Hudson Hospital Holdco, LLC (3869); (xii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiii) HUMC Holdco, LLC (3488); (xiv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xv) IJKG, LLC (7430); (xvi) Just Health MSO, LLC (1593); (xvii) Quality Care Associates, LLC (4710); (xviii) Sequoia BMC Holdco, LLC (9812); (xix) IJKG Opco LLC d/b/a CarePoint Health Bayonne Medical Center. The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

**Part 1: Summary of Post-confirmation Transfers:** On April 17, 2025, the Bankruptcy Court entered an order [Docket No. 1168] (the "Confirmation Order") confirming the Seventh Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization [Docket No. 1154] (the "Plan"). On May 22, 2025 (the "Effective Date"), pursuant to the Plan, (i) the assets of Bayonne (other than any Litigation Claims) were transferred to HRH as set forth in and pursuant to the Collateral Surrender Agreement, and HRH was granted all rights under the Collateral Surrender Agreement; (ii) HRH was granted the right to operate and manage Christ Hospital and HUMC as set forth in the Hospital Facilities MSA; and (iii) HRH was granted all rights under the MSA.

The Reorganized Debtors and their successor-operator, pursuant to the Seventh Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization, are responsible for including the activity of the Reorganized Debtor in the PCR and for paying all required statutory fees associated with these disbursements. To that end, the activities of the Reorganized Debtors are included herein on a consolidated basis. However, the disbursements reported herein do not include inter-company transfers between the Reorganized Debtors.

**Part 2: Pre-confirmation Professional Fees and Expenses:** All pre-effective professional fees for retained professionals are included in Part 2.a. of the PCR. For professionals that were required to seek specific approval of fees and expenses, the "Approved Current Quarter" and "Approve Cumulative" columns reflect the final fee order or certificate of no objection entered by the court. For professionals that were not required to seek specific approval of fees and expenses, the "Approved Current Quarter" and "Approve Cumulative" columns reflect zero.

Epiq Corporate Restructuring, LLC ("Epiq") was retained as Claims and Noticing Agent [Docket No. 22] by the Debtors. Epiq was not required to seek specific approval for Claims and Noticing Agent fees and expenses. For simplicity, all professional fees, regardless of whether approval was or was not required, are included in Part 2.a. of the PCR.

All preconfirmation professional fees for ordinary course professionals, as set forth in the *Order Authorizing the Debtors to Retain, Employ and Compensate Professionals Utilized in the Ordinary Course of Business and Granting Related Relief [Docket No. 325]* ("OCP Order"), are included in Part 2.b. the PCR.

**Part 3: Recoveries of the Holders of Claims and Interests Under Confirmed Plan:** The instructions to the PCR provide that for each class of claims and interests included in the PCR, "the total anticipated payments as disclosed in the plan" should be provided. The Reorganized Debtors are unable to provide total anticipated payments for the relevant classes at this time due primarily to potential reconciliations of claims, objections to claims and uncertain outcome of pending litigation. The PCR sets forth (i) the total anticipated payments listed as zero, (ii) the total amounts paid by the Reorganized Debtors in the quarter, (iii) the total cumulative amounts paid by the Reorganized Debtors since the Effective Date, and (iv) the aggregate allowed amount of claims in each class.

The Reorganized Debtors have not yet reconciled claims. As such, the value of "Allowed Claims" is reported as the current estimate of the aggregate value of Allowed claims for each class of claim.

Pursuant to the Plan and Litigation Trust Agreement, the Disbursing Agent is responsible for making distributions, other than those to holders of Class 6 or Class 2 Claims, to the extent they are deemed Allowed (as defined in the Plan). All such distributions made in the relevant time period are included in the PCR.

**Reservation of Rights**: Given the complexity of the Debtor's books and records and the ongoing administration of the Reorganized Debtor, inadvertent errors or omissions may have occurred. The Reorganized Debtors reserve all rights to amend or supplement the PCR in all respects as may be necessary or appropriate. Nothing contained in this PCR shall constitute an admission of any kind or nature, or a waiver of any rights of the Reorganized Debtors, all of which are expressly reserved in full.

