## EXHIBIT A

[Redline of Reply]

#125413228v4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al., 1<br><br>          Debtors. | x<br>:  Chapter 11<br>:  Case No. 24-12534 (JKS)<br>:<br>:  (Jointly Administered)<br>:<br>:<br>:  **Re: D.I. 1168, 1682**<br>:<br>:<br>x |

### **AMENDED² REPLY OF THE ~~REORGANIZED DEBTORS~~PRACTICE GROUPS TO THE MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

~~The~~New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group and Garden State Healthcare Associates, LLC (the "Practice Groups"), two of the above-captioned debtors (the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), by and through their counsel, Dilworth Paxson LLP, hereby submit this amended reply (the "Amended Reply") to the *Motion of for Allowance and Payment of Administration Expense Claims* (the "Motion") [D.I. 1668] filed by Hudson Regional Hospitals, LLC ("HRH")~~.~~, which

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center.  The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

[2] A blackline showing changes from the Reply is attached hereto as Exhibit "A."

~~#125413228v3~~#125413228v4

amends the *Reply of the Reorganized Debtors to the Motion for Allowance and Payment of Administrative Expense Claims* [D.I. 1682] (the "Reply").

The Reply was erroneously filed on behalf of the Reorganized Debtors. The Practice Groups file this Amended reply to clarify that the Reply is filed on behalf of the Practice Groups.

In support of the Amended Reply, the ~~Debtors~~Practice Groups respectfully state as follows:

## PRELIMINARY STATEMENT

1. In the Motion, HRH, as attorney in fact for the Reorganized Debtors, seeks payment of administrative expense claims in the amount of $47,397,755.87 (the "Administrative Expense Claims").

2. HRH seeks payment of the Administrative Expense Claims on the basis that, since the Petition Date and after the Effective Date, the Reorganized Debtors, which include all of the above-captioned debtors except ~~Garden State Healthcare Associates, LLC and New Jersey Medical and Health Associates, LLC (collectively, the "~~ the Practice Groups~~")~~, have subsidized the operations of the Practice Groups.

3. To resolve the Administrative Expense Claims, the ~~Debtors~~Practice Groups propose, as detailed below, to grant the Reorganized Debtors a lien on post-petition accounts receivable of the Practice Groups, with a carve out for counsel and U.S. Trustee fees.

## JURISDICTION AND VENUE

4. The Court has jurisdiction to consider the Motion and Reply pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013–1(f), Debtors consent to the

entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6. On November 3, 2024 (the "Petition Date") all Debtors except IJKG Opco, LLC ("IJKG Opco") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7. On the Petition Date, three creditors of IJKG Opco, 29 E 29 Street Holdings, LLC, Bayonne Medical Center Opco, LLC, and Peter Wong, MD, filed an involuntary petition against IJKG Opco under Chapter 11 of the Bankruptcy Code. On the Petition Date, IJKG Opco filed an answer consenting to the relief requested in the involuntary petition.

8. On November 6, 2024, the Court entered an order authorizing the joint administration of the Chapter 11 Cases of each Debtor. [D.I. 80].

9. On November 6, 2024, the Court entered an Order for Relief with respect to IJKG Opco, LLC. [IJKG Opco, LLC D.I. 9].

10. On December 6, 2024, the Court entered an order authorizing the continued use of the Debtors' cash management system on a final basis (the "Cash Management Order"). [D.I. 243].

11. The Cash Management Order provides that the Debtors are authorized to continue to utilize their cash management system with respect to intercompany transfers. [D.I. 243, ¶ 11].

12. The Cash Management Order further provides that the intercompany claims against a Debtor held by another Debtor arising from a post-petition intercompany transfer shall

be entitled to administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code. [D.I. 243, ¶ 11].

13. On April 15, 2025, the Debtors and the Official Committee of Unsecured Creditors filed the *Seventh Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization as Modified as of April 15, 2025* (the "Plan"). [D.I. 1154].

14. On April 17, 2025, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Seventh Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization as Modified as of April 15, 2025* (the "Confirmation Order"). [D.I. 1168].

