**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CAREPOINT HEALTH SYSTEMS INC. d/b/a JUST HEALTH FOUNDATION, *et al.*[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-12534 (JKS)<br><br>(Joint Administration)<br><br>**Hearing Date: 11/19/26 at 1:00 p.m. (ET)**<br>**Obj. Deadline: 10/26/26 at 4:00 p.m. (ET)**<br><br>**Re: D.I. 1711** |

**MOTION OF HEALTH PROFESSIONALS AND ALLIED EMPLOYEES AFT/AFL-CIO (I) ENFORCING THIS COURT'S ADMINISTRATIVE ORDER COMPELLING THE DEBTORS, HRH AND MANAGERS TO MAKE THE 2024 EMPLOYER 401K CONTRIBUTIONS; (II) COMPELLING THE DEBTORS, HRH, THE MANAGERS OF BAYONNE HOSPITAL AND CHRIST HOSPITAL TO IMMEDIATELY MAKE THE ADMINISTRATIVE PAYMENT OF THE 2024 401K CONTRIBUTION PURSUANT TO 11 U.S.C. §§ 1142 AND 105 AND 28 U.S.C §§ 157 AND 1334; (III) HOLDING THE DEBTORS, HRH AND HOSPITAL MANAGERS IN CONTEMPT OF THIS COURT'S ORDER; AND (IV) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND NECESSARY**

Health Professionals and Allied Employees, AFT/AFL-CIO (hereinafter "HPAE" or the "Movant"), by and through their undersigned counsel, hereby file the within motion ( "Motion") for entry of an Order (1) enforcing this Court's administrative order compelling the debtors, HRH and managers to make the 2024 employer 401k contributions; (2) compelling the debtors, HRH, the managers of Bayonne Hospital and Christ Hospital to immediately make the administrative

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593): (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco, LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, New Jersey 07030.

payment of the 2024 401k contribution pursuant to 11 U.S.C. §§ 1142 and 105 and 28 U.S.C. §§ 157 and 1334; (3) holding the debtors, HRH and hospital managers in contempt of this Court's order, and (4) granting such other and further relief as this Court deems just and necessary. In support of the Motion, HPAE respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Standing Order") and pursuant to Paragraph 60 of the Confirmation Order [D.I. 1168] ("the Court shall retain jurisdiction and judicial power over all matters arising out of, or related to, these Chapter 11 Cases and the Plan to the fullest extent permitted by law including jurisdiction over the matters set forth in Article XV of the Plan."). The Court may enter a Final Order consistent with Article III of the United States Constitution. HPAE hereby consents to the entry of a Final Order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter Final Orders or Judgments consistent with Article III of the United States Constitution. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are Sections 1142 and 105 of the Bankruptcy Code and paragraph 78 of the Confirmation Order and this Court's Administrative Order dated February 5, 2026 [D.I. 1711]. The Motion is a core proceeding as it relates to the Confirmation Order and the Administrative Order of this Court dated February 5, 2026.

**BACKGROUND**

3. On November 3, 2024 (the "Petition Date"), Debtor CarePoint Health Systems, Inc. d/b/a Just Health Foundation (hereinafter "CarePoint") and all of its affiliated debtors and debtors

in possession—with the exception of IJKG Opco, LLC (hereinafter "IJKG OPCO")—each filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware (the "Court") seeking relief under the provisions of Chapter 11 of the United States Bankruptcy Code.

4. As to IJKG OPCO, on November 3, 2024, 29 E 29 Street Holdings, LLC, Bayonne Medical Center Opco, LLC and Peter Wong, MD filed an involuntary petition against IJKG OPCO. Thereafter, on November 6, 2024, the Court entered an Order for relief with respect to IJKG OPCO [D.I. 9] (collectively, CarePoint, IJKG OPCO and all above-captioned affiliated debtors are referred herein as "Debtors").

5. The Debtors and HPAE are parties to Collective Bargaining Agreements ("CBA's") for Christ Hospital and Bayonne Hospital.

6. The Debtors filed a Seventh Amended Combined Disclosure Statement and Chapter 11 Plan of Reorganization as modified as of April 15, 2025 (Docket 1154) ("the Plan").

7. The Court held hearings on Confirmation of the Plan on March 12, 2025 through March 14, 2025, and on April 10, 2025 ("Confirmation Hearing").

8. HPAE filed an objection to Confirmation [D.I. 868] as did other Unions which objections were resolved and said resolution was placed on the record (hereinafter "Union Settlement") at the Confirmation Hearing. The Union Settlement was incorporated into the Confirmation Order.

9. On April 17, 2025, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Seventh Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization as modified as of April 15, 2025* [D.I. 1168] (the "Confirmation Order").

10. The Union Settlement is memorialized in Paragraph 78 of the Confirmation Order and Exhibit B to the Confirmation Order which contains the Union Term Sheet. (Exhibit B will be referenced herein as "Union Term Sheet").

11. On May 22, 2025 (the "Effective Date") the Plan went into effect [D.I. 1285].

12. Post-Confirmation, the Debtors still own and operates Christ Hospital and Hoboken University Medical Center, but Hudson Health System MSO, LLC ("HHS") and/or HRH and Hudson regional Hospital manages the two hospitals on behalf of CarePoint. Post-confirmation Bayonne Hospital is owned and managed by HRH. Collectively, the Debtors, CarePoint, HRH, Hudson Regional Hospital and HHS will be referred herein as "Hospital Operators".

