# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** **CarePoint Health Systems Inc. d/b/a Just Health Foundation, et al.,**[2] **Debtors.** | **Chapter 11** **Case No. 24-12534 (JKS)** **(Jointly Administered)** |

**ORDER APPROVING STIPULATION BY AND AMONG HEALTH PROFESSIONALS AND ALLIED EMPLOYEES, AFT/AFL-CIO, DISTRICT 1199J NUHHCE, AFSCME/AFL-CIO, JNESO, DISTRICT COUNCIL 1 IUOE AFL-CIO AND THE REORGANIZED DEBTORS RESOLVING MOTIONS, AND JOINDER THERETO, TO COMPEL THE DEBTORS, HUDSON SYSTEM MSO, LLC AND HUDSON REGIONAL HOSPITALS, LLC TO COMPLY WITH THE PLAN CONFIRMATION ORDER AND COMPELLING DEBTORS, HRH AND HHS TO MAKE PAYMENT OF THE 2023 EMPLOYER 401(k) CONTRIBUTIONS AS PER THE UNION TERM SHEET**

Upon consideration of the *Stipulation by and among Health Professionals and Allied Employees, AFT/AFL-CIO, District 1199J NUHHCE, AFSCME/AFL-CIO, JNESO, District Council 1 IUOE AFL-CIO, Hudson System MSO, LLC and Hudson Regional Hospitals, LLC and the Reorganized Debtors Resolving Motions, and Joinder Thereto, to Compel the Debtors, Hudson System MSO, LLC and Hudson Regional Hospitals, LLC to Comply with the Plan Confirmation Order and Compelling Debtors, HRH and HHS to Make Payment of the 2023 Employer 401(k)*

[2] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593); (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, NJ 07030.

*Contributions as Per the Union Term Sheet*, a copy of which is attached hereto as **Exhibit 1** (the "Stipulation"), by and among the above-captioned debtors (collectively, the "Debtors") and District 1199J NUHHCE, AFSCME/AFL-CIO ("1199J," and together with the Debtors, the "Parties"), and the Court having determined that the Stipulation is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Stipulation was adequate and appropriate under the particular circumstances; and the Court having reviewed the Stipulation; and after due deliberation, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is hereby APPROVED in its entirety as if set forth fully in this Order.

2. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Stipulation.

3. The terms and provisions of the Stipulation shall take effect and be enforceable immediately upon entry of this Order.

4. This Court shall retain jurisdiction to resolve, hear and determine all disputes or matters arising from or related to the implementation or interpretation of this Stipulation and Order.

**Dated: February 5th, 2026**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**



#125439701v1

**EXHIBIT 1**

[Stipulation]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CAREPOINT HEALTH SYSTEMS INC.<br>d/b/a JUST HEALTH FOUNDATION, *et al*.[3]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-12534 (JKS)<br><br>(Joint Administration)<br><br>**Re: D.I.** 1710 |

**STIPULATION BY AND AMONG HEALTH PROFESSIONALS AND ALLIED EMPLOYEES, AFT/AFL-CIO, DISTRICT 1199J NUHHCE, AFSCME/AFL-CIO, JNESO, DISTRICT COUNCIL 1 IUOE AFL-CIO AND THE REORGANIZED DEBTORS RESOLVING MOTIONS, AND JOINDER THERETO, TO COMPEL THE DEBTORS, HUDSON SYSTEM MSO, LLC AND HUDSON REGIONAL HOSPITALS, LLC TO COMPLY WITH THE PLAN CONFIRMATION ORDER AND COMPELLING DEBTORS, HRH AND HHS TO MAKE PAYMENT OF THE 2023 EMPLOYER 401(k) CONTRIBUTIONS AS PER THE UNION TERM SHEET**

This stipulation (this "Stipulation") is made and entered into by and among (i) CarePoint Health Systems Inc. d/b/a Just Health Foundation and its affiliated reorganized debtors (collectively, the "Debtors"); (ii) HRH as guarantors and as owners of Bayonne Medical Center; (iii) HRH and HHS as guarantors and managers of the other debtor hospitals; (iv) Health Professionals and Allied Employees, AFT/AFL-CIO ("HPAE"); (v) District 1199J NUHHCE, AFSCME/AFL-CIO ("1199J"); and (vi) JNESO, District Council, 1 IUOE AFL/CIO ("JNESO" and, together with HPAE and 1199J, the "Unions" and, together with HPAE, 1199J, HRH, HHS and the Debtors, the "Parties"), by and through their respective undersigned counsel. The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, the Debtors and the Unions are parties to certain prepetition collective bargaining agreements regarding the Debtors' employment of union employees (collectively, the "Contracts");

**WHEREAS**, the Contracts were assumed by the Debtors pursuant to the Union Term Sheet, memorialized in Paragraph 78 of the Order Confirming the Seventh Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization, as Modified (the "Confirmation Order") [D.I. 1168];

