# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CAREPOINT HEALTH SYSTEMS INC. d/b/a JUST HEALTH FOUNDATION, *et al.*[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-12534 (JKS)<br><br>(Joint Administration)<br><br>**Re: D.I. 1711 & __** |

**ORDER GRANTING MOTION OF HEALTH PROFESSIONALS AND ALLIED EMPLOYEES, AFT/AFL-CIO (I) ENFORCING THIS COURT'S ADMINISTRATIVE ORDER COMPELLING THE DEBTORS, HRH AND MANAGERS TO MAKE THE 2024 EMPLOYER 401K CONTRIBUTIONS; (II) COMPELLING THE DEBTORS, HRH, THE MANAGERS OF BAYONNE HOSPITAL AND CHRIST HOSPITAL TO IMMEDIATELY MAKE THE ADMINISTRATIVE PAYMENT OF THE 2024 401K CONTRIBUTION PURSUANT TO 11 U.S.C. §§ 1142 AND 105 AND 28 U.S.C. §§ 157 AND 1334 (III) HOLDING THE DEBTORS, HRH AND HOSPITAL MANAGERS IN CONTEMPT OF THIS COURT'S ORDER; AND (IV) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND NECESSARY**

Upon consideration of the motion [D.I. __] (the "Motion") of Health Professionals and Allied Employees, AFT/AFL-CIO ("HPAE" or "Movant") pursuant to 11 U.S.C. §§ 1142 and 105 and 28 U.S.C. §§ 157 and 1334, and this Court having found that due and proper notice of the Motion has been given and no other or further notice of the Motion is required; and this Court having found that it has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 1334 and 157, the Amended Standing Order of Reference from the United States District Court for the

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are (i) Bayonne Intermediate Holdco, LLC (7716); (ii) Benego CarePoint, LLC (2199); (iii) Briar Hill CarePoint, LLC (iv) CarePoint Health Management Associates Intermediate Holdco, LLC (none); (v) CarePoint Health Management Associates, LLC d/b/a CarePoint Health (3478); (vi) CarePoint Health Systems, Inc. d/b/a Just Health Foundation (6996); (vii) CH Hudson Holdco, LLC (3376); (viii) Christ Intermediate Holdco, LLC (3376); (ix) Evergreen Community Assets (1726); (x) Garden State Healthcare Associates, LLC (4414); (xi) Hoboken Intermediate Holdco, LLC (2105); (xii) Hudson Hospital Holdco, LLC (3869); (xiii) Hudson Hospital Opco, LLC d/b/a CarePoint Health-Christ Hospital (0608); (xiv) HUMC Holdco, LLC (3488); (xv) HUMCO Opco, LLC d/b/a CarePoint Health-Hoboken University Medical Center (7328); (xvi) IJKG, LLC (7430); (xvii) Just Health MSO, LLC (1593): (xviii) New Jersey Medical and Health Associates d/b/a CarePoint Health Medical Group (0232); (xix) Quality Care Associates, LLC (4710); (xx) Sequoia BMC Holdco, LLC (9812); (xxi) IJKG Opco, LLC d/b/a CarePoint Health-Bayonne Medical Center (2063). The address for CarePoint Health Systems Inc. is 308 Willow Avenue, Hoboken, New Jersey 07030.

District of Delaware, dated as of February 29, 2012, and this Court's *Findings of Fact, Conclusions of Law, and Order Confirming the Seventh Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization as modified as of April 15, 2025* [D.I. 1168]; and the Court having found that this Court's consideration of the Motion and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b) and that venue of this proceeding and the motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that it may enter a final Order consistent with Article III of the Constitution; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The motion is GRANTED as set forth herein.

2. The Court hereby compels the Hospital Operators[2] to comply with the 401k Administrative Order [D.I. 1711].

3. The Hospital Operators shall, within three (3) days of entry of this Order, make full and immediate payment of all 2024 Employer 401(k) Contributions to HPAE in accordance with 401k Administrative Order.

4. The Hospital Operators are hereby held in contempt of this Court's 401k Administrative Order entered on February 5, 2026.

5. HPAE shall, within ten (10) days from the entry of this Order, by way of certification of counsel, submit a bill for all such costs and expenses, including attorneys' fees, court costs, and noticing costs, incurred by HPAE in connection with this matter, including, without limitation, with respect to preparing, prosecuting, or filing this Motion, as well as all

[2] Undefined capitalized terms shall have the meaning ascribed to them in the Motion

related noticing and court costs and serve a copy of such certification of counsel on the Hospital Operators, along with wiring instructions.

6. In the event that the Hospital Operators fail to comply with the terms of this Order, then the Hospital Operators shall be subject to further appropriate sanctions as determined by this Court at a later hearing to be determined. Counsel for HPAE shall notify Chambers if the payments are not made and a hearing for further contempt and sanctions will be scheduled.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. HPAE is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.