# UNITED STATES BANKRUPTCY COURT

DISTRICT OF  Delaware

In re: Hudson Hospital Holdco, LLC

Debtor(s)

Case No. 24-12545

☐ Jointly Administered

## Post-confirmation Report

Chapter 11

Quarter Ending Date: 06/30/2025

Petition Date: 11/03/2024

Plan Confirmed Date: 04/17/2025

Plan Effective Date: 05/22/2025

This Post-confirmation Report relates to:  ● Reorganized Debtor

○ Other Authorized Party or Entity: _____

Name of Authorized Party or Entity

/s/ Shamiq Syed
Signature of Responsible Party

09/16/2025
Date

Shamiq Syed
Printed Name of Responsible Party

308 Willow Avenue, Hoboken, NJ 07030
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name: Hudson Hospital Holdco, LLC  Case No. 24-12545

## Part 1: Summary of Post-confirmation Transfers

| | Current Quarter | Total Since Effective Date |
|---|---:|---:|
| a. Total cash disbursements | $0 | $0 |
| b. Non-cash securities transferred | $0 | $0 |
| c. Other non-cash property transferred | $0 | $0 |
| d. Total transferred (a+b+c) | $0 | $0 |

## Part 2: Preconfirmation Professional Fees and Expenses

| | | | Approved Current | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Professional fees & expenses (bankruptcy) incurred by or on behalf of the debtor  *Aggregate Total* | | | | | |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | | | | | | |
| ii | | | | | | |
| iii | | | | | | |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |

Debtor's Name Hudson Hospital Holdco, LLC                                                           Case No. 24-12545

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | xxx | | | | | | |
| | xxxi | | | | | | |
| | xxxii | | | | | | |
| | xxxiii | | | | | | |
| | xxxiv | | | | | | |
| | xxxv | | | | | | |
| | xxxvi | | | | | | |
| | xxxvii | | | | | | |
| | xxxviii | | | | | | |
| | xxxix | | | | | | |
| | xl | | | | | | |
| | xli | | | | | | |
| | xlii | | | | | | |
| | xliii | | | | | | |
| | xliv | | | | | | |
| | xlv | | | | | | |
| | xlvi | | | | | | |
| | xlvii | | | | | | |
| | xlviii | | | | | | |
| | xlix | | | | | | |
| | l | | | | | | |
| | li | | | | | | |
| | lii | | | | | | |
| | liii | | | | | | |
| | liv | | | | | | |
| | lv | | | | | | |
| | lvi | | | | | | |
| | lvii | | | | | | |
| | lviii | | | | | | |
| | lix | | | | | | |
| | lx | | | | | | |
| | lxi | | | | | | |
| | lxii | | | | | | |
| | lxiii | | | | | | |
| | lxiv | | | | | | |
| | lxv | | | | | | |
| | lxvi | | | | | | |
| | lxvii | | | | | | |
| | lxviii | | | | | | |
| | lxix | | | | | | |
| | lxx | | | | | | |
| | lxxi | | | | | | |

Debtor's Name Hudson Hospital Holdco, LLC                                    Case No. 24-12545

| | | | | | | |
|---|---|---|---|---|---|---|
| lxxii | | | | | | |
| lxxiii | | | | | | |
| lxxiv | | | | | | |
| lxxv | | | | | | |
| lxxvi | | | | | | |
| lxxvii | | | | | | |
| lxxviii | | | | | | |
| lxxix | | | | | | |
| lxxx | | | | | | |
| lxxxi | | | | | | |
| lxxxii | | | | | | |
| lxxxiii | | | | | | |
| lxxxiv | | | | | | |
| lxxxv | | | | | | |
| lxxxvi | | | | | | |
| lxxxvii | | | | | | |
| lxxxvii | | | | | | |
| lxxxix | | | | | | |
| xc | | | | | | |
| xci | | | | | | |
| xcii | | | | | | |
| xciii | | | | | | |
| xciv | | | | | | |
| xcv | | | | | | |
| xcvi | | | | | | |
| xcvii | | | | | | |
| xcviii | | | | | | |
| xcix | | | | | | |
| c | | | | | | |
| ci | | | | | | |

| | | | | Approved Current | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Professional fees & expenses (nonbankruptcy) incurred by or on behalf of the debtor    *Aggregate Total* | | | | | | |
| | *Itemized Breakdown by Firm* | | | | | | |
| | | Firm Name | Role | | | | |
| | i | | | | | | |
| | ii | | | | | | |
| | iii | | | | | | |
| | iv | | | | | | |
| | v | | | | | | |
| | vi | | | | | | |

UST Form 11-PCR (12/01/2021)                               4

Debtor's Name Hudson Hospital Holdco, LLC                                    Case No.  24-12545

| | | | | | | |
|---|---|---|---|---|---|---|
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |
| xxx | | | | | | |
| xxxi | | | | | | |
| xxxii | | | | | | |
| xxxiii | | | | | | |
| xxxiv | | | | | | |
| xxxv | | | | | | |
| xxxvi | | | | | | |
| xxxvii | | | | | | |
| xxxviii | | | | | | |
| xxxix | | | | | | |
| xl | | | | | | |
| xli | | | | | | |
| xlii | | | | | | |
| xliii | | | | | | |
| xliv | | | | | | |
| xlv | | | | | | |
| xlvi | | | | | | |
| xlvii | | | | | | |
| xlviii | | | | | | |