15. The Plan was confirmed as to the Reorganized Debtors only. The Practice Groups remain debtors-in-possession.

16. On May 22, 2025, the Plan went effective. [D.I. 1285]. Pursuant to the Plan, Christ Hospital and HUMC executed Powers of Attorney appointing HRH their lawful agent and attorney-in-fact.

17. Since the Petition Date and continuing to date, the Reorganized Debtors have subsidized the operations of the Practice Groups. [D.I. 880, ¶ 2].

**RELIEF REQUESTED**

18. By this Reply, and in order to preserve and maximize the value of their estates, the ~~Debtors~~Practice Groupss request that the Court grant the Motion such that the Reorganized Debtors have a first position lien on post-petition accounts receivable of the Practice Groups.

**BASIS FOR RELIEF**

4

19. Section 503(b)(1)(A)(i) provides, in pertinent part, that there shall be allowed administrative expenses, including wages, salaries, and commissions for services rendered after the commencement of the case. 11 U.S.C. § 503(b)(1)(A)(i).

20. An administrative expense claim must be allowed when: (i) the claim arose from a transaction with or on account of consideration furnished to the debtor in-possession; and (ii) the transaction or consideration benefitted the debtor-in-possession. *In re O'Brien Env't Energy, Inc.*, 181 F.3d 527, 532–33 (3d Cir. 1999).

21. Here, ~~Debtors~~the Practice Groups admit that the Reorganized Debtors have subsidized the Practice Groups since the Petition Date. The Administrative Expense Claims represent the total subsidized amount.

22. Further, ~~Debtors~~the Practice Groups admit that the subsidization of the Practice Groups has provided a benefit to the Practice Groups as debtors-in-possession. The Practice Groups have operated at a loss since the Petition Date and, without the subsidization by the Reorganized Debtors, would be unable to continue as a going concern.

23. The Cash Management Order authorized the Debtors to continue to utilize intercompany transfers, such as the Reorganized Debtors subsidizing the Practice Groups. [D.I. 243, ¶ 11]. The Cash Management Order further provided that any intercompany claim arising from a post-petition intercompany transfer shall be entitled to administrative expense priority. [D.I. 243, ¶ 11].

24. Accordingly, the Administrative Expense Claims should be allowed.

25. As the Practice Groups operate at a loss, the Practice Groups do not and will not have the cash available to pay the Administrative Expense Claims. The ~~Debtors~~Practice Groups submit that an appropriate remedy is to grant the Reorganized Debtors a first position

lien on the accounts receivable of the Practice Groups, with a carve out for counsel and U.S. Trustee fees.

## CONCLUSION

WHEREFORE, the ~~Debtors~~Practice Groups respectfully request that the Court allow the Administrative Expense Claims and grant the Reorganized Debtors a first position lien on the accounts receivable of the Practice Groups.

Dated: January ~~21~~23, 2026　　　　　　**DILWORTH PAXSON LLP**

/s/ draft
Peter C. Hughes (DE 4180)
800 N. King Street, Suite 202
Wilmington, DE 19801
Telephone:　302-571-9800
Facsimile:　302-571-8875
Email:　　　phughes@dilworthlaw.com

And

/s/ draft
Lawrence G. McMichael (Admitted *pro hac vice*)
Peter C. Hughes (DE 4180)
Anne M. Aaronson (Admitted *pro hac* vice)
Jack Small (Admitted *pro hac vice*)
1650 Market St., Suite 1200
Philadelphia, PA 19103
Telephone:　(215) 575-7000
Facsimile:　(215) 754-4603
Email:　　　lmcmichael@dilworthlaw.com
Email:　　　phughes@dilworthlaw.com
Email:　　　aaaronson@dilworthlaw.com
Email:　　　jsmall@dilworthlaw.com

*Counsel for the Debtors*

6

~~#125413228v3~~#125413228v4

7

| | |
|---|---|
| **Summary report:** <br> **Litera Compare for Word 11.1.0.69 Document comparison done on 1/23/2026 3:26:46 PM** ||
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** CarePoint - Draft Reply to HRH Administrative Expense Motion.docx ||
| **Modified filename:** CarePoint - Draft Amended Reply to HRH Administrative Expen(125413228.4).docx ||
| **Changes:** ||
| Add | 24 |
| Delete | 15 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 39 |