13. The Third-Party Administrator ("TPA") of the 401(k) Plan for the Hospital Operators is Corebridge Financial.

14. On October 27, 2025, HPAE filed a motion to enforce the Confirmation Order and compelling the Hospital Operators as employers to make the payment for the 2023 and 2024 401k contributions [D.I. 1573] (hereinafter "401k Administrative Claim Motion").

15. On January 20, 2026, the Court held a hearing on the 401k Administrative Claim Motion and thereafter entered an order approving a stipulation by and among the Debtors, HRH, Hudson Regional Hospitals and the respective Unions—who were parties to the Union Term Sheet—with respect to the 2023 and 2024 Employer 401k contributions [D.I. 1711] (hereinafter "401k Administrative Order"), a copy of which is annexed hereto as **Exhibit A**.

16. The Hospital Operators complied with this Court's 401k Administrative Order as to the 2023 401k Employer contributions. However, the Hospital Operators have not complied with the 401k Administrative Order **in any respect** as to the 2024 Employer 401k contributions.

The Hospital Operators did not escrow the monies, nor have they made the Payment to the TPA for the 2024 Employer contributions as required by the 401k Administrative Order.

17. Given the Hospital Operators clearly have not complied with the 401k Administrative Order as to 2024 Employer 401k contributions, HPAE now comes before the Court seeking to enforce this Court's 401k Administrative Order.

**RELIEF REQUESTED**

18. By way of the Motion, HPAE seeks entry of the Proposed Order, attached hereto as **Exhibit B**, (1) enforcing this Court's 401k Administrative Order; (2) compelling the Hospital Operators to immediately comply with the 401k Administrative Order and immediately make the 2024 Employer 401(k) Contribution payments as required by the 401k Administrative Order; (3) holding the Hospital Operators in contempt of this Court's 401k Administrative Order for failure to make the required 2024 Employer 401(k) Contribution payments; and (4) granting such other relief as this Court deems just and necessary.

**BASIS FOR RELIEF**

19. Under Bankruptcy Code Sections 1142 and 105, this Court has jurisdiction to enforce its 401k Administrative Order and compel the Hospital Operators to comply with the Order and to make the payment. *See also In re Shenango Group, Inc.*, 501 F.3d 338 (3r Cir. 2007); *In re Sportsman's Warehouse, Inc*., 457 B.R. 372 (Bank D. Del 2011); *In re General Media Inc.*, 335 B.R. 66 (Bankr. S.D.N.Y 2005). Pursuant to Paragraph 4 of the 401k Administrative Order (D.I. 1711), "[t]his Court shall retain jurisdiction to resolve, hear and determine all disputes or matters arising from or related to the implementation or interpretation of this Stipulation and Order." It is clear per the 401k Administrative Order this Court has jurisdiction.

20. A bankruptcy court has subject-matter jurisdiction post-confirmation if the asserted claims bear a close nexus to the confirmed Plan, such as a matter impacting the interpretation, implementation, consummation, execution, or administration of the confirmed Plan. *In re Green Field Energy Servs., Inc.*, 554 B.R. 315, 319-20 (Bankr. D. Del. 2016) (citing *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 167 (3d Cir. 2004)). This "close nexus" analysis applies regardless of whether the action is based on facts occurring before or after confirmation. *Id*. Clearly, this Court has jurisdiction to enforce its 401k Administrative Order.

21. The Hospital Operators have failed to comply with the 401k Administrative Order in all respects as to the 2024 Employer 401k contributions. The 2024 401k Escrow payments were not made. The 2024 Employer 401k contribution has not been paid to the TPA.

22. Prior to filing of this Motion, HPAE attempted by and through counsel to have the Hospital Operators comply with 401k Administrative Order and immediately make the overdue 2024 Employer contribution to the TPA, the efforts of which were unsuccessful.

23. This Court should compel the Hospital Operators to immediately comply and make the 2024 Employer Contribution to the TPA. Pursuant to the Union Settlement, HRH guaranteed the obligations and should pay and perform as Guarantor. Further, this Court should enforce its 401k Administrative Order and hold the Hospital Operators in Contempt of this Court's Order. As a result of the hospital operators being in contempt of this Courts Order, counsel fees should be awarded to the Movant for the need to file the within Motion and additional appropriate sanctions for failure to comply with this Court's Order.

24. Based on the foregoing, HPAE is entitled to the relief requested and this Court should enter the proposed form of order submitted herewith.

**CONCLUSION**

WHEREFORE, for the reasons described herein, HPAE respectfully requests the entry of the Proposed Order (1) Enforcing this Court's 401K Administrative Order, (2) compelling the Hospital Operators to immediately make payment of the 2024 Employer 401k contribution to the TPA, (3) holding the Hospital Operators in Contempt of this Court's Order, and (4) granting such other and further relief as this Court deems just and Equitable.

Dated: October 12, 2026

**THE ROSNER LAW GROUP LLC**

*<u>/s/ Frederick B. Rosner</u>*
Frederick B. Rosner, Esq., (DE 3995)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: 302.777.1111
rosner@teamrosner.com
-and-

**LAW OFFICES OF MITCHELL J. MALZBERG, LLC**
Mitchell Malzberg, Esquire
P. O. Box 5122
6 E. Main Street, Suite 7
Clinton, NJ 08809
Telephone: 908.323.2958
Facsimile: 908.933.0808
mmalzberg@mjmalzberglaw.com
*Co-Counsel to Health Professionals and Allied Employees, AFT/AFL-CIO*