**WHEREA**S, HRH guaranteed the Debtors' obligations under the Union Terms Sheet;

**WHEREAS**, on October 25, 2025, HPAE filed its Motion to Compel the Debtors, Hudson System MSO, LLC and Hudson Regional Hospitals, LLC to Comply with the Plan Confirmation Order and Compelling Debtors, HRH and HHS to Make Payment of the 2023 Employer 401(k) Contributions as per the Union Term Sheet (the "HPAE Motion to Compel") [D.I. 1573];

**WHEREAS**, on December 1, 2025, 1199J filed a Motion to Compel substantially the same as the HPAE Motion to Compel [D.I. 1616] (the "I199J Motion to Compel," and, together with the HPAE Motion to Compel, the "Motions to Compel");

**WHEREAS**, the Motions to Compel further requested that the Bankruptcy Court order the Debtors, HRH and HHS to make payment of the 2024 Employer 401(k) Contributions that had become due to be paid in November 2025, subsequent to the date of the Union Term Sheet;

**WHEREAS**, on November 17, 2025, the Debtors filed opposition to the HPAE Motion to Compel [D.I. 1601];

**WHEREAS**, on December 15, 2025, the Debtors filed opposition to the 1199J Motion to Compel [D.I.1646];

**WHEREAS**, on December 15, 2025, JNESO filed a joinder to the Motions to Compel [D.I. 1647];

**WHEREAS**, the Parties wish to resolve the Unions' Motions to Compel and Debtors' objections thereto on the terms set forth herein.

**STIPULATION**

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:**

1. On or before January 31, 2026, the Debtors escrowed with Mandelbaum Barrett, P.C. the monthly payment amounts the Debtors estimated are due through January 2026 under the Union Term Sheet for the 2023 Employer 401(k) contributions and shall provide proof thereof to counsel for the Unions. The Debtors' calculation of the estimated total 2023 employer contribution has been provided to the Unions in the form of spreadsheets, which the Unions are reviewing.

2. The Debtors shall furnish to the Unions the backup and clarification as to the spreadsheet calculation, including the key to the data fields and all necessary source documents used to arrive at the spreadsheet calculations on or before February 10, 2026 so the Unions can review the calculations for accuracy. The Unions reserve their rights to contest the accuracy for not only each member but the total calculation of the estimated 2023 401k Employer Contributions. . Consistent with ERISA, the Unions review will not constitute approval, and any errors identified now or in the future must be corrected.

3. The Debtors shall place into escrow on or before February 20, 2026 with Mandelbaum Barrett, P.C. the final payment required through the Union Term Sheet for the 2023 Employer 401(k) contributions, and Mandelbaum Barrett, P.C. shall promptly cause same to be remitted to the Debtors Third Party Administrator, Corebridge Financial (hereinafter "TPA"), the 2023 Employer 401(k) contribution and shall provide proof of transmittal of that payment to counsel for each of the Unions. The transmittal letter shall also request the TPA to perform the calculation for the lost earnings as required by ERISA.

4. The Debtors, through their 401(k) TPA shall perform the annual calculations and reconciliation of the 2023 Employer 401(k) contributions including the associated lost earnings

calculation, no later than February 27 2026. The TPA shall provide the Debtors and the Unions with written notice of the completion of these calculations, together with all back-up data supporting the calculation, within three (3) business days of completion. The Debtors shall, within (10) ten days of receiving the lost earnings calculation from the TPA, make payment of the full 2023 Employer 401(k) matching contributions and lost earnings for the 2023 Employer 401(k) Matching Contribution. Proof of Payment shall be furnished to the Unions within 5 days

5. On or before March 1, 2026 the Debtors shall furnish to each Union the Debtors' estimated calculations that are due for the employer 2024 401(k) contributions. The Debtors shall simultaneously furnish to each of the Unions the backup and clarification as to the spreadsheet calculation, including the key to the data fields and all necessary source documents used to arrive at the spreadsheet calculations, so the Unions can review same for accuracy. The Unions reserve their rights to contest the accuracy for not only each member but the total calculation of the estimated 2024 401k Employer Contributions. Consistent with ERISA, the Unions review will not constitute approval, and any errors identified now or in the future must be corrected.

6. Beginning in March 20, 2026 and continuing on the 20th day of each month through August 2026, the Debtors shall escrow, in equal monthly amounts and provide proof thereof of each monthly escrow to counsel for each of the Unions, the estimated 2024 Employer 401(k) monthly contributions with Mandelbaum Barrett, P.C. (with which it escrowed the amounts for the 2023 Employer 401(k) contributions).

7. Upon Receipt by Mandelbaum Barrett, P.C. of the final estimated payment required for the 2024 Employer 401k contribution on August 20, 2026, Mandelbaum Barrett, P.C. shall, on or before August 31, 2026, cause to be remitted to the Debtors' TPA, the 2024 Employer 401(k) contribution and provide proof of transmittal of the payment to counsel for each of the Unions.

The transmittal letter shall also request the TPA to perform the calculation for the lost earnings as required by ERISA for 2024.