Debtor's Name Hudson Hospital Holdco, LLC                                   Case No.  24-12545

| | | | | | | |
|---|---|---|---|---|---|---|
| xlix | | | | | | |
| l | | | | | | |
| li | | | | | | |
| lii | | | | | | |
| liii | | | | | | |
| liv | | | | | | |
| lv | | | | | | |
| lvi | | | | | | |
| lvii | | | | | | |
| lviii | | | | | | |
| lix | | | | | | |
| lx | | | | | | |
| lxi | | | | | | |
| lxii | | | | | | |
| lxiii | | | | | | |
| lxiv | | | | | | |
| lxv | | | | | | |
| lxvi | | | | | | |
| lxvii | | | | | | |
| lxviii | | | | | | |
| lxix | | | | | | |
| lxx | | | | | | |
| lxxi | | | | | | |
| lxxii | | | | | | |
| lxxiii | | | | | | |
| lxxiv | | | | | | |
| lxxv | | | | | | |
| lxxvi | | | | | | |
| lxxvii | | | | | | |
| lxxviii | | | | | | |
| lxxix | | | | | | |
| lxxx | | | | | | |
| lxxxi | | | | | | |
| lxxxii | | | | | | |
| lxxxiii | | | | | | |
| lxxxiv | | | | | | |
| lxxxv | | | | | | |
| lxxxvi | | | | | | |
| lxxxvii | | | | | | |
| lxxxviii | | | | | | |
| lxxxix | | | | | | |
| xc | | | | | | |

Debtor's Name Hudson Hospital Holdco, LLC     Case No. 24-12545

| | | | | | | |
|---|---|---|---|---|---|---|
| xci | | | | | | |
| xcii | | | | | | |
| xciii | | | | | | |
| xciv | | | | | | |
| xcv | | | | | | |
| xcvi | | | | | | |
| xcvii | | | | | | |
| xcviii | | | | | | |
| xcix | | | | | | |
| c | | | | | | |
| ci | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | $0 | $0 | $0 | $0 |

**Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan**

| | Total Anticipated Payments Under Plan | Paid Current Quarter | Paid Cumulative | Allowed Claims | % Paid of Allowed Claims |
|---|---|---|---|---|---|
| a. Administrative claims | $0 | $0 | $0 | $0 | 0% |
| b. Secured claims | $0 | $0 | $0 | $0 | 0% |
| c. Priority claims | $0 | $0 | $0 | $0 | 0% |
| d. General unsecured claims | $0 | $0 | $0 | $0 | 0% |
| e. Equity interests | $0 | $0 | $0 | | |

**Part 4: Questionnaire**

a. Is this a final report?    Yes ○  No ⦿
   If yes, give date Final Decree was entered: _____
   If no, give date when the application for Final Decree is anticipated: _____
b. Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930?    Yes ⦿  No ○

UST Form 11-PCR (12/01/2021)        7

Debtor's Name Hudson Hospital Holdco, LLC                                          Case No. 24-12545

## Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information and provision of this information is mandatory. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6) and to otherwise evaluate whether a reorganized chapter 11 debtor is performing as anticipated under a confirmed plan. Disclosure of this information may be to a bankruptcy trustee when the information is needed to perform the trustee's duties, or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case, or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Post-confirmation Report and its attachments, if any, are true and correct and that I have been authorized to sign this report.**

/s/ Shamiq Syed                                                                         Shamiq Syed
Signature of Responsible Party                                                  Printed Name of Responsible Party

Chief Financial Officer                                                                09/16/2025
Title                                                                                          Date

Debtor's Name Hudson Hospital Holdco, LLC               Case No. 24-12545


Page 1


Other Page 1


Page 2 Minus Tables



Debtor's Name Hudson Hospital Holdco, LLC               Case No. 24-12545

Bankruptcy Table 1-50

Debtor's Name Hudson Hospital Holdco, LLC　　　　　　　　　　　　　　　　　　　　　　Case No.  24-12545


Bankruptcy Table 51-100


Non-Bankruptcy Table 1-50


Non-Bankruptcy Table 51-100


Part 3, Part 4, Last Page

UST Form 11-PCR (12/01/2021)　　　　　　　　10