8. The Debtors, through their 401(k) TPA , shall perform the annual calculations and reconciliation of the 2024 Employer 401(k) contributions including the associated lost earnings calculation, no later than August 14 2026. The TPA shall provide the Debtors and the Unions with written notice of the completion of these calculations, together with all back-up data supporting the calculations, within (3) business days of completion. The Debtors shall, within fourteen (14) days of receiving the lost earning calculation from the TPA, make payment of the full 2024 Employer 401(k) matching contributions and lost earning calculation required for the 2024 Employer 401(k) Matching Contribution. Proof of payment shall be furnished to the Unions within five (5) days of payment.

9. The Unions retain all rights to assert administrative expense claims related to the Union Contracts to the extent that the Debtors fail to comply with the terms of this Stipulation, including but not limited to the accuracy of the calculation of the 2023 and 2024 401(k) employer contributions.

10. The Debtors reserve all rights to oppose administrative expense claims related to the Union Contracts.

11. Notwithstanding the foregoing, nothing in this Stipulation waives, releases, or affects in any way any claims asserted in these Chapter 11 cases by the Unions, or any objection thereto filed by the Debtors.

12. The terms of this Stipulation shall be binding on the Parties and their respective successors and assigns.

13. Each individual signing this Stipulation on behalf of any Party acknowledges and, with respect to their own signature below, warrants and represents that they are authorized to execute this Stipulation in the representative capacity indicated below and on behalf of the Party there indicated.

14. The Parties each acknowledge that they have had the opportunity to seek advice of their own counsel in negotiating, drafting, and executing this Stipulation. Each Party expressly disclaims any reliance on any statements or representations not expressly made in this Stipulation in deciding whether to enter this Stipulation and warrants that such Party will not assert that it was fraudulently induced into entering this Stipulation by any Party or non-party.

15. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and may not be modified other than by a writing executed by the Parties or by Order of the Bankruptcy Court.

16. This Stipulation is subject to Bankruptcy Court approval and shall be effective upon the Bankruptcy Court's entry of an order approving the Stipulation.

17. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the construction, performance, enforcement or implementation of the terms of this Stipulation, including sanctions requested by any party to the extent another party fails to comply with the terms of this Stipulation.

18. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. An electronic signature, or a signature transmitted by facsimile or electronic means, shall be deemed an original signature for purposes of this Stipulation.

[SIGNATURES BEGIN ON THE FOLLOWING PAGE]

**AGREED:**
Dated: FEBRUARY 5, 2026

By: /s/ Frederick B. Rosner
Frederick B. Rosner, Esq. (DE #3995)
824 N. Market Street, Suite 810
Wilmington, DE 19801
(302) 777-1111 – Phone
rosner@teamrosner.com
-and-
By: /s/ Mitchell Malzberg
Mitchell Malzberg, Esq.
*(admitted pro hac vice)*
Law Offices of Mitchell J. Malzberg, Esq.
P.O. Box 5122
6 E. Main Street, Suite 7
Clinton, New Jersey 08809
(908) 323-2958 – Phone
(908) 933-0808 – Facsimile
mmalzberg@mjmalzberglaw.com
*Counsel to Health Professionals and Allied Employees, AFT/AFL-CIO & District 1199J NUHHCE, AFSCME/AFL-CIO*

By: /s/ Thaddeus J. Weaver
DILWORTH PAXSON LLP
Thaddeus J. Weaver, Esq. (DE #7290)
800 King Street – Suite 202
Wilmington, DE 19801
Email: tweaver@dilworthlaw.com

-and-

DILWORTH PAXSON LLP
Lawrence C. McMichael, Esq.
Anne M. Aaronson, Esq.
Jack Small, Esq.
1650 Market St., Suite 1200
Philadelphia, PA 19103
Email: lmcmichael@dilworthlaw.com; aaaronson@dilworthlaw.com; jsmall@dilworthlaw.com

*Counsel to the Debtors*

By: /s/ Ericka F. Johnson
Bayard, P.A.
Ericka F. Johnson (DE Bar No. 5024)
Ashly L. Riches (DE Bar No. 7256)
600 North King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Email: ejohnson@bayardlaw.com
ariches@bayardlaw.com

By: /s/ Scott D. Cousins
Scott D. Cousins (DE Bar No. 3079)
LEWIS BRISBOIS BISGAARD & SMITH LLP
500 Delaware Ave., Ste. 700
Wilmington, DE 19801
Phone: (302) 985-6000
Email: scott.cousins@lewisbrisbois.com
-and-
MANDELBAUM BARRETT PC
Vincent J. Roldan (Admitted Pro Hac Vice)
3 Becker Farm Road, Suite 105
Roseland, NJ 07068
Phone: (973) 974-9815
Email: vroldan@mblawfirm.com

*Counsel to Hudson Regional Hospitals and HHS*

-and-

**RIKER DANZIG LLP**
Joseph L. Schwartz
(admitted *pro hac vice*)
7 Giralda Farms, Suite 250
Madison, New Jersey 07940-1051
Telephone: (973) 538-0800
Email: jschwartz@riker.com

*Counsel to JNESO, District Council 1*
*IUOE AFL